UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

OFFICE
U.S. DISTRICT COURT

WRIT OF HABEAS CORPUS
28 U.S.C.A.2254 and 55

U.S. DISTRICT COURT
DISTRICT OF MASS

EDWARD TAVARES JR
(PETITIONER)

V.

COMMONWEALTH et al
(DEFENDANT)

# 04-40059 -NMG

PETITIONER'S WRIT OF HABEAS
CORPUS,PURSUANT TO 28 U.S.C.A.2254
UNLAWFUL RESTRAINT;28 U.S.C.A.2255

Now comes the pro-se petitioner Edward Tavares Jr.
in the above entitled matter,and respectfully applies,pursuant to
28 U.S.C.A.‖ 2254,and request for Writ of Habeas Corpus to release
him from unlawful restraint/or/confinement;And further request
that his life sentence be vacated,pursuant to 28 U.S.C.A.‖ 2255:

## I.  INTRODUCTION

Petitioner Edward Tavares Jr.asserts two principal

arguments in support of his petition for Writ of Habeas Corpus.

[F]irst;Petitioner maintains that he was denied effective assistance

of counsel ,by his trial appointed counsel. The defense court appinted

attorney broken his promise to the trial jury when he failed to

call an alibi witnesses whom he had assured he would produce in

his opening statement; [S]econdly;defense court appointed attorney

failed to exclude testimony regarding the conclusions of the rape

kit testing and improperly stressed the conclusions during cross-

examination;  [T]hirdly; defense court appointed attorney  failed

ALL EXHIBIT'S CITED HERE IN THIS 28 U.S.C.A.2254-2255,ARE TE./PAGES
ARE "DOUBLE SIDED.

FILING FEE PAID
RECEIPT # 404302
AMOUNT $
BY DPTY CLK
DATE  4-26-04

( 3 )

recusal test. As a result,Mr.Tavares petitioner contends that he
was not tried by a free and impartial judge,thus his conviction be
reversed. Writ of Habeas Corpus be granted,28 U.S.C.A.} 2254-2255:

## II.STATEMENT OF THE CASE

On June 27/1983,a Grand Jury returned two indictments
against Mr.Tavares Petitioner,charging him with assault and
battery and assault with intent to murder.(TE 1-6)[1].Several
months later,on November 15/1983,the petitioner defaulted at trial:
then, less than two weeks later,the same grand jury returned an
indictment against Mr. Tavares petitioner ,charging him was rape
which was alleged to have occurred on the same night with the
same complaining witness as the previous indictment(TE 7-9).

Trial commenced on March 25/1987,before Sheehan J(TE 16).
During trial judge denied a number of the petitioners motions;Motion
for dismissal of the indictment,Motion for a required finding of
not guilty,and Motion for reconsideration of the petitioner's motion
to dismiss.(TE 14-17).

On March 31/1987,the jury returned a verdict of guilty
for assault with intent to kill,rape and assault and battery.
(TE 17,28,41).Mr.Tavares petitioner was sentence to life for the
rape charge,and not more than ten nor less than eight years at
M.C.I.Cedar Junction for the assault with intent to kill charge,

---

[1] The defendant-petitioner record exhibits will be indicated (TE.
Trial Transcripts will be indicated by.(Tr.)The Motion for a New
Trial will be indicated by (MNT)

(4)

which was to be served concurrently with the life sentence.
Further ,the assault and battery conviction was place on
filed .(TE 17,28,41).

A timely notice of appeal was filed on March 31/1987.
(TE 17,28,41). The Appeal Court affirmed the lower court's decision
on August 1/1989.(COMMONWEALTH V.TAVARES ,27 Mass.App.Ct.637
(1989).

Mr.Tavares petitioner filed a motion for a new trial
pro-se in March 1990.Then on March 18/1991,Court appointed,C.P.C.S.
in which appointed Raymond O'Hara filed his notice of appearance
for the defendant-petitioner.(TE 30,43).On November 12/1991,a
Motion for a New Trial was filed.(TE 17,20,43).Ahearing was held
before the trial judge Sheehan J,.On September 14/1992,and the
Commonwealth opposed this motiom September 17/1992,and the defendant
petitioner replied to the opposition on September 28/1992(TE 17,
30,43).

