(20)

reasonable trial strategy.As in GILLETTE,Mr.Tavares petitioner'
conviction should be reversed .

In 1999,the Supreme Judicial Court reversed the defendant's
convictions and order a new trial,because he was deprived effective
assistance of counsel.COMMONWEALTH V.PETERS,429 Mass.22,705 N.E.
2d 1118 (1999).The Court explained that an "'ordinary fallible
lawyer' would have recognized that objections should have been made..
concerning the substance of her conversations....."COMMONWEALTH V.
PETERS ,429,Mass.at 31-33,705 N.E.2d 1124-1125. Further,the cross-
examination ,"by the defendant's trial counsel....was inept..."Id.
Additionally,the Court explained that there should have been a
motion to strike.Id. The PETERS Court concluded that as a result
of the deficient performance of trial counsel,the defendant lost
an available ground of defense,and reversed the case because"[W]here
the case hinged on the issue of credibility,the deficient represent-
ation provided by the defendant's trial counsel,and what flowed
from it,cast doubt on the validity of the jury's verdict."Id.

In the instant case,Mr.Tavares petitioner' trial counsel
failed to object to improper hearsay on direct,then stressed this
point to the jury during cross-examination. As in PETERS, this case
focused on the credibility of the complaining witness,thus these
errors cast doubt on the validity of the verdicts. Therefore,as
in PETERS,a new trial should be ordered.

The errors constitute a substantial risk of a miscarriage
of justice,since this inadmissible statement by Dr.Barbeiri was
the only testimony that a rape may have occurred,there is a genuine
issue of guilt or innocence and the error is certainly significant

(21)

as evidenced by the fact that the judge's own statements after the doctor's testimony that the jury knew that sperm was present (Tr. Vol.3/83): nothing in the record demonstrates that the failure to object was a reasonable tactical decision,as emphasized by the sidebar conversation.COMMONWEALTH V.AMIRAULT,SUPRA.

Under the Sixth and Fourteenth Amendment of the United States Constitution and Article 12 of the Massachusetts Declaration of Rights. Petitioner was entitled to effective assistance of counsel at trial.His trial counsel's representation fell below an objective reasonable standard which resulted in insurmountable prejudice to petitioner for a Writ of Habeas Corpus should be granted,and he should be released from State custody.STRICKLAND V.WASHINGTON ,466 U.S.668,687-88 ,694-96 (1984):STATE V.BRADLEY 42 OHIO ST.3d 136 (1989), cert.denied ,497 U.S.1011 (1990).

These serious errors made by trial counsel affected the jury ,if the information had been adequately excluded,challenged, and not stressed,then the jury would not have been presented with any evidence regarding the presence of semen or possibility of rape. This conduct constitutes a substantial risk of a miscarriage of justice by depriving Mr.Tavares petitioner of effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendment to the Constitution of the United States and Article XII of the Massachusetts Declaration of Rights.

3.    **DEFENSE COUNSEL"S FAILED TO SEEK INDEPENDENT EXAMINATIONS    AND FORENSIC TEWSTING WHICH MAY HAVE CONTAINED EXCULPATORY EVIDENCE CONSTITUTES INEFFECTIVE ASSISTANCE OF COUNSEL:**

(22)

In the case at bar,trial counsel failed to file any motions seeking independent examination of either the clothing of the alleged victim or the forensic sample obtained from the complaining witness.

Although trial counsel filed a number of motions prior to trial 'Motion for discovery of Medical evidence,Exculpatory evidence -prior Complaints of rape by alleged victim,Motion to have Victim Examined,Motion for Exculpatory evidence-out-of-court Identification,Motion for Exculpatory Evidence-Psychiatric History of alleged Victim,Motion for Preservation of notes and tapes,and a Motion for Alibi ,he failed to file any motions addressing this critical issue. (TE 14-16).

"Clothing often contains forensic evidence which can be used to identify the attackers. Acid phosphatase and sperm secretions are frequently found in stains left in the clothing of rape victims after sexual assault.....the items that have a high probability of containing semen (e.g. bedding,clothing,upolstery) can be logically identified in many instances". Practical Aspects of Rape Investigation,Robert Hazelwood and Anne Wolbert Burgess, CRC Press,p.95,(1995). In addition,tests for semen can be performed if dried or removed from the surface and a forensic laboratory can determine that the unidentified substance recovered is semen if male reproductive cells are present, Id at 91-94.

In the case at bar,Mr.Tavares petitioner was substantially prejudiced by trial counsel's error in failing to seek any testing on the clothing. The clothing was the only evidence which was not lost by the Commonwealth which could have been tested. The clothing

(23)

may have revealed some forensic evidence which may have been excul-
patory to the petitioner.

Also ,trial counsel should have requested independent
and more detailed rape kit testing. A number of tests can be performed
on semen samples which could have excluded the petitioner such as;
Blood Group Substances [7] and D.N.A.testing.[8] However,in the
instant case ,the defense counsel's failure to seek any testing on
the clothing or an independent and more detailed,testing on the
rape kit evidence,resulted in the petitioner's inability to challenge
the conclusions of the semen test results which was the only evidence
although improperly admitted,which suggested rape. Thus ,Mr.Tavares
petitioner was substantially prejudiced by these errors.

Certainly  ,failing to file a motion requesting

---

7/Blood group substances determines whether the perpetrator was a
secretor or non secretor;if the perpetrator is a secretor then the
blood type may be identified,80% of the population is a secretor;in
the event that the perpetrator is a non secretor then it is possible
to exclude the petitioner based on that conclusion.Practical Aspects
of rape Investigation,Robert Hazelwood and Anne Wolbert Burgess,CRC
Press,p.92(1995).

8/ D.N.A.is a linear molecule consisting of two strands of 4 nucleic
acides (adenosine ,thymidine,cytosine,guanosine)that are covalently
linked by phosphodiester bonds.).Testing allows for analysis of
polymorphic genetic markers encoded in the linear sequence of D.N.A.
which can be used for both exculpatory and inculpatory purposes.MCLE,
DNA and other Scientific evidence,How to Use It and Challenge It in
the Courtroom,The Development of DNA Typing Methods For Forensic
Analyses,David H.Bing,Harry L.Miles,Frederick R.Bieber,(1999),
PP.105-107.

(24)

testing is incompetent ,inefficient,and inattentive conduct which is below that of an ordinary fallible lawyer.SEE COMMONWEALTH V. SAFERIAN SUPRA. Further,such inattention deprived Mr.Tavares petitioner of a substantial ground of a defense,since the evidence may have been exculpatory,however that will not be known,since the forensic specimens were never tested and are now lost.

This omission constitutes a substantial risk of a miscarriage of justice,since the evidence of guilt is not overwhelming, if testing had been done the prejudicial evidence could have been challenged,the complaining witness had no memory that Mr.Tavares petitioner rape her. Further the failure to test is signifcant, because the defense counsel could have challenged the testing procedures,and presented evidence of the defendant-petitioner's exclusion. The improperly admitted evidence regarding the semen is the only evidence suggesting rape,testing the sample could have rebutted that fact,and nothing indicates any tactical reasons for this omission.SEE COMMONWEALTH V.AMIRAULT,SUPRA. As a result , Mr.Tavares was denied his Constitutional rights to effective assistance of trial counsel which are guaranteed by the Six and Fourteenth Amendment to the United States Constitution and Article XII of the Massachusetts Declaration of Rights.

4.    DEFENSE COUNSEL'S FAILURE TO EXCLUDE LOST EVIDENCE TESTIMONY AND HIS FAILURE TO FILE ANY MOTIONS REGARDING THE ISSUE DEPRIVED THE PETITIONER OF EFFECTIVE ASSISTANCE OF COUNSEL:

(25)

      In the case at bar,the trial counsel also failed to file any motions precluding the introduction of testimony or evidence arising out of lost evidence. Although trial counsel filed a number of motions prior to trial,he failed to file any motions in limine or motions seeking sanctions against the Commonwealth on this particular subject. [9/] (TE 10-53). The Commonwealth lost the forensic evidence of the complaining witness.(Tr.Vol.3/82-83; Vol.4/130). No testimony regarding this evidence should have been admitted,in addition,counsel's inattention and incompetency was demonstrated by his failure to object and exclude hearsay conclusions of testing and/the sperm certificate . At a minimum ,trial counsel should have sought to exclude findings from the lost evidence,since the evidence was lost,the defense could not challenge those conclus- ions or conduct any independent testing.

      "[T]he Commonwealth has a duty to not destroy exculpatory evidence; rather ,it must preserve such evidence for the petitioner to inspect,examine,or perform tests on,if he so chooses....This obligation grows out of the Commonwealth's duty to disclose'evidence favorable to an accused upon request....where the evidence is material either to guilt or punishment.'"COMMONWEALTH V.SASVILLE

35 Mass.App.Ct.15,19,616 N.E.2d 476,479 (1993)(citations omitted).
9/ Motion for Discovery of Medicial Evidence,Exculpatory evidence- prior complaints of rape by alleged victim,Motion to have victim examined,Motion for exculpatory evidence -out-of-court,Identification; Motion for Exculpatory evidence-Psychiatric history of alleged victim; Motion for preservation of notes and tapes;Motion for Alibi.(TE 10- 46,55).

(26)

Further,"'the loss [or destruction] of evidence which
is material and potentially exculpatory poses special problems for
the petitioner because he is put in a position where he is unable
to establish the exculpatory nature if the lost evidence'' COMMONWEALTH
V.SASVILLE 35 Mass.app.ct.at 20 ,616 N.E.2d at 480,citing COMMONWEALTH
V.OLSZEWSKI,401 Mass.749,753-754,519 N.E.2d 587,590 (1988). The
petitioner need not show conclusively the exculpatory nature
of the destroyed evidence,but rather ,must establish.a reasonably
possibility .....that access to the [destroyed material] would
have produced evidence favorable to his cause."COMMONWEALTH V.
SASVILLE,35 Mass.App.Ct.at 20,616 N.E.2d at 480 ,citing COMMONWEALTH
V.NEAL 392 Mass.1,12,465 N.E.2d 1356,1364 (1984).

    In the case at bar ,the Commonwealth either destroyed
and/or lost the forensic sample collected from the complaining
witness while she was admitted at Massachusetts Eye and Ear before
the petitioner had an opportunity to inspect,examine,or perform
any independent examinations, During the trial ,Dr.Barbeiri
testified that he obtained evidence for a rape kit while examining
the alleged victim,he placed the sample in a box,and he gave one
set to the Massachusetts Eye and Ear security and another to the
pathology lab at Massachusetts General Hospital.(Tr.Vol.3/66-68).

    Defense counsel waited under after Dr.Bareiri's testimony
when the jury was not longer present to discuss the fact that the
rape kit had been lost while in the custody and control of the
Commonwealth .(Tr.Vol.3/82-83;Vol.4/130). At that time ,the trial
judge determined that the Commonwealth would not be able to present
any other witnesses on this subject,because the evidence had been
lost and/or destroyed.(Tr.Vol.82-83;Vol .4/130). Unfortunately for

(27)

Mr.Tavares petitioner ,his attorney failed raise this argument prior to Dr,Barbeiri's testimony. Dr,Barbeiri testified to hearsay statements which indicated that semen test concluded that semen was present without any objection .(Tr.Vol.3/69,76,78).In addition ,the defense attorney repeated this highly prejudicial hearsay statement during cross-examination.[10](Tr.Vol..3/76).Since the defense attorney failed to file any motions regarding the lost or destroyed evidence issue and failed to bring this issue to the attention of the jury, he fell below the standard of a reasonably ordinary fallible attorney. See COMMONWEALTH V.SAFERIAN ,SUPRA ,At a minimum,the issue should have been addressed,since it is well established that when the petitioner demonstrates that the Commonwealth destroyed potentially exculpatory ,then the judge must entertain a balancing test to determine the appropriateness and extent of action.COMMONWEALTH V. SASVILLE 35 Mass.App.Ct.at 21-22,616,N.E.2d at 480.The trial judge must weigh the culpability of the Commonwealth,the materiality of the evidence,and the potential prejudice to the petitioner .Id.

In the instant case,trial counsel failed seek any remedy or sanctions;he merely mentioned it to the court.(Tr.Vol.3 /83; Vol..4 /130). In addition ,the trial judge did not consider the balancing test,although he precluded further testimony on the rape kit,he did not strike the prejudicial hearsay conclusion that sperm was present .(Tr.Vol.3/78,83;Vol.4/130). This error by the defense attorney resulted in his failure to adequately protect Mr.Tavares petitioner'constitutional right to due process and a fair trial.

---

10/ Defense attorney asked Dr.Barbeiri ,"And you sent it out to some labs,and it came back that there was sperm present?"(Tr.Vol.3/76).

(28)

In Massachusetts ,the Supreme Judicial Court has "repeatedly stressed the need for prosecutors and police to do their utmost to preserve and present 'exculpatory evidence which is available to the prosecution.'"(Emphasis supplied). COMMONWEALTH V.OLSZEWSKI 401 mass.at 754,519,N.E.2d at 590. Furthermore,the court in OLSZEWSKI explained the circular problem with addressing the lost and/or destroyed evidence issue;

> [b]ecause [if]the [evidence has] been destroyed, it is no longer possible to determine whether the petitioner would have obtained any evidence of an exculpatory nature had [it] been made available to him for inspection or examination. to require the petitioner at this stage to prove that the[evidence was] in fact exculpatory would however convert the disclosure duty established in BRADY,and its progeny into an empty promise. COMMONWEALTH V.OLSZWESKI ,401 Mass.at 754,519 N.E.2d at 590.

In the instant case ,Mr.Tavares faces this exact problem; the forensic evidence was lost,no longer is possible for him to test,inspect,or examine the evidence,and he is unable to prove the exculpatory nature of it. As a result,the Commonwealth's culpability should be assessed,and the materiality of the evidence should be weighed,which in this case undisputed,since the testimony and findings were the only evidence presented that even remotely indicated a rape may have occurred and that cannot be challeneged, because it was lost. Finally ,Mr.Tavares petitioner suffered tremendous prejudice from the admission of this evidence ,as evidenced by the judge's statement.(Tr.Vol.3/83).

Since this evidence is likely to have been a factor in the jury's deliberations,and if the evidence had been improperly tested and/or found to contain exculpatory evidence,that the petitioner was certainly prejudiced and possibly deprived of a defense.Clearly,

(29)

trial counsel's failure to file any motions regarding the subject
of the lost/destroyed evidence was conduct falling measurably
below an ordinary attorney; better work would have resulted from
the exclusion of such evidence,since the jury would not have been
presented with any evidence regarding the semen. Because the
evidence of guilt was not overwhelming,the errors and ommissions
were significant in the context of the entire trial,and the record
fails to demonstrate any tactical reasons for such errors,the
ineffective assistance of Mr.Tavares petitioner 'trial counsel
constitutes a substantial miscarriage of justice.SEE COMMONWEALTH
V.AMIRAULT,SUPRA. Mr.Tavares petitioner is entitled to a reversal
of his conviction based on the violation of Constitutional rights
as guatanteed by the Sixth and Fourteenth Amendment to the
Constitution of the United States and Article XII of the Massachusetts
Declaration of rights. Petitioner was entitled to effective
assistance of Counsel at trial.His trial counsel's presentation
fell below an objective reasonable standard which resulted in
insurmountable prejudice to petitioner for a Writ of Habeas Corpus
should be granted,and he should be release from State custody.
STRICKLAND V.WASHINGTON 466,U.S.668,687-88,694-96 (1984):STATE V.
BRADLEY 42 OHIO ST 3d 136 (1989),Cert.denied ,497 U.S.1011(1990).

### 5. APPELLATE COUNSEL FAILED TO RAISE APPELLATE ISSUE AND THESE ISSUES DEPRIVING MR.TAVARES PETITIONER OF EFFECTIVE ASSISTANCE OF COUNSEL:

Mr.Tavares petitioner'contends that his appellate counsel
on direct appeal deprived him of effective assistance of counsel.

(30)

        In the instant case,Mr.Tavares petitioner argues
that his appellate counsel's failure to argue the trial counsel's
ineffective assistance of counsel claims on appeal was itself
ineffective .(TE.12-14). If this court finds ,that any of the actions
of trial counsel were ineffective, then the appellate attorney's
failure to raise these issues on direct appeal was also ineffective.
See BREESE V.COMMONWEALTH 415 Mass.249,252,612 N.E.2d. 1170(1993):
Appointed trial and appellate counsel appointed were grossly
ineffective in violation of the Sixth and Fourteenth Amendment of
the United States COnstitution"KIMMELMAN V.MORRISON 477,U.S.363
at 377,(1986):Quoting STRICKLAND V.WASHINGTON 466 U.S.668,at 685
(1984).Thus ,the right to counsel is the right to a effective
assistance of counsel.STRICKLAND V.WASHINGTON SUPRA AT 686:KIMMELMAN
V.MORRISON SUPRA 377:EVITTS V.LUCEY 469,U.S.387 at 401 (1985):And
the State bears the risk of defective assistance of counsel,MURRAY
V.CARRIER 106,S.CT.2639 at 2646,477 U.S.478 ,at 488 (1986):ACCORD
KIMMELMAN SUPRA at 379.

        In 1996,the Massachusetts Appeal Court reversed and
set aside a conviction for possession of cocaine with intent to
distribute.COMMONWEALTH V.CORMIER 41 Mass,App.ct.76,77-78,668 N.E.
1329,(1996).The court concluded that appellate counsel's failure
to raise the issue of sufficiency of the evidence which was in fact
insufficient to sustain a conviction constitutes ineffective
assistance of counsel.Id.

(31)

Mr.Tavares petitioner contends that the issues already raised regarding his trial counsel's ineffective assistance of counsel indicate that appellate counsel's failed to not raise them rises to the level of serious incompetency,falling measurably below that which might be expected from an ordinary fallible lawyer and deprived Mr.Tavares of a defense and fair trial.See COMMONWEALTH V.SAFERIAN SUPRA . The appellate attorney failure also ineffective assistance of counsel on direct appeal,SEE BREESE V.COMMONWEALTH 415 Mass.249,252,612,N.E.2d 1170 (1993): Appointed trial counsel and appellate counsel were grossly ineffective assistance counsel in violation of the Sixth and Fourteenth Amendment of the United States Constitution,"KIMMELMAN V.MORRISON    477 U.S.363 at 377,(1986):Quoting STRICKLAND V. WASHINGTON 466,U.S.668 AT 685 (1984):Thus ,the right to counsel is the right to effective assistance of counsel.STRICKLAND V. WASHINGTON SUPRA at 686;KIMMELMAN V.MORRISON SUPRA 377:EVITTS V. LUCEY 469 U.S.387 at 401 (1985):And the state bear the risk of defect assistance of counsel,MURRAY V.CARRIER 106,S.CT.2639 at 2646,477 u.s.478 ,at 488 (1986):ACCORD KIMMELMAN SUPRA at 379.Thus Mr.Tavares petitioner is entitled to reversal of his conviction and he should be release under this Writ of Habeas Corpus should be granted,and freedom from state custody,so he is release from unlawful confinement of restraint.,Based  on the violation of Article XII of the Massachusetts Declaration of rights,and by the Sixth and Fourteenth Amendment of the United States Constitution.

(32)

### C   MR.TAVARES PETITIONER IS ENTITLED TO HIS WRIT OF HABEAS CORPUS 28 . U.S.C.A.§2254,BECAUSE THE INEFFECT-ASSISTANCE OF HIS TRIAL COUNSEL AND APPELLATE COUNSEL RESULTED IN A SUBSTANTIAL MISCARRIAGE OF JUSTICE

The petitioner Mr.Tavares should be granted has Writ Habeas Corpus unlawful confinement or restraint,28 U.S.C.A.§2254 wherefore the denial of his motion for new trial should be reversed, because Mr.Tavares was denied effective assistance of counsel which he is guaranteed by the Sixth and Fourteenth Amendment of the United States Constitution and Article XII of the Massachusetts Declaration of rights,and the denial caused a substantial risk of a miscarriage of justice. Based on the errors raised, serious doubt exists as to whether Mr.Tavares petitioner' guilt was fairly adjudicated,therefore the denial of the motion for new trial should be reversed. See COMMONWEALTH V.AMIRAULT 414 Mass.at 646-647,677 N.E.2d at 671. STRICKLAND V.WASHINGTON SUPRA at 686:KIMMELMAN V.MORRISON SUPRA. 377.... As a result of these claims,it has been clearly demonstrated that the petitioner's trial and appellate counsel's conduct fell below the ordinary standard of a reasonable trial counsel, that the petitioner suffered prejudice,and that better work might have resulted in something material for the defense.Mr.Tavares was denied his rights under the Sixth and Fourteenth Amendment of the United States Constitution as well as Article XII of the Massachusetts Declaration of Rights.

(33)

**D   THE TRIAL JUDGE SHOULD HAVE RECUSED HIMSELF BECAUSE HE HAD REPRESENTED THE PETITIONER IN A PREVIOUS SEXUAL ASSAULT CONVICTION AS A RESULT OF THE TRIAL JUDGE'S PRIOR INVOLVEMENT WITH MR. TAVARES ,A SUBSTANTIAL RISK OF A MISCARRIAGE OF JUSTICE OCCURRED.**

The petitioner Edward Tavares Jr.Writ of Habeas Corpus, 28 U.S.C.A.2254 should be granted,because in the Commonwealth of Massachusetts ,when a judge is confronted with the issue of recusal,the"'judge [must] consult first his own emotions and conscience' to ascertain if he is free from disabling bias or prejudice."PARENTEAU V.JACOBSON,32 Mass.App.Ct.97,99 ,586 N.E. 2d 15,16 (1992),HADDAD V.GONZALEZ 410 Mass.855,862,576,N.E.2d 658 (1991),Quoting from LENA V.COMMONWEALTH 369 Mass.571,575,340 N.E. 2d 884 ,886-997(1976)."If the judge passes the internal test of freedom disabling prejudice,he must next'attempt an objective appraisal of whether this was a proceeding in which'his impartiality might be reasobaly questioned.'"PARENTEAU V.JACOBSON,SUPRA,Quoting HADDAD V.GONZALEZ ,SUPRA,quoting S.J.C.rule 3;09 ,Canon 3(c)(1),382 Mass.811,(1981). Generally ,the decision rests in the trial judge's discretion. HOWE V.PROKOP ,21 Mass.App.919,484 N.E.2d 1029,1031 (1985),review denied 396 Mass.1105,487 N.E.2d 855 (1986):PARENTEAU V. JACOBSON ,SUPRA.

When Mr.Tavares petitioner filed the motion for a new trial,he revealed for the first time that the trial judge had previously represented him in two cases which resulted in an assault with intent to rape,and sexual assault on his legal secretary daughter Barbara Tripp.[11/note.] Also see TE 13-14).In addition the docket sheet

(34)

indicates that Mr.Tavares had been represented by attorney Sheehan
who later became the judge who preside over the instant case.

2    **TRIAL JUDGE'S DENIAL OF THE MOTION
FOR A NEW TRIAL WITHOUT DETAILED
FINDINGS WAS INSUFFICIENT TO INDICATE
HE WEIGHED THE APPROPRIATE FACTORS
INVOLVED IN A POTENTIAL CONFLICT OF
ISSUE QUESTION:**

Upon ruling on the motion for a new trial ,Sheehan J.
simply denied the motion. He failed to make any particular finding
as to whether or not there were sufficient reasons enunciated in
the motion for a new trial requiring the trial judge's recusal. At
minimum,the judge should have consulted his own emotions and
conscience,if he passed the test then,he should have determined
whether the proceeding would have affected his impartiality.
See COMMONWEALTH V.Gogan,389 Mass.255,259-260,449 N.E.2d 365,369
(1983):LENA V.COMMONWEALTH SUPRA Judge Sheehan failed to make any
findings on any of these issues. The general denial precluded Mr.
Tavares from understanding or challenging the specifics of the
denial.

In 1998 ,The Supreme Judicial Court commented upon a
related issue in the New York Times Company V.Commissioner of
Revenue,Federal Express Corporation V.Commissioner of Revenue,
427,Mass.399 ,693 N.E.2d 682 1998. The facts of New York Times
indicate that the individual who presided over the case,the
Commissioner,was challenged by one of the parties,because of his

11/note; Trial Judge Sheehan should have recused himself,because he
had also represented the petitioner Edward Tavares Jr.in a case which
resulted in a previous sexual assault against trial Judge secretary
Louise Tripp daughter Barabara Tripp,when the trial judge was his
attorney .These prior involvement,cause Substantial miscarriage of
justice,

(36)

crimes , or because of [11/note]; which caused Mr.Tavares petitioner

to suffer from prejudice.Also see Bristol county docket 693010-11zz.

Unfortunately ,since no findings were ever made,the

reasons for this decision cannot be factually challenged. As a

result,Mr.Tavares petitioner has been denied his Constitutional

right "of every citizen to be tried by judges as free,impartial

and independent as the lot of humanity will admit."Massachusetts

Declaration of Rights Article XXIX. In addition ,he has been denied

his rights to a fair trial and due process as secured by the Sixth

and Fourteenth Amendment of the United States and Article XXII and

XXIX of the Massachusetts Declaration of Rights.

*****C O N C L U S I O N*****

Based on the foregoing arguments and authorities,and the

record in this case,this Honorable Court is respectfully urged to

grant the petitioner 28 U.S.C.A.|2254 and release him from unlawful

confinement/or/restraint,further petitioner life sentence under #13504

indictment should be vacated,and petitioner should be set free, under

28 U.S.C.A.|2255.

All the above said is true and signed under the pains

and penalties of perjury on this _19_ day April 2004; The petitioner

specifically present the ineffective assistance of counsel under

the Sixth and Fourteenth Amendment of the United States Constitution,

There by binding this court and all Federal Courts to the correct

Federal Test."Though may differ as to the precise content of the

Sixth and Fourteenth Amendment guaranty of effective assistance of

Counsel in criminal cases,There is only one Constitutional guaranty

not fifty,"CEPULONIS V.PONTE 699 F.2d,573,at 575 (1st cir)(1983)."

(35)

actions before he became the Commissioner.Id at 408,693,N.E.2d at

689.The Court explained that "where a judge was previously employed

or consulted as an attorney,or was associated with an attorney who

was consulted or employed,in a matter arising out of the same

underlying factual circumstances and involving the same parties as

the present case,the judge must recuse himself.".Id ,427 Mass.at

408,693 N.E.2d at 689. However ,when "a judge's prejudicial factual

circumstances and involving different parties,he is not disqualified."

Id.

        In the case at bar ,the parties are the same,the

COMMONWEALTH V.EDWARD TAVARES JR:however the factual circumstances

although similar,assault with intent to rape,was one of the cases,

and in the instant case,rape,assault and battery,intent to kill,

they are not the same,and arose at different times.[11/note]; Nevertheless

the trial judge was petitioner attorney in the second case in [11/note] ,

clearly  not the same,and arose at different times,in the instant

case the trial judge should have considered and made findings as

to why he should not recused himself when he denied the motion for

new trial.

        The trial judge had a tremendous amount of discretion

throughout the trial and during sentencing.A number of motions were

denied in the trial judge's discretion;in addition,the trial judge

sentenced Mr.Tavares to a life sentence in prison for the rape

conviction,this decision rested solely within the judge's discretion

(TE 14).Since Judge Sheehan had represented Mr.Tavares ,as a juvenile,

on an assault with intent to rape case,then again see[11/note]; he

may have enhanced the sentence,because of the similarities of the

(37)

"The content of that guaranty is a Federal Jurisdiction Id.

C/C:PAUL WALSH D.A.

    THOMAS REILLY A.G.

    E/T/Files

4/18/2004

PRO-SE    RESPECTFULLY SUBMITTED,
EDWARD TAVARES JR
N.C.C.I.GARDNER
P.O.BOX 466
500 COLONY RD.
GARDNER MASS.01440

# RECORD APPENDIX

## Table of Contents

Indictments . . . . . . . . . . . . . . . . . . . RA. 1

Docket Entries . . . . . . . . . . . . . . . . . RA. 10

Defendant's Notice of Appeal . . . . . . . . . . RA  54

Defendant's Notice of Alibi . . . . . . . . . . . RA 55

**ADDENDUM**

**UNITED STATES CONSTITUTION**

**SIXTH AMENDMENT**

In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed; which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defence.

**FOURTEENTH AMENDMENT**
**Section 1.** All persons born or naturalized in the United States and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside.  No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

I

BRISTOL COUNTY DISTRICT ATTORNEY
MR.PAUL WALSH D.A.
888 PURCHASE STREET
NEW BEDFORD MASS.02741

MASS.ATTORNEY GENERAL
MR.THOMAS REILLY,A.G.
ONE ASHBURTON PLACE
BOSTON MASS.02108


EDWARD TAVARES JR
N.C.C.I.GARDNER
P.O.BOX 466
500 COLONY RD.
GARDNER MASS.01440


IN RE: EDWARD TAVARES JR PETITIONER V.COMMONWEALTH OF MASS.et al.
       28 U.S.C.A.2254-2255,WRIT OF HABEAS CORPUS


        Dear Parties;

            Please find enclosed the petitioner filing
as stated in following;

1)CERTIFICATE OF SERVICE

2)PETITIONER PETITION 28 U.S.C.A.2254-2255

3)PETITIONER EXHIBIT'S IN SUPPORT OF HIS WRIT 28 U.S.C.A.2254-2255
  PAGES 1 thru 150:

        I thank you for your time.

C/C.THOMAS REILLY A.G.                    RESPECTFULLY SUBMITTED
                               PRO-SE
    PAUL WALSH D.A.BRISTOL COUNTY          EDWARD TAVARES JR
                                           N.C.C.I.GARDNER
    E/T/Files;                             P.O.BOX 466
                                           500 COLONY RD.
                                           GARDNER MASS.01440


                    CERTIFICATE OF SERVICE
        I Edward Tavares Jr.certify that the above said attached
herewith has been served upon the entitled named defendant's
at their listed work place of business.all was sent on this
day of April 2004,postage prepaid by the petitioner; SIGNED UNDER
THE PAINS AND PENALTIES OF PERJURY:
                        EDWARD TAVARES JR
                        N.C.C.I.GARDNER
                        P.O.BOX 466
                        500 COLONY RD.
                        GARDNER MASS.01440

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

U.S.WORCESTER DIVISION                    U.S.DISTRICT COURT
OF MASSACHUSETTS                          DOCKET NUMBER_____
                                          WRIT OF HABEAS CORPUS
                                          28 U.S.C.A.2254-2255

_____

EDWARD TAVARES JR
(PETITIONER)

        V.

COMMONWEALTH OF MASSACHUSETT et al..
(DEFENDANT'S)

_____

CERTIFICATE OF SERVICE

        I Edward Tavares Jr.certify that I have served upon
the United States District in Worcester Division in the State
of Massachusetts,to Martin Castles,Clerk of U.S.District court,
at 595 Main Street,Worcester Mass.01608,sent by first class mail
postage prepaid as listed in the following....

1)CERTIFICATE OF SERVICE           8)APPLICATION TO PROCEED WITHOUT
                                      PREPAYMENT OF FEES AND SERVICE
2)COVERL LETTER                       TO BE MADE BY FIRST CLASS MAIL.

3)CIVIL COVER SHEET

4)CATEORY SHEET

5)EDWARD TAVARES JR FILING FEE OF $5.00 DOLLARS FROM INMATE
ACCOUNT,AND SIX MONTH PRINT-OUT

6)PETITIONER'S PETITION FOR 28 U.S.C.A.|2254-2255

7)PETITIONER'S EXHIBIT'S IN SUPPORT OF HIS PETITION.

        All was sent by first class mail postage prepaid on
this 18 day of April 2004;SIGNED UNDER THE PAINS AND PEANLTIES
OF PERJURY:

                          RESPECTFULLY SUBMITTED
              PRO-SE      Edward Tavares Jr
                          EDWARD TAVARES JR
                          N.C.C.I.GARDNER
                          P.O.BOX 466
                          500 COLONY RD.
                          GARDNER MASS.01440