UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**EDWARD TAVARES,**
    Petitioner

v.                                                                   Civil Action No. 04-CV-40059-NMG

**STEVEN O'BRIEN**[1]
respondent

**MEMORANDUM IN SUPPORT OF MOTION TO REQUIRE PETITIONER TO SUBMIT A PETITION COMPLYING WITH 28 U.S.C. § 2254 RULE 2(c)**

The respondent, Steven O'Brien, respectfully submits this memorandum in support of his motion to require the petitioner, Edward Tavares, to submit a petition that complies with Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts (the "Habeas Rules"). Rule 2(c) requires federal habeas petitioners to submit petitions in a prescribed form, include specific information, identify the grounds for relief, and be signed under oath. See Rule 2(c).

Rather than using the form petition required by Rule 2(c), Mr. Tavares has submitted a thirty-seven page "petition" that more closely approximates a memorandum of law than it does a petition for habeas corpus relief. In its current form, it is impossible to respond to the petition in the form of an answer, see Rule 5, or other proper responsive pleading. The respondent therefore respectfully requests the Court order Mr. Tavares to re-submit his petition pursuant to Rule 2(c), including ordering him to use the form annexed to the rules.

---

[1] The petitioner mistakenly named the Commonwealth of Massachusetts as the respondent instead of the superintendent of the institution where he is incarcerated, here Steven O'Brien. See 28 U.S.C. § 2254 Rule 2(a).

**DISCUSSION**

  A. <u>Mr. Tavares's Petition Violates Rule 2(c) of the Habeas Rules</u>

  Habeas Rule 2(c) delineates the requirements for petitions requesting habeas corpus relief. Petitioners must set forth the facts giving rise to the claim in summary form, state the relief requested, and sign the petition under penalty of perjury. 28 U.S.C. § 2254 Rule 2(c). To facilitate compliance, a model petition is annexed to the rule, and each clerk of court must provide litigants with blank petitions without charge. <u>Id.</u> "It is the petition for a writ of habeas corpus, not subsequently filed memorandum, which defines the claims for habeas relief. That is not a mere matter of *ipse dixit*. To the contrary . . . it is a requirement of Rule 2(c) of the Rules Governing Section 2254 Cases." <u>Smiley</u> v. <u>Maloney</u>, 2003 U.S. Dist. LEXIS 24902, * 62, n.39 (D. Mass., Oct. 31, 2003) (Cohen, M.J.).[2] Compliance with Rule 2(c) is mandatory, and a non-conforming petition is subject to dismissal. <u>See</u> <u>McFarland</u> v. <u>Scott</u>, 512 U.S. 849, 856 (1994).

  "Habeas corpus petitions must meet heightened pleading requirements" <u>id.</u>, but "they do not require that the petitioner plead evidentiary detail in his petition. Instead, the Habeas Rules require that the petition set forth facts supporting the grounds of the petition 'in summary form.'" <u>Cuadra</u> v. <u>Sullivan</u>, 837 F.2d 56, 58 (2d Cir. 1988) (quoting Rule 2(c)). Here, Mr. Tavares submitted a thirty-seven page memorandum of law. While this document may become relevant at some future date, it is an inadequate substitute for a petition that complies with Rule 2(c). This is so because it is impossible to respond to the allegations contained in it with an answer, as respondent is required to do by Rule 5.

---

[2] The respondent has attached a copy of this decision for the convenience of the Court and the petitioner.

      B.      Mr. Tavares Should Be Ordered to Re-Submit His Petition

This Court could dismiss the petition for failing to comply with Rule 2(c). See, e.g., McFarland, 512 U.S. at 856; United States v. LaBonte, 70 F.3d 1396, 1413 (1st Cir. 1995) (citing 28 U.S.C. § 2255 Rule 2 and holding that non-conforming petitions are subject to dismissal), rev'd on other grounds, 520 U.S. 751 (1997). In fact, the Court could dismiss the petition on the sole ground that it was not signed under oath. See id. at 1413. The respondent is not seeking that result, however. Rather, the respondent requests that Mr. Tavares be instructed to re-submit a petition within thirty days that complies with Rule 2(c), including use of the required form. See Rule 2(e) (if a petition does not comply with rule 2, it may be returned to the petitioner with a "statement of the reason for its return."). Such an order will permit respondent to file an answer, or other proper responsive pleading, and facilitate the just and expeditious disposition of this case.

                Respectfully submitted,

                THOMAS F. REILLY
                Attorney General

                /s/ Daniel I. Smulow
                Daniel I. Smulow, BBO # 641668
                Assistant Attorney General
                Criminal Bureau
                One Ashburton Place
                Boston, Massachusetts 02108
                (617) 727-2200, ext. 2949

Date: May 18, 2004

**CERTIFICATE OF SERVICE**

    I hereby certify that a true copy of the above document was served on Edward Tavares, pro se, N.C.C.I.- Gardner, P.O. Box 466, 500 Colony Road, Gardner, MA 01440, by first class mail, postage prepaid, on May 18, 2004.

                                            /s/ Daniel I. Smulow  
                                            Daniel I. Smulow, BBO # 641668  
                                            Assistant Attorney General  
                                            Criminal Bureau  
                                            One Ashburton Place  
                                            Boston, Massachusetts 02108