UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EDWARD TAVARES JR
(PETITIONER)

V.

COMMONWEALTH et al
(DEFENDANT)

U.S.DISTRICT COURT
U.S.NO.04-CV-40059-FDS
WRIT OF HABEAS CORPUS
28 U.S.C.A.2254 and 55

PETITIONER'S WRIT OF HABEAS
CORPUS,PURSUANT TO 28 U.S.C.A.2254
UNLAWFUL RESTRAINT;28 U.S.C.A.2255

Now comes the pro-se petitioner Edward Tavares Jr. in the above entitled matter,and respectfully applies,pursuant to 28 U.S.C.A.§ 2254,and request for Writ of Habeas Corpus to release him from unlawful restraint/or/confinement;And further request that his life sentence be vacated,pursuant to 28 U.S.C.A.§ 2255:

### I. INTRODUCTION

Petitioner Edward Tavares Jr.asserts two principal arguments in support of his petition for Writ of Habeas Corpus. [F]irst;Petitioner maintains that he was denied effective assistance of counsel ,by his trial appointed counsel. The defense court appinted attorney broken his promise to the trial jury when he failed to call an alibi witnesses whom he had assured he would produce in his opening statement; [S]econdly;defense court appointed attorney failed to exclude testimony regarding the conclusions of the rape kit testing and improperly stressed the conclusions during cross-examination;  [T]hirdly; defense court appointed attorney  failed

ALL EXHIBIT'S CITED HERE IN THIS 28 U.S.C.A.2254-2255,ARE TR./PAGES ARE "DOUBLE SIDED.

(2)

to request any testing, either blood grouping or DNA: Fourth the defense attorney failed to request an independent examination of the clothing of the complaining witness; Fifth the defense attorney failed to seek proper sanction against the Commonwealth, since the rape kit and samples were lost; and Sixth defense attorney failed to emphasize or present to the court any arguments regarding the prejudice suffered by the defendant-petitioner based upon the potential exculpatory evidence which was lost; and further to raise these issues on direct appeal.

B)/.    These errors deprived the petitioner Edward Tavares Jr. his rights to effective assistance of counsel as guaranteed by Article 12 of the Massachusetts Declaration of Rights and the Sixth and Fourteenth Amendments of the United States Constitution and Constitutes a Substantial Miscarriage of Justice.

C)/.    The trial judge committed reversible error by denying Mr. Tavares petitioner his motion for new trial, because the decision was manifestly unjust and was infected with Constitutional error. Mr. Tavares pro-se petitioner argues that he received ineffective assistance of both trial and appellate counsel, as a result Mr. Tavares pro-se petitioner contends thus his conviction be reversed "Writ of Habeas Corpus be granted, 28 U.S.C.A. § 2254 and 2255:

(4)

which was to be served concurrently with the life sentence. Further ,the assault and battery conviction was place on filed .(TE 17,28,41).

A timely notice of appeal was filed on March 31/1987. (TE 17,28,41). The Appeal Court affirmed the lower court's decision on August 1/1989.(COMMONWEALTH V.TAVARES ,27 Mass.App.Ct.637 (1989).

Mr.Tavares petitioner filed a motion for a new trial pro-se in March 1990.Then on March 18/1991,Court appointed,C.P.C.S. in which appointed Raymond O'Hara filed his notice of appearance for the defendant-petitioner.(TE 30,43).On November 12/1991,a Motion for a New Trial was filed.(TE 17,20,43).Ahearing was held before the trial judge Sheehan J,.On September 14/1992,and the Commonwealth opposed this motiom September 17/1992,and the defendant petitioner replied to the opposition on September 28/1992(TE 17, 30,43).

The Motion for new trial was denied on December 21/1992. (TE 17,30,43). A timely notice of appeal of the denial of the motion for new trial was filed.(TE 54).

On May 11,2001,the petitioner by and through counsel appointed by C.P.C.S.Jennifer Appleyard,filed petitioner appeals brief before the appeals court.On January 15/2003,the Appeals Court heard oral argument. Then ,on February 27/2003,the Appeals Court issued an opinion affirming the convictions.COMMONWEALTH V.EDWARD TAVARES JR.,Memorandum and order Pursuant to Rule 1;28(February 27/2003,(hereto attached).(TE/57-66).

(5)

On March 18/2003 petitioner filed application for further appellate review,of his Mass.Appeal Court decision affirming his conviction order on February 27/2003 Attached hereto.

On April 30/2003 petitioner attorney and petitioner was sent denial(FAR) Application denied,(TE .67   ) Further Appellate Review. DOCKET NO.FAR-13310.

## STATEMENT OF FACTS

### Introduction

On June 27/1983,a Grand Jury returned indictments against Mr.Tavares Petitioner for assault and battery and assault with intent to murder. (MNT 1). On November 15/1983,Mr.Tavares defaulted at trial,then thirteen days later,the same Grand Jury reconvened and returned another indictment charging Mr,Tavares with rape. (MNT  1). (TE./68-81).

Prior to trial,defense counsel failed to file a number of motions which would have protected his client's Constitutional rights.[2/] As a result,trial counsel's inattention substantially prejudice Mr.Tavares Petitioner.

In March 1987,at a jury trial Commonwealth alleged that on May 25/1983,Daine Aubuchon(formerly Daine Macedo)(hereinafter referred to as "Ms.Aubchon"),was severely beaten and raped by Edward Tavares Jr.petitioner (Tr.Volume 2/42-51).

---

[2] Specifically ;a motion requesting an independent examination of the victim's clothing ,a motion to inspect the forensic samples,a motion to suppress any and all testimony regarding the testing and/ or conclusions regarding the lost samples,and a motion to suppress the findings with regard to the sperm sample.Defense counsel's failure to request any deoxyribonucleic acid(hereinafter referred to as"D.N.A.")testing is evidenced by his failure to file a motion for funds to retain a D.N.A.or forensic expert.(TE 1-53).

(6)

**FACTS PRESENTED AT TRIAL**

The Commonwealth's essential witness ,Ms.Aubuchon,the alleged victim,testified on May 25/1983,she had made plans to dine with Edward Tavares Jr.(Tr. Vol.3/12). That evening ,Mr. Tavares petitioner arrived at her apartment and informed her that he would be unable to keep the date because he had to work. (Tr. Vol.3/14).As an alternative,Ms.Aubuchon asked him for a ride to Captain J'S(a local tavern where she worked): Mr.Tavares agreed, then the two of them sat at the bar at Captain J's and had several cocktails.(Tr.Vol.3/15-17, Vol.4/17).After a few drinks ,Mr.Tavares informed her he was unable to go back to work,so they proceeded to a cafe for dinner where M/s.Aubuchon drank several Bacardi and cokes and had two shots of spearmint schnapps.(Tr.Vol.3/15-17, Vol.4/17).

At this point,they decided to go to a dance club,Mr. Tavares petitioner took M/s.Aubuchon to his brother's apartment while he showered and changed;during this time,M/s.Aubuchon consumed a beer.(Tr.Vol.3/20-22,Vol.4/24).When they arrived at the dance club,it was very crowded,and after a bit ,they returned to Captain J's for another drink between 11;00 and 11;30 p.m.(Tr.Vol.2/58,71; Vol 3/25;Vol.4/35).According to the manager of Captain J's,they both seemed very drunk when they left the bar.(Tr.VOl.2/58)..M/S.Aubuchon confirmed this by her testimony which indicated that she was definitely"feeling the drinks".(Tr.Vol.4/70).

After leaving Captain J's,M/s.Aubuchon testified that Mr.Tavares Petitioner drove her,during the drive she asked where they were;at that point,she alleged he began to hit her.(Tr.Vol.3/28). Then ,she alleged he began to choke her;she stated that she could

(7)

neither understand what he said to her, nor did she have any idea how long this occurred.(Tr.4/45-46).M/s.Aubuchon provided testimony which indicated that after this recollection,the next thing she remembered was waking up outside near a swamp.(Tr.Vol.3/30). She recalled seeing a truck driving down the road,and getting herself to the road,but had no memory of getting into the truck.(Tr.Vol. 3/30-31,Vol.4/55).

Next ,M/s.Aubuchon testified that she remembered voices,but was unable to remember the words or any conversations; additionally,she could not recall being transported to the hospital.(Tr.Vol.3/33). Finally ,she testified that she did not know whether she had been raped,because she had blacked out and had no memory,(Tr.Vol.4/58,59 67).

Aside from the alleged victim's testimony,the Commonwealth presented testimony from several police officers who were involved in this matter,the bartender and manager at Captain J's,the truck who found M/S.Aubuchon ,and two doctors who examined M/S.Aubuchon (Tr.Vol.2/33,69,85,103,113;Vol.3/41,61). During the testimony of Dr.Barbeiri,the gynecologist who examined M/s, Aubuchon at Massachusetts Eye and Ear,he explained that he obtained evidence for a rape kit.(Tr.Vol.3/66). He provided detailed testimony that he combed out small pieces of dirt from her pubic hair, collected hairs for future analysis,inspected her vulva which appeared normal,found items as a twig and small pieces of stone and dirt.then obtained samples for acid phosphatase analysis (semen measurement). (Tr.Vol.3/66-67). He stated that he placed the samples in a box and signed it to the Massachusetts Eye and

(8)

Ear security; in addition, he sent samples to the pathology lab at Massachusetts General Hospital. (Tr.Vol.3/68,77). Then without any objection from defense counsel ,Dr.Barbeiri testified that the testing results indicated semen was present.(Tr.Vol.3/69). Defense counsel reemphasized this during cross-examination,when he stressed the hearsay conclusion of the test by asking,"[a]nd you sent it out to some labs,and it came back that there was sperm present?" (Tr.Vol.3/76).

After Dr.Barbeiri's testimony ,the prosecution informed the court that the next witness would be the police officer who took the rape kit from Massachusetts General Hospital to the police lab and perhaps a chemist;at this time ,after allowing the conclusions of the forensic testing during Dr.Barbeiri's testimony,defense counsel objected to any testimony regarding the issue of the rape kit,arguing it was inadmissible because it was lost.(Tr.Vol.3/82-83). However,it is important to note that the defense attorney never filed any motions in regard to the lost evidence,sought any sanctions against the Commonwealth,or objected to the doctor's testimony which was based upon potentially exculpatory evidence which had been lost. The Court refused to allow into evidence testimony regarding the rape kit .(Tr.Vol.3/82-83;Vol,4/130).

Judge Sheehan was aware of the prejudice involved in the situation when he stated to the attorneys,"[G]entlemen,there is no question that this jury at this point is going to be satisified there is sperm in this girl's vagina,whether it was there for a week or for an hour."(Tr.Vol.3/83). In addition ,the defense counsel agreed to this,as evidenced by his statement,"you're right,Judge."

(9)

(Tr.Vol.3/38). The defense counsel failed to exclude the testimony and conclusions regarding the lost samples, failed to seek any sanctions against the Commonwealth for the lost evidence, and failed to present evidence to the jury that the misplacement of this evidence substantially prejudice Mr.Tavares petitioner.

  The defendant-petitioner's case consisted of two witnesses During the trial, the defense attorney claimed he was unable to locate the witnesses earlier in the case.(Tr.Vol.3/84). As a result the court issued bench warrants for both witnesses, both appeared the next day.(Tr.Vol.4/155,161). Mr.Jeffrey, an Emergency Medical Technician, was the first witness; he testified that he heard M/s. Aubuchon and Mr.Ashworth, the other Emergency Medical Technician, speaking in the back of the ambulance but was unable to understand the conversation.(Tr.Vol.4/155,160). Mr.Ashworth, the final defense witness, testified that M/s.Aubuchon informed him that she had been hitchhiking home, when an unidentified male picked her up and drove her somewhere.(Tr.Vol.4/166-167). He further testified that she informed him that the individual kept hitting her and she was raped.(Tr.Vol.4/168). Mr.Ashworth informed the police of her statement, when she was admitted to St.Luke's hospital; he testified that the police never followed up on this issue.(Tr.Vol.4/171). Mr.Ashworth's testimony concluded the defense's case.

  The defense attorney failed to call any alibi witnesses which he had promised to do in the opening statement.[3] Finally, the prosecution emphasized the defense counsel's failure to call any of these witnesses when he informed the jury in closing argument that the defense counsel,"Told you in his opening that he was going

(10)

to produce witnesses to tell you where the petitioner was when the incident ..happened... he presented no evidence,no person that he could find after four years to tell you where he was if he wasn't with her....."(Tr.Vol.5 /77-78).After closing arguments and jury instructions, the jury deliberated and returned verdicts of guilty on all counts..

## MOTION FOR A NEW TRIAL

On November 12/1991,a motion for a new trial was filed by pro-se Mr.Tavares petitioner'new attorney.(MNT TE 17,30,43).The petitioner alleged that he did not receive effective assistance of counsel based on a number of errors.

Specifically,the petitioner argued before the trial judge that the following constituted ineffective assistance of counsel. First, the defense attorney broken his promise to the jury when he failed to call an alibi witness whom he had assured he would produce in his opening statement : Next the defense attorney failed to exclude

---

3/ "The defendant-petitioner is going to call people to the stand that are going to tell you where he was at approximately 11,10 to 11 P.M.and basically the facts in this case,up to a certain point you're going to hear from all the witnesses are the same. Things, change when we get at that certain point in time,and the defendant petitioner is going to call witnesses for you that will indicate for you and tell you where he was at that point in time and where people went and what people did.
    I submit to youthat you're going to find ,based on the defendant's as petitioner,witnesses and based on the witnesses who take the witness stand for the Commonwealth,that the Commonwealth can not prove their case(Tr.Vol.2/54-55)".

(11)

testimony regarding the conclusions of the rape kit testing and improperly stressed the conclusions during cross-examination; Next the defense attorney failed to request any testing ,either blood grouping or DNA :Further the defense attorney failed to request for independent examination of the clothing of the complaining witness;Additionally defendant attorney failed to seek proper sanctions against the Commonwealth,since the rape kit and sample were lost:Also defense attroeny failed to emphasize or present to the court any arguments regarding the prejudice suffered by the petitioner based upon the potential exculpatory evidence which was lost,and finally, the failure of his initial appellate attorney to raise a number of issues on his direct appeal.(MNT 1-4).

## SUMMARY OF ARGUMENT

The trial judge committed reversible error by denying Mr.Tavares his motion for a new trial,because the decision was manifestly unjust and was ineffective with Constitutional errors. Mr.Tavares petitioner are argues that he received ineffective assistance of both trial and appellate counsel.

(12)

Mr.Tavares petitioner contends he received ineffective assistance of counsel based on the trial counsel's failure to fulfill his promise to the jury in opening statement, failure to exclude hearsay, failure to seek an independent examination of forensic evidence, and failure to exclude testimony of lost evidence. Further his appellate counsel was ineffective because of the failure to raise these issues on direct appeal. These errors deprived Mr. Tavares of his right to effective assistance of counsel as guaranteed by Article 12 of the Massachusetts Declaration of Rights and under the Sixth and Fourteenth Amendment of the United States Constitution; Petitioner was entitled to effective assistance of counsel at trial and appeal. Trial counsel's and appellate's representation fell below an objective reasonable standard whcih resulted in insurmountable prejudice to petitioner. Thus pursuant to 28 U.S.C.A.§ 2254 and 2255 petitioner's petition for Writ of Habeas Corpus should be granted and he should be released from state custody. Strickland V.Washington 466 U.S.668,687-688,694-96 (1984):State V.Bradley 42 Ohio st.3d, 136 (1989),cert denied ,497 U.S.1011,(1990).and constitute a substantial miscarriage of justice (Pp.15-43).

(13)

1) THE DEFENSE COUNSEL"S APPOINTED BROKEN PROMISE TO THE TRIAL JURY IN HIS OPENING STATEMENT THAT HE WOULD PRODUCE ALIBI WITNESSES WHICH HE FAILED TO PRODUCE AT TRIAL,CONSTITUTES INEFFECTIVE OF COUNSEL.

Mr.Tavares petitioner'attorney at trial promised to the jury in his opening statement;

> "The defendant is going to call people to the witness stand that are going to tell you where he was at approximately 11,10 to 11 p.m.; and basically the facts in this case,up to a certain point,you're going to hear from all the witnesses are the same.""Things change when we get to a certain point in time,and the defendant is going to call witnesses for you that will indicate for you and tell you where he was at that point in time and where people went and what people did.'
> "I submit to you that you're going to find,based on the defendant's witnesses and based on the witnesses who take the witness stand for the Commonwealth ,that the Commonwealth cannot prove their case " (Tt. Vol.2/54-55).

The defense attorney failed to deliver his promise to the jury, noting indicates that he made any attempt,such as a subpoena,to mandate the alibi witnesses to be present.[4] Only two witnesses, the Emergency Medical Techicians,who transported the complaining witness,were called to testify during the defendant-petitioner's case-in-chief.(Tr.Vol.4/155,161). The unfulfilled promise was emphasized by the prosecution during closing argumrnt when he reminded the jury that the defense counsel,"Told you in his opening that he was going to produce witnesses to tell you where the defendant was when the incident happened....he presented no evidence no person that they could find after four years to tell you where he was if he wasn't with her....."(Tr.Vol.5/77-78).

Mr Tavares petitioner contends such an unfulfilled promise

(14)

by his defense counsel constitutes ineffective................
assistance of counsel which substantially prejudiced him and mandates reversal: Writ of Habeas Corpus 28 U.S.C.A.2254-2255;

In 1988, the First Circuit Court of Appeals concluded the defendant was denied effective assistance of counsel, because his trial counsel had promised the jury in the opening statement that he would produce certain expert witnesses who the defense attorney then failed to produce;The First Circuit reversed the case because the error went to the heart of the defense and was prejudicial. ANDERSON V.BUTLER,858 F.2d 16,18-19(1st Cir.1988).In Anderson,the defense counsel promised that he would produce a psychiatrist and psychologist to testify about the defendant's condition,however, during the case he merely called lay witnesses,and then rested.[5/] ANDERSON V.BUTLER,858 F.2d at 16. The First Circuit reasoned that because trial counsel's prejudicial error went to the vitals of the defense and that no juror would ignore it,prejudice resulted requiring reversal.ANDERSON V.BUTLER 858 F.2d.at 18-19:See also UNITED STATES V.HONORIA GONZALEZ-MALDONADO,115 F.3d 9,(1st Cir.1997) (convictions vacated and case was remanded because the defense attorney was unable to produce certain witnesses at trial which he had promised the jury in the opening statement because of a subsequent court ruling; but see COMMONWEALTH V.CARNEY,34 Mass.App.Ct.922, 610 N.E.2d 975,976 (1993).

Anderson is substantially similar,since in the instant case the defense counsel also promised the jury that he would call certain witnesses who"are going to tell you where he

---

[4/] It is important to note that a notice of alibi was filed on November 20/1986.(TE. 55).

(15)

(the defendant-petitioner) was at approximately 11,10 to 11 p.m.. and the defendant-petitioner is going to call witnesses for you that will indicate for you and tell you where he was at that point in time and where people went and what people did."(Tr.Vol.2/54-55). As in Anderson ,trial counsel failed to call such witnesses, which "was a very bad decision......[and] was inexcusable......." Id at 18. The failure to call the alibi witnesses certainly went to the vitals of the defense in the case at bar,since the defense was that Mr.Tavares petitioner did not commit the charges against him; the promise and then failure to produce the witnesses was prejudicial,because the defense attorney's recital of such powerful evidence during his opening ,then failure to produce it, cannot be disregarded as harmless.Id at 19. Such an error mandates reversal.

In 1986,the Supreme Judicial Court held when the defense counsel leaves a client "denuded of a defense"ineffective assistance of counsel occurs.COMMONWEALTH V.TRIPLETT,398 Mass.561,569,500 N. E.2d 262,267 (1986). In the instant case ,Mr.Tavares petitioner was denuded of a defense,"Since the defense counsel failed to call any alibi witnesses,after he had promised the jury that he would present them. As in TRIPLETT,Mr Tavares was denied effective assistance of trial court counsel.

---

5/ The defense rested the day after he had given his opening statement ANDERSON V.BUTLER 858 F.2d at 16.

(16)

Defense counsel's broken promise constitutes behavior which falls measurably below that expected from an ordinary attorney since "it was inexcusable to have given the matter so little thought at the outset as to have made the opening promise." ANDERSON V. BUTLER ,858 F.2d at 18;SEE also COMMONWEALTH V.SAFERIAN ,366,Mass at 96,315 N.E.2d at 882-883. Further,better work certainly would have resulted for Mr.Tavares petitioner' defense had the alibi witnesses been presented as trial counsel promised. In addition, such an error constitutes a substantial risk of a miscarriage of justice. First,the evidence of guilt was not overwhelming,the petitioner had verbally denied his guilt at the time of arrest; the evidence shows the alleged complaining witness consumed a substantial amount of alcohol,and her statement to Scott Ashworth indicated that she was hitchhiking before she was beaten up and was rape,further she failed to mention Mr.Tavares petitioner' name to Mr.Ashworth.(Tr.Vol.2/96;Vol.4/109,167).Next ,the broken promise was significant in the context of the trial,since the defense counsel stressed to the jury at the begining of the trial that these alibi witnesses would provide an explanation of the petitioner's whereabouts at the time of the allegd incident;additionally,the prosecution emphasized the ommission in his closing argument.(Tr.Vol.5/77-78). Finally ,nothing from the record indicates that this was a tactical decision; defense counsel raised expectations of the jury in the opening statement,then left them speculating at the close of the case,prudent counsel would not have made any promises in an opening statement which he could not present to the jury. Such an error constitutes a substantial risk of a miscarriage of justice; Thus,

(17)

trial counsel's performance deprived Mr.Tavares petitioner of effective assistance of counsel guaranteed by the Sixth and the Fourteenth Amendment of the United States Constitution and Article XII of the Massachusetts Declaration of Rights.

### 2 THE DEFENDANT AS THE PETITIONER WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL BECAUSE HIS TRIAL COUNSEL NOT ONLY FAILED TO OBJECT AND EX-CLUDE HEARSAY TESTIMONY REGARDING LOST EVIDENCE,BUT ALSO STRESSED THE INADMISSIBLE TESTIMONY DURING CROSS-EXAMINATION:

In the instant case,Dr.Barbieri,the gynecologist who obtained evidence for the rape kit from Ms.Aubuchon,testified at the trial. (Tr. Vol.4/66).Not only did he provide detailed testimony based upon first hand knowledge but he also erroneously testified to the semen testing results which he had no first hand knowledge of on first hand knowledge of on direct examination,which the petitioner's trial counsel should have ,at minimum, objected to,then his trial counsel again stressed this inadmissible evidence on cross-examination. (Tr.Vol.3/69,76,78).Following this testimony,at a sidebar conference, the defense attorney objected to any testimony regarding the issue of rape kit,since it was lost.(Tr.Vol.3/82-83;Vol 4/130). At a minimum,prior to sidebar,Mr.Tavares petitioner trial counsel should have objected to the prejudicial hearsay comment of Dr.Barbeiri who testified to the conclusions of the medical test which he did not conduct that indicated semen was present.(Tr.Vol.3/78). Certainly, if the prejudicial hearsay has been excluded from evidence better work might have accomplished something material for the defense. Such an error suggests incompetency and inattention of counsel falling measurably below an ordinary fallible attorney,since this

(18)

hearsay statement was the only testimony suggesting that a rape may have occurred. SEE COMMONWEALTH V. SAFERIAN, 366 Mass. at 90, 315 N.E.2d at 883. Unfortunately, the defense counsel failed to object, then inappropriately stressed this harmful error on cross-examination. (Tr.Vol.3/76. The trial judge recognized the prejudicial effect of doctor's testimony; also, the defense attorney acknowledge this harm by his statements to the trial judge during a side bar discussion which conceded that the jury was certainly aware that semen was present from this testimony.[6/] (Tr.Vol.3/83). Based on this error, a substantial risk of a miscarriage of justice occurred, because other than Dr.Barbieri's hearsay testimony, there was no testimony presented of possibility of a rape; Ms.Aubuchon testified that she had no knowledge as to whether she had been raped, because she had blacked out and had no memory.(Tr.Vol.4/58,59,67). Thus, the inadmissible hearsay comments substantially prejudiced Mr.Tavares.

In 1997, the Appeals Court set aside a conviction because the Commonwealth failed to present any direct evidence that the defendant committed the crime. COMMONWEALTH V.WHYTE 43 Mass.App.Ct 920,921,684,N.E.2d 625,656 (1997). The Court found the Commonwealth's evidence was insufficient,"[b]ut for the ' substantive, probative force' of inadmissible hearsay evidence..... "COMMONWEALTH V.WHYTE, SUPRA ,citing COMMONWEALTH V.FRISINO 21.Mass.App.Ct.551,553,N.E. 2d 51, 53 (1986).

---

[6/] The trial judge stated "Gentlemen, there is no question that this jury at this point is going to be satisfied there is sperm in this girl's vagina, whether it was there for a week or any hour."(Tr. Vol.3/83).

(19)

Whyte is substantially similar to the case at bar, because the only evidence that a rape may have occurred was the inadmissible hearsay evidence of Dr. Barbieri. Such prejudicial evidence may have affected the outcome of the trial, and like Whyte, "the consequence of such....[inaction] on the part of counsel , in our judgment are such as to deprive the defendant of a fair trial." Id (quotations omitted).

In 1992 , the Appeals Court reversed a conviction , because of the trial attorney's failure to exclude a highly prejudicial statement which any "'ordinary fallible lawyer' would have sought to keep out." COMMONWEALTH V. GILLETTE 33 Mass.App.Ct.427,431,600 N.E.2d 1009,1011 (1992). The GILLETTE Court determined that an effort made by counsel would have been successful and would have made a difference,"not only would better work have succeeded in keeping the highly prejudicial statement out of the case, but better work would have accomplished something material for the defendant-petitioner. No reasonable trial strategy to justify the ommission has been suggested by the Commonwealth, nor can we imagine any." COMMONWEALTH V. GILLETTE 33 Mass.App.Ct.at 432,600,N.E.2d at 1012.

The reasoning in GILLETTE should be applied to the instant case. The prosecutor emphasized the prejudicial effect of the statement in opening argument. (Tr.Vol.2/44;Vol.5/65,71). The petitioner's trial attorney failed to make any effort to exclude the testimony and prejudiced his client by repeating the hearsay conclusion, which according to GILLETTE is not justified by any

(20)

reasonable trial strategy.As in GILLETTE,Mr.Tavares petitioner' conviction should be reversed .

In 1999,the Supreme Judicial Court reversed the defendant's convictions and order a new trial,because he was deprived effective assistance of counsel.COMMONWEALTH V.PETERS,429 Mass.22,705 N.E. 2d 1118 (1999).The Court explained that an "'ordinary fallible lawyer' would have recognized that objections should have been made.. concerning the substance of her conversations....."COMMONWEALTH V. PETERS ,429,Mass.at 31-33,705 N.E.2d 1124-1125. Further,the cross-examination ,"by the defendant's trial counsel....was inept..."Id. Additionally,the Court explained that there should have been a motion to strike.Id. The PETERS Court concluded that as a result of the deficient performance of trial counsel,the defendant lost an available ground of defense,and reversed the case because"[W]here the case hinged on the issue of credibility,the deficient represent-ation provided by the defendant's trial counsel,and what flowed from it,cast doubt on the validity of the jury's verdict."Id.

In the instant case,Mr.Tavares petitioner' trial counsel failed to object to improper hearsay on direct,then stressed this point to the jury during cross-examination. As in PETERS, this case focused on the credibility of the complaining witness,thus these errors cast doubt on the validity of the verdicts. Therefore,as in PETERS,a new trial should be ordered.

The errors constitute a substantial risk of a miscarriage of justice,since this inadmissible statement by Dr.Barbeiri was the only testimony that a rape may have occurred,there is a genuine issue of guilt or innocence and the error is certainly significant