The Motion for new trial was denied on December 21/1992.
(TE 17,30,43). A timely notice of appeal of the denial of the
motion for new trial was filed.(TE 54).

On May 11,2001,the petitioner by and through counsel
appointed by C.P.C.S.Jennifer Appleyard,filed petitioner appeals
brief before the appeals court.On January 15/2003,the Appeals Court
heard oral argument. Then ,on February 27/2003,the Appeals Court
issued an opinion affirming the convictions.COMMONWEALTH V.EDWARD
TAVARES JR.,Memorandum and order Pursuant to Rule 1;28(February
27/2003,(hereto attached).(TE/57-66).

(5)

On March 18/2003 petitioner filed application for further appellate review,of his Mass.Appeal Court decision affirming his conviction order on February 27/2003 Attached hereto.

On April 30/2003 petitioner attorney and petitioner was sent denial(FAR) Application denied,(TE .67     ) Further Appellate Review. DOCKET NO.FAR-13310.

## STATEMENT OF FACTS

### Introduction

On June 27/1983,a Grand Jury returned indictments against Mr.Tavares Petitioner for assault and battery and assault with intent to murder. (MNT 1). On November 15/1983,Mr.Tavares defaulted at trial,then thirteen days later,the same Grand Jury reconvened and returned another indictment charging Mr,Tavares with rape. (MNT  1). (TE./68-81).

Prior to trial,defense counsel failed to file a number of motions which would have protected his client's Constitutional rights.[2/] As a result,trial counsel's inattention substantially prejudice Mr.Tavares Petitioner.

In March 1987,at a jury trial Commonwealth alleged that on May 25/1983,Daine Aubuchon(formerly Daine Macedo)(hereinafter referred to as "Ms.Aubchon"),was severely beaten and raped by Edward Tavares Jr.petitioner (Tr.Volume 2/42-51).

---

[2] Specifically ;a motion requesting an independent examination of the victim's clothing ,a motion to inspect the forensic samples,a motion to suppress any and all testimony regarding the testing and/ or conclusions regarding the lost samples,and a motion to suppress the findings with regard to the sperm sample.Defense counsel's failure to request any deoxyribonucleic acid(hereinafter referred to as"D.N.A.")testing is evidenced by his failure to file a motion for funds to retain a D.N.A.or forensic expert.(TE 1-53).

(6)

**FACTS PRESENTED AT TRIAL**

      The Commonwealth's essential witness ,Ms.Aubuchon,the alleged victim,testified on May 25/1983,she had made plans to dine with Edward Tavares Jr.(Tr. Vol.3/12). That evening ,Mr. Tavares petitioner arrived at her apartment and informed her that he would be unable to keep the date because he had to work. (Tr. Vol.3/14).As an alternative,Ms.Aubuchon asked him for a ride to Captain J'S(a local tavern where she worked): Mr.Tavares agreed, then the two of them sat at the bar at Captain J's and had several cocktails.(Tr.Vol.3/15-17, Vol.4/17).After a few drinks ,Mr.Tavares informed her he was unable to go back to work,so they proceeded to a cafe for dinner where M/s.Aubuchon drank several Bacardi and cokes and had two shots of spearmint schnapps.(Tr.Vol.3/15-17, Vol.4/17).

      At this point,they decided to go to a dance club,Mr. Tavares petitioner took M/s.Aubuchon to his brother's apartment while he showered and changed;during this time,M/s.Aubuchon consumed a beer.(Tr.Vol.3/20-22,Vol.4/24).When they arrived at the dance club,it was very crowded,and after a bit ,they returned to Captain J's for another drink between 11;00 and 11;30 p.m.(Tr.Vol.2/58,71; Vol 3/25;Vol.4/35).According to the manager of Captain J's,they both seemed very drunk when they left the bar.(Tr.VOl.2/58)..M/S.Aubuchon confirmed this by her testimony which indicated that she was definitely"feeling the drinks".(Tr.Vol.4/70).

      After leaving Captain J's,M/s.Aubuchon testified that Mr.Tavares Petitioner drove her,during the drive she asked where they were;at that point,she alleged he began to hit her.(Tr.Vol.3/28). Then ,she alleged he began to choke her;she stated that she could

(7)

neither understand what he said to her,nor did she have any idea
how long this occurred.(Tr.4/45-46).M/s.Aubuchon provided testimony
which indicated that after this recollection,the next thing she
remembered was waking up outside near a swamp.(Tr.Vol.3/30). She
recalled seeing a truck driving down the road,and getting herself
to the road,but had no memory of getting into the truck.(Tr.Vol.
3/30-31,Vol.4/55).

        Next ,M/s.Aubuchon testified that she remembered
voices,but was unable to remember the words or any conversations;
additionally,she could not recall being transported to the
hospital.(Tr.Vol.3/33). Finally ,she testified that she did not
know whether she had been raped,because she had blacked out and
had no memory,(Tr.Vol.4/58,59 67).

        Aside from the alleged victim's testimony,the Commonwealth
presented testimony from several police officers who were involved
in this matter,the bartender and manager at Captain J's,the truck
who found M/S.Aubuchon ,and two doctors who examined M/S.Aubuchon
(Tr.Vol.2/33,69,85,103,113;Vol.3/41,61). During the testimony of
Dr.Barbeiri,the gynecologist who examined M/s, Aubuchon at
Massachusetts Eye and Ear,he explained that he obtained evidence
for a rape kit.(Tr.Vol.3/66). He provided detailed testimony
that he combed out small pieces of dirt from her pubic hair,
collected hairs for future analysis,inspected her vulva which
appeared normal,found items as a twig and small pieces of stone
and dirt.then obtained samples for acid phosphatase analysis
(semen measurement). (Tr.Vol.3/66-67). He stated that he placed
the samples in a box and signed it to the Massachusetts Eye and

(8)

Ear security; in addition,he sent samples to the pathology lab at
Massachusetts General Hospital. (Tr.Vol.3/68,77). Then without
any objection from defense counsel ,Dr.Barbeiri testified that the
testing results indicated semen was present.(Tr.Vol.3/69). Defense
counsel reemphasized this during cross-examination,when he stressed
the hearsay conclusion of the test by asking,"[a]nd you sent it
out to some labs,and it came back that there was sperm present?"
(Tr.Vol.3/76).

After Dr.Barbeiri's testimony ,the prosecution informed
the court that the next witness would be the police officer who
took the rape kit from Massachusetts General Hospital to the police
lab and perhaps a chemist;at this time ,after allowing the conclus-
ions of the forensic testing during Dr.Barbeiri's testimony,defense
counsel objected to any testimony regarding the issue of the rape
kit,arguing it was inadmissible because it was lost.(Tr.Vol.3/82-83).
However,it is important to note that the defense attorney never
filed any motions in regard to the lost evidence,sought any sanct-
ions against the Commonwealth,or objected to the doctor's testimony
which was based upon potentially exculpatory evidence which had
been lost. The Court refused to allow into evidence testimony
regarding the rape kit .(Tr.Vol.3/82-83;Vol,4/130).

Judge Sheehan was aware of the prejudice involved in
the situation when he stated to the attorneys,"[G]entlemen,there
is no question that this jury at this point is going to be satisified
there is sperm in this girl's vagina,whether it was there for a
week or for an hour."(Tr.Vol.3/83). In addition ,the defense counsel
agreed to this,as evidenced by his statement,"you're right,Judge."

(9)

(Tr.Vol.3/38). The defense counsel failed to exclude the testimony and conclusions regarding the lost samples,failed to seek any sanctions against the Commonwealth for the lost evidence,and failed to present evidence to the jury that the misplacement of this evidence substantially prejudice Mr.Tavares petitioner.

The defendant-petitioner's case consisted of two witnesses During the trial ,the defense attorney claimed he was unable to locate the witnesses earlier in the case.(Tr.Vol.3/84). As a result the court issued bench warrants for both witnesses,both appeared the next day.(Tr.Vol.4/155,161). Mr.Jeffrey ,an Emergency Medical Technician,was the first witness;he testified that he heard M/s. Aubuchon and Mr.Ashworth,the other Emergency Medical Technician, speaking in the back of the ambulance but was unable to understand the conversation.(Tr.Vol.4/155,160). Mr.Ashworth,the final defense witness,testified that M/s.Aubuchon informed him that she had been hitchhiking home,when an unidentified male picked her up and drove her somewhere.(Tr.Vol.4/166-167). He further testified that she informed him that the individual kept hitting her and she was raped.(Tr.Vol.4/168). Mr.Ashworth informed the police of her statement,when she was admitted to St.Luke's hospital; he testified that the police never followed up on this issue.(Tr.Vol.4/171). Mr.Ashworth's testimony concluded the defense's case.

The defense attorney failed to call any alibi witnesses which he had promised to do in the opening statement.[3/] Finally, the prosecution emphasized the defense counsel's failure to call any of these witnesses when he informed the jury in closing argument that the defense counsel,"Told you in his opening that he was going

(10)

to produce witnesses to tell you where the defendant-petitioner was

when the incident.. happened.......he presented no evidence,no

person that he could find after four years to tell you where he

was if he wasn't with her......"(Tr.Vol.5/77-78). After closing

arguments and jury instructions,the jury deliberated and returned

verdicts of guilty on all counts.

**MOTION FOR A NEW TRIAL:**

On November 12/1991,a motion for a new trial was filed by

Mr.Tavares petitioner'new attorney.(MNT TE 17,30,43). The petitioner

alleges that he did not receive effective assistance of counsel

based on a number of errors,and the trial Judge should have recused

himself,since he had previously represented Mr.Tavares on an

earlier criminal conviction.(MNT).

Specifically,the petitioner argued before the trial judge

that the following constituted ineffective assistance of counsel;

first ,the defense attorney broken his promise to the jury when he

failed to call an alibi witness whom he had assured he would produce

in his opening statement;next ,the defense attorney failed to exclude

3/   "The defendant-petitioner is going to call people to the stand
that are going to tell you where he was at approximately 11,10 to
11 P.M.:and basically the facts in this case,up to a certain point,
you're going to hear from all the witnesses are the same. Things
change when we get at that certain point in time,and the defendant
petitioner is going to call witnesses for you that will indicate
for you and tell you where he was at that point in time and where
people went and what people did.
I submit to you that you're going to find ,based on the defendant's
petitioner witnesses and based on the witnesses who take the witness
for the Commonwealth,that the Commonwealth can not prove their case
(Tr.Vol.2/54-55)."

testimony regarding the conclusions of the rape kit testing and improperly stressed the conclusions during cross-examination; next the defense attorney failed to request any testing,either blood grouping or DNA: further,the defense attorney failed to request for independent examination of the clothing of the Complaining witness; additionally, the defense attorney failed to seek proper sanctions against the Commonwealth,since the rape kit and sample were lost;also ,the defense attorney failed to emphasize or present to the court any arguments regarding the prejudice suffered by the defendant-petitioner based upon the potential exculpatory evidence which was lost,and finally,the faliure of his initial appellate attorney to raise a number of issues on his direct appeal.(MNT 1-14).

　　　　Further, the motion for a new trial stated that in 1972, the defendant-petitioner had been convicted of assault with intent to rape.(MNT 13). The lawyer who represented Mr.Tavares in that proceeding was the Superior court Justice who presided over the case. (MNT 13). Throughout the proceedings, the trial judge denied a number of motions,sentenced the defendant-petitioner to a discret-ionary sentence of life on the rape conviction. The defendant-petitioner failed to inform his trial counsel or the Court of this potential conflict,based on the fact that no recusal took place, the defendant-petitioner was substantially prejudice.(MNT 14).

## SUMMARY OF ARGUMENT

　　　　The trial judge committed reversible error by denying Mr.Tavares his motion for a new trial ,because the decision was manifestly unjust and was infected with Constitutional errors. Mr.Tavares petitioner argues that he received ineffective assistance

(12)

of both trial and appellate counsel,and was prejudiced by the failure

of the trial judge to recuse himself in this matter because of

prior repesentation of Mr.Tavares.

      Mr.Tavares petitioner contentds he received ineffective

assistance of counsel based on the trial consel's failure to fulfill

his promise to the jury in opening statement,failure to exclude

hearsay,failure to seek an independent examination of forensic

evidence,and failure to exclude testimony of lost evidence.Further

his appellate counsel was ineffective because of the failure to

raise these issues on direct appeal. These errors deprived Mr.

Tavares his right to effective assistance of counsel as guaranteed

by Article XII of the Massachusetts Declaration of rights and

under the Sixth and Fourteenth Amendment to the United States

Constitution :Petitioner was entitled to effective assistance of

counsel at trial and appeal. Trial counsel's and appellate's

representation fell below an objective reasonable standard which

resulted in insurmountable prejudice to petitioner.Thus,pursuant

to 28 U.S.C.¦2254,petitioner's petition for Writ of Habeas Corpus

should be granted,and he should be released from state custody.

STRICKLAND V.WASHINGTON 466 U.S.668 687-688,694-96,(1984):STATE V

BRADLEY 42,Ohio St 3d 136,(1989),cert.denied ,497 U.S.1011,(1990).

and constitute a substantial miscarriage of justice (Pp.15-43).

      The trial judge should have recused himself from this

matter because he had represented Mr.Tavares as a juvenile on a

criminal case. The trial judge failed to make any finding specific

findings as to whether he felt he was unbiased in this matter or

even contemplated the recusal test.As a result ,Mr.Tavares petitioner

contends that he was not tried by a free and impartial judge,thus

his conviction should be reversed.Pp.43-47).

(13)

1)THE DEFENSE COUNSEL"S APPOINTED BROKEN PROMISE
TO THE TRIAL JURY IN HIS OPENING STATEMENT THAT
HE WOULD PRODUCE ALIBI WITNESSES WHICH HE FAIL-
ED TO PRODUCE AT TRIAL,CONSTITUTES INEFFECTIVE
OF COUNSEL.

Mr.Tavares petitioner'attorney at trial promised to the
jury in his opening statement;

> "The defendant is going to call people to the
> witness stand that are going to tell you where
> he was at approximately 11,10 to 11 p.m.; and
> basically the facts in this case,up to a cert-
> ain point,you're going to hear from all the
> witnesses are the same.""Things change when we
> get to a certain point in time,and the defend-
> ant is going to call witnesses for you that
> will indicate for you and tell you where he was
> at that point in time and where people went and
> what people did.'
> "I submit to you that you're going to find,based
> on the defendant's witnesses and based on the
> witnesses who take the witness stand for the
> Commonwealth ,that the Commonwealth cannot prove
> their case ." (Tt. Vol.2/54-55).

The defense attorney failed to deliver his promise to the jury,
noting indicates that he made any attempt,such as a subpoena,to
mandate the alibi witnesses to be present.[4/] Only two witnesses,
the Emergency Medical Techicians,who transported the complaining
witness,were called to testify during the defendant-petitioner's
case-in-chief.(Tr.Vol.4/155,161). The unfulfilled promise was
emphasized by the prosecution during closing argumrnt when he
reminded the jury that the defense counsel,"Told you in his opening
that he was going to produce witnesses to tell you where the
defendant was when the incident happened....he presented no evidence
no person that they could find after four years to tell you where
he was if he wasn't with her....."(Tr.Vol.5/77-78).

Mr Tavares petitioner contends such an unfulfilled promise

(14)

by his defense counsel constitutes ineffective.................

assistance of counsel which substantially prejudiced him and

mandates reversal. Writ of Habeas Corpus 28 U.S.C.A.2254-2255;

      In 1988, the First Circuit Court of Appeals concluded the

defendant was denied effective assistance of counsel,because his

trial counsel had promised the jury in the opening statement that

he would produce certain expert witnesses who the defense attorney

then failed to produce;The First Circuit reversed the case because

the error went to the heart of the defense and was prejudicial.

ANDERSON V.BUTLER,858 F.2d 16,18-19(1st Cir.1988).In Anderson,the

defense counsel promised that he would produce a psychiatrist and

psychologist to testify about the defendant's condition,however,

during the case he merely called lay witnesses,and then rested.[5/]

ANDERSON V.BUTLER,858 F.2d at 16. The First Circuit reasoned that

because trial counsel's prejudicial error went to the vitals of

the defense and that no juror would ignore it,prejudice resulted

requiring reversal.ANDERSON V.BUTLER 858 F.2d.at 18-19:See also

UNITED STATES V.HONORIA GONZALEZ-MALDONADO,115 F.3d 9,(1st Cir.1997)

(convictions vacated and case was remanded because the defense

attorney was unable to produce certain witnesses at trial which he

had promised the jury in the opening statement because of a subsequent

court ruling; but see COMMONWEALTH V.CARNEY,34 Mass.App.Ct.922,

610 N.E.2d 975,976 (1993).

      Anderson is substantially similar,since in the

instant case the defense counsel also promised the jury that he

would call certain witnesses who"are going to tell you where he

_____

[4/]It is important to note that a notice of alibi was filed on
November 20/1986.(TE. 55).

(15)

(the defendant-petitioner) was at approximately 11,10 to 11 p.m..
and the defendant-petitioner is going to call witnesses for you
that will indicate for you and tell you where he was at that point
in time and where people went and what people did."(Tr.Vol.2/54-
55). As in Anderson ,trial counsel failed to call such witnesses,
which "was a very bad decision......[and] was inexcusable......."
Id at 18. The failure to call the alibi witnesses certainly went
to the vitals of the defense in the case at bar,since the defense
was that Mr.Tavares petitioner did not commit the charges against
him; the promise and then failure to produce the witnesses was
prejudicial,becaused the defense attorney's recital of such
powerful evidence during his opening ,then failure to produce it,
cannot be disregarded as harmless.Id at 19. Such an error mandates
reversal.

      In 1986,the Supreme Judicial Court  held  when the defense
counsel leaves a client "denuded of a defense"ineffective assistance
of counsel occurs.COMMONWEALTH V.TRIPLETT,398 Mass.561,569,500 N.
E.2d 262,267 (1986). In the instant case ,Mr.Tavares petitioner
was denuded of a defense,"Since the defense counsel failed to call
any alibi witnesses,after he had promised the jury that he would
present them. As in TRIPLETT,Mr Tavares was denied effective
assistance of trial court counsel.

---

5/ The defense rested the day after he had given his opening statement
   ANDERSON V.BUTLER 858 F.2d at 16.

(16)

Defense counsel's broken promise constitutes behavior which falls  measurably below that expected from an ordinary attorney since "it was inexcusable to have given the matter so little thought at the outset as to have made the opening promise."ANDERSON V. BUTLER ,858 F.2d at 18;SEE also COMMONWEALTH V.SAFERIAN ,366,Mass at 96,315 N.E.2d at 882-883. Further,better work certainly would have resulted for Mr.Tavares petitioner' defense had the alibi witnesses been presented as trial counsel promised. In addition, such an error constitutes a substantial risk of a miscarriage of justice. First,the evidence of guilt was not overwhelming,the petitioner had verbally denied his guilt at the time of arrest; the evidence shows the alleged complaining witness consumed a substantial amount of alcohol,and her statement to Scott Ashworth indicated that she was hitchhiking before she was beaten up and was rape,further she failed to mention Mr.Tavares petitioner' name to Mr.Ashworth.(Tr.Vol.2/96;Vol.4/109,167).Next ,the broken promise was significant in the context of the trial,since the defense counsel stressed to the jury at the begining of the trial that these alibi witnesses would provide an explanation of the petitioner's whereabouts at the time of the allegd incident;additionally,the prosecution emphasized the ommission in his closing argument.(Tr.Vol.5/77-78). Finally ,nothing from the record indicates that this was a tactical decision; defense counsel raised expectations of the jury in the opening statement,then left them speculating at the close of the case,prudent counsel would not have made any promises in an opening statement which he could not present to the jury. Such an error constitutes a substantial risk of a miscarriage of justice; Thus,

(17)

trial counsel's performance deprived Mr.Tavares petitioner of

effective assistance of counsel guaranteed by the Sixth and the

Fourteenth Amendment of the United States Constitution and Article

XII of the Massachusetts Declaration of Rights.

**2 THE DEFENDANT AS THE PETITIONER WAS DENIED
HIS CONSTITUTIONAL RIGHT TO EFFECTIVE
ASSISTANCE OF COUNSEL BECAUSE HIS TRIAL
COUNSEL NOT ONLY FAILED TO OBJECT AND EX-
CLUDE HEARSAY TESTIMONY REGARDING LOST
EVIDENCE,BUT ALSO STRESSED THE INADMISSIBLE
TESTIMONY DURING CROSS-EXAMINATION:**

In the instant case,Dr.Barbieri,the gynecologist who obtained

evidence for the rape kit from Ms.Aubuchon,testified at the trial.

(Tr. Vol.4/66).Not only did he provide detailed testimony based

upon first hand knowledge but he also erroneously testified to the

semen testing results which he had no first hand knowledge of on

first hand knowledge of on direct examination,which the petitioner's

trial counsel should have ,at minimum, objected to,then his trial

counsel again stressed this inadmissible evidence on cross-examination.

(Tr.Vol.3/69,76,78).Following this testimony,at a sidebar conference,

the defense attorney objected to any testimony regarding the issue

of rape kit,since it was lost.(Tr.Vol.3/82-83;Vol 4/130). At a

minimum,prior to sidebar,Mr.Tavares petitioner trial counsel should

have objected to the prejudicial hearsay comment of Dr.Barbeiri

who testified to the conclusions of the medical test which he did

not conduct that indicated semen was present.(Tr.Vol.3/78). Certainly,

if the prejudicial hearsay has been excluded from evidence better

work might have accomplished something material for the defense.

Such an error suggests incompetency and inattention of counsel

falling measurably below an ordinary fallible attorney,since this

(18)

hearsay statement was the only testimony suggesting that a rape
may have occurred.SEE COMMONWEALTH V.SAFERIAN,366 Mass.at 90,315
N.E.2d at 883. Unfortunately,the defense counsel failed to object,
then inappropriately stressed this harmful error on cross-examination.
(Tr.Vol.3/76. The trial judge recognized the prejudicial effect of
doctor's testimony ;also ,the defense attorney acknowledge this harm
by his statements to the trial judge during a side bar discussion
which conceded that the jury was certainly aware that semen was
present from this testimony.[6/] (Tr.Vol.3/83). Based on this error,
a substantial risk of a miscarriage of justice occurred,because other
than Dr.Barbieri's hearsay testimony,there was no testimony presented
of possibility of a rape; Ms.Aubuchon testified that she had no
knowledge as to whether she had been raped,because she had blacked out
and had no memory.(Tr.Vol.4/58,59,67). Thus ,the inadmissible hearsay
comments substantially prejudiced Mr.Tavares .

          In 1997,the Appeals Court set aside a conviction because
the Commonwealth failed to present any direct evidence that the
defendant committed the crime. COMMONWEALTH V.WHYTE 43 Mass.App.Ct
920,921,684,N.E.2d 625,656 (1997).The Court found the Commonwealth's
evidence was insufficient,"[b]ut for the ' substantive,probative
force' of inadmissible hearsay evidence..... "COMMONWEALTH V.WHYTE,
SUPRA ,citing COMMONWEALTH V.FRISINO 21.Mass.App.Ct.551,553,N.E.
2d 51,53 (1986).

_____

6/ The trial judge stated "Gentlemen ,there is no question that this
jury at this point is going to be satisfied there is sperm in this
girl's vagina,whether it was there for a week or any hour."(Tr.
Vol.3/83).

(19)

Whyte is substantially similar to the case at bar,because the only evidence that a rape may have occurred was the inadmissible hearsay evidence of Dr.Barbieri. Such prejudicial evidence may have affected the outcome of the trial,and like Whyte,"the consequence of such....[inaction] on the part of counsel ,in our judgment are such as to deprive the defendant of a fair trial."Id (quotations omitted).

In 1992 ,the Appeals Court reversed a conviction ,because of the trial attorney's failure to exclude a highly prejudicial statement which any "'ordinary fallible lawyer' would have sought to keep out."COMMONWEALTH V.GILLETTE 33 Mass.App.Ct.427,431,600 N.E.2d 1009,1011 (1992). The GILLETTE Court determined that an effort made by counsel would have been successful and would have made a difference,"not only would better work have succeeded in keeping the highly prejudicial statement out of the case,but better work would have accomplished something material for the defendant-petitioner.No reasonable trial strategy to justify the ommission has been suggested by the Commonwealth,nor can we imagine any."COMMONWEALTH V.GILLETTE 33 Mass.App.Ct.at 432,600,N.E.2d at 1012.

The reasoning in GILLETTE should be applied to the instant case. The prosecutor emphasized the prejudicial effect of the statement in opening argument. (Tr.Vol.2/44;Vol.5/65,71). The petitioner's trial attorney failed to make any effort to exclude the testimony and prejudiced his client by repeating the hearsay conclusion,which according to GILLETTE is not Justified by any