(21)

as evidenced by the fact that the judge's own statements after the doctor's testimony that the jury knew that sperm was present (Tr. Vol.3/83): nothing in the record demonstrates that the failure to object was a reasonable tactical decision,as emphasized by the sidebar conversation.COMMONWEALTH V.AMIRAULT,SUPRA.

Under the Sixth and Fourteenth Amendment of the United States Constitution and Article 12 of the Massachusetts Declaration of Rights. Petitioner was entitled to effective assistance of counsel at trial.His trial counsel's representation fell below an objective reasonable standard which resulted in insurmountable prejudice to petitioner for a Writ of Habeas Corpus should be granted,and he should be released from State custody.STRICKLAND V.WASHINGTON ,466 U.S.668,687-88 ,694-96 (1984):STATE V.BRADLEY 42 OHIO ST.3d 136 (1989), cert.denied ,497 U.S.1011 (1990).

These serious errors made by trial counsel affected the jury ,if the information had been adequately excluded,challenged, and not stressed,then the jury would not have been presented with any evidence regarding the presence of semen or possibility of rape. This conduct constitutes a substantial risk of a miscarriage of justice by depriving Mr.Tavares petitioner of effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendment to the Constitution of the United States and Article XII of the Massachusetts Declaration of Rights.

    3.  DEFENSE COUNSEL"S FAILED TO SEEK INDEPENDENT EXAMINATIONS AND FORENSIC TEWSTING WHICH MAY HAVE CONTAINED EXCULPATORY EVIDENCE CONSTITUTES INEFFECTIVE ASSISTANCE OF COUNSEL:

(22)

In the case at bar,trial counsel failed to file any
motions seeking independent examination of either the clothing
of the alleged victim or the forensic sample obtained from the
complaining witness.

Although trial counsel filed a number of motions prior
to trial 'Motion for discovery of Medical evidence,Exculpatory
evidence -prior Complaints of rape by alleged victim,Motion to
have Victim Examined,Motion for Exculpatory evidence-out-of-court
Identification,Motion for Exculpatory Evidence-Psychiatric History
of alleged Victim,Motion for Preservation of notes and tapes,and
a Motion for Alibi ,he failed to file any motions addressing this
critical issue. (TE 14-16).

"Clothing often contains forensic evidence which can
be used to identify the attackers. Acid phosphatase and sperm
secretions are frequently found in stains left in the clothing
of rape victims after sexual assault.....the items that have a high
probability of containing semen (e.g. bedding,clothing,upolstery)
can be logically identified in many instances" Practical Aspects
of Rape Investigation,Robert Hazelwood and Anne Wolbert Burgess,
CRC Press,p.95,(1995). In addition,tests for semen can be performed
if dried or removed from the surface and a forensic laboratory can
determine that the unidentified substance recovered is semen if
male reproductive cells are present, Id at 91-94.

In the case at bar,Mr.Tavares petitioner was substantially
prejudiced by trial counsel's error in failing to seek any testing
on the clothing. The clothing was the only evidence which was not
lost by the Commonwealth which could have been tested. The clothing

(23)

may have revealed some forensic evidence which may have been exculpatory to the petitioner.

Also ,trial counsel should have requested independent and more detailed rape kit testing. A number of tests can be performed on semen samples which could have excluded the petitioner such as; Blood Group Substances [7] and D.N.A.testing.[8] However,in the instant case ,the defense counsel's failure to seek any testing on the clothing or an independent and more detailed,testing on the rape kit evidence,resulted in the petitioner's inability to challenge the conclusions of the semen test results which was the only evidence although improperly admitted,which suggested rape. Thus ,Mr.Tavares petitioner was substantially prejudiced by these errors.

Certainly  ,failing to file a motion requesting

---

7/Blood group substances determines whether the perpetrator was a secretor or non secretor;if the perpetrator is a secretor then the blood type may be identified,80% of the population is a secretor;in the event that the perpetrator is a non secretor then it is possible to exclude the petitioner based on that conclusion.Practical Aspects of rape Investigation,Robert Hazelwood and Anne Wolbert Burgess,CRC Press,p.92(1995).

8/ D.N.A.is a linear molecule consisting of two strands of 4 nucleic acides (adenosine ,thymidine,cytosine,guanosine)that are covalently linked by phosphodiester bonds.).Testing allows for analysis of polymorphic genetic markers encoded in the linear sequence of D.N.A. which can be used for both exculpatory and inculpatory purposes.MCLE, DNA and other Scientific evidence,How to Use It and Challenge It in the Courtroom,The Development of DNA Typing Methods For Forensic Analyses,David H.Bing,Harry L.Miles,Frederick R.Bieber,(1999), PP.105-107.

(24)

testing is incompetent ,inefficient,and inattentive conduct which is below that of an ordinary fallible lawyer.SEE COMMONWEALTH V. SAFERIAN SUPRA. Further,such inattention deprived Mr.Tavares petitioner of a substantial ground of a defense,since the evidence may have been exculpatory,however that will not be known,since the forensic specimens were never tested and are now lost.

This omission constitutes a substantial risk of a miscarriage of justice,since the evidence of guilt is not overwhelming, if testing had been done the prejudicial evidence could have been challenged,the complaining witness had no memory that Mr.Tavares petitioner rape her. Further the failure to test is signifcant, because the defense counsel could have challenged the testing procedures,and presented evidence of the defendant-petitioner's exclusion. The improperly admitted evidence regarding the semen is the only evidence suggesting rape,testing the sample could have rebutted that fact,and nothing indicates any tactical reasons for this omission.SEE COMMONWEALTH V.AMIRAULT,SUPRA. As a result , Mr.Tavares was denied his Constitutional rights to effective assistance of trial counsel which are guaranteed by the Six and Fourteenth Amendment to the United States Constitution and Article XII of the Massachusetts Declaration of Rights.

4.    DEFENSE COUNSEL'S FAILURE TO EXCLUDE
LOST EVIDENCE TESTIMONY AND HIS
FAILURE TO FILE ANY MOTIONS REGARDING
THE ISSUE DEPRIVED THE PETITIONER  OF
EFFECTIVE ASSISTANCE OF COUNSEL:

(25)

In the case at bar,the trial counsel also failed to file any motions precluding the introduction of testimony or evidence arising out of lost evidence. Although trial counsel filed a number of motions prior to trial,he failed to file any motions in limine or motions seeking sanctions against the Commonwealth on this particular subject. [9/] (TE 10-53). The Commonwealth lost  the forensic evidence of the complaining witness.(Tr.Vol.3/82-83; Vol.4/130). No testimony regarding this evidence should have been admitted,in addition,counsel's inattention and incompetency was demonstrated by his failure to object and exclude hearsay conclusions of testing and/the sperm certificate . At a minimum ,trial counsel should have sought to exclude findings from the lost evidence,since the evidence was lost,the defense could not challenge those conclusions or conduct any independent testing.

"[T]he Commonwealth has a duty to not destroy exculpatory evidence; rather ,it must preserve such evidence for the petitioner to inspect,examine,or perform tests on,if he so chooses....This obligation grows out of the Commonwealth's duty to disclose evidence favorable to an accused upon request....where the evidence is material either to guilt or punishment.'"COMMONWEALTH V.SASVILLE

35 Mass.App.Ct.15,19,616 N.E.2d 476,479 (1993)(citations omitted).
9/ Motion for Discovery of Medicial Evidence,Exculpatory evidence-prior complaints of rape by alleged victim,Motion to have victim examined,Motion for exculpatory evidence -out-of-court,Identification; Motion for Exculpatory evidence-Psychiatric history of alleged victim; Motion for preservation of notes and tapes;Motion for Alibi.(TE 10-46,55).

(26)

Further,"'the loss [or destruction] of evidence which is material and potentially exculpatory poses special problems for the petitioner because he is put in a position where he is unable to establish the exculpatory nature if the lost evidence'' COMMONWEALTH V.SASVILLE 35 Mass.app.ct.at 20 ,616 N.E.2d at 480,citing COMMONWEALTH V.OLSZEWSKI,401 Mass.749,753-754,519 N.E.2d 587,590 (1988). The petitioner need not show conclusively the exculpatory nature of the destroyed evidence,but rather ,must establish.a reasonably possibility .....that access to the [destroyed material] would have produced evidence favorable to his cause."COMMONWEALTH V. SASVILLE,35 Mass.App.Ct.at 20,616 N.E.2d at 480 ,citing COMMONWEALTH V.NEAL 392 Mass.1,12,465 N.E.2d 1356,1364 (1984).

In the case at bar ,the Commonwealth either destroyed and/or lost the forensic sample collected from the complaining witness while she was admitted at Massachusetts Eye and Ear before the petitioner had an opportunity to inspect,examine,or perform any independent examinations, During the trial ,Dr.Barbeiri testified that he obtained evidence for a rape kit while examining the alleged victim,he placed the sample in a box,and he gave one set to the Massachusetts Eye and Ear security and another to the pathology lab at Massachusetts General Hospital.(Tr.Vol.3/66-68).

Defense counsel waited under after Dr.Bareiri's testimony when the jury was not longer present to discuss the fact that the rape kit had been lost while in the custody and control of the Commonwealth .(Tr.Vol.3/82-83;Vol.4/130). At that time ,the trial judge determined that the Commonwealth would not be able to present any other witnesses on this subject,because the evidence had been lost and/or destroyed.(Tr.Vol.82-83;Vol .4/130). Unfortunately for

(27)

Mr.Tavares petitioner ,his attorney failed raise this argument prior to Dr,Barbeiri's testimony. Dr,Barbeiri testified to hearsay statements which indicated that semen test concluded that semen was present without any objection .(Tr.Vol.3/69,76,78).In addition ,the defense attorney repeated this highly prejudicial hearsay statement during cross-examination.[10](Tr.Vol..3/76).Since the defense attorney failed to file any motions regarding the lost or destroyed evidence issue and failed to bring this issue to the attention of the jury, he fell below the standard of a reasonably ordinary fallible attorney. See COMMONWEALTH V.SAFERIAN ,SUPRA ,At a minimum,the issue should have been addressed,since it is well established that when the petitioner demonstrates that the Commonwealth destroyed potentially exculpatory ,then the judge must entertain a balancing test to determine the appropriateness and extent of action.COMMONWEALTH V. SASVILLE 35 Mass.App.Ct.at 21-22,616,N.E.2d at 480.The trial judge must weigh the culpability of the Commonwealth,the materiality of the evidence,and the potential prejudice to the petitioner .Id.

In the instant case,trial counsel failed seek any remedy or sanctions;he merely mentioned it to the court.(Tr.Vol.3 /83; Vol..4 /130). In addition ,the trial judge did not consider the balancing test,although he precluded further testimony on the rape kit,he did not strike the prejudicial hearsay conclusion that sperm was present .(Tr.Vol.3/78,83;Vol.4/130). This error by the defense attorney resulted in his failure to adequately protect Mr.Tavares petitioner'constitutional right to due process and a fair trial.

10/ Defense attorney asked Dr.Barbeiri ,"And you sent it out to some labs,and it came back that there was sperm present?"(Tr.Vol.3/76).

(28)

In Massachusetts ,the Supreme Judicial Court has "repeatedly stressed the need for prosecutors and police to do their utmost to preserve and present 'exculpatory evidence which is available to the prosecution.'"(Emphasis supplied). COMMONWEALTH V.OLSZEWSKI 401 mass.at 754,519,N.E.2d at 590. Furthermore,the court in OLSZEWSKI explained the circular problem with addressing the lost and/or destroyed evidence issue;

> [b]ecause [if]the [evidence has] been destroyed,
> it is no longer possible to determine whether
> the petitioner would have obtained any evidence
> of an exculpatory nature had [it] been made
> available to him for inspection or examination.
> to require the petitioner at this stage to prove
> that the[evidence was] in fact exculpatory would
> however convert the disclosure duty established
> in BRADY,and its progeny into an empty promise.
> COMMONWEALTH V.OLSZWESKI ,401 Mass.at 754,519
> N.E.2d at 590.

In the instant case ,Mr.Tavares faces this exact problem; the forensic evidence was lost,no longer is possible for him to test,inspect,or examine the evidence,and he is unable to prove the exculpatory nature of it. As a result,the Commonwealth's culpability should be assessed,and the materiality of the evidence should be weighed,which in this case undisputed,since the testimony and findings were the only evidence presented that even remotely indicated a rape may have occurred and that cannot be challeneged, because it was lost. Finally ,Mr.Tavares petitioner suffered tremendous prejudice from the admission of this evidence ,as evidenced by the judge's statement.(Tr.Vol.3/83).

Since this evidence is likely to have been a factor in the jury's deliberations,and if the evidence had been improperly tested and/or found to contain exculpatory evidence,that the petitioner was certainly prejudiced and possibly deprived of a defense.Clearly,

(29)

trial counsel's failure to file any motions regarding the subject
of the lost/destroyed evidence was conduct falling measurably
below an ordinary attorney; better work would have resulted from
the exclusion of such evidence,since the jury would not have been
presented with any evidence regarding the semen. Because the
evidence of guilt was not overwhelming,the errors and ommissions
were significant in the context of the entire trial,and the record
fails to demonstrate any tactical reasons for such errors,the
ineffective assistance of Mr.Tavares petitioner 'trial counsel
constitutes a substantial miscarriage of justice.SEE COMMONWEALTH
V.AMIRAULT,SUPRA. Mr.Tavares petitioner is entitled to a reversal
of his conviction based on the violation of Constitutional rights
as guatanteed by the Sixth and Fourteenth Amendment to the
Constitution of the United States and Article XII of the Massachusetts
Declaration of rights. Petitioner was entitled to effective
assistance of Counsel at trial.His trial counsel's presentation
fell below an objective reasonable standard which resulted in
insurmountable prejudice to petitioner for a Writ of Habeas Corpus
should be granted,and he should be release from State custody.
STRICKLAND V.WASHINGTON 466,U.S.668,687-88,694-96 (1984):STATE V.
BRADLEY 42 OHIO ST 3d 136 (1989),Cert.denied ,497 U.S.1011(1990).

> 5.  **APPELLATE COUNSEL FAILED TO RAISE
> APPELLATE ISSUE AND THESE ISSUES
> DEPRIVING MR.TAVARES PETITIONER OF
> EFFECTIVE ASSISTANCE OF COUNSEL:**

Mr.Tavares petitioner'contends that his appellate counsel
on direct appeal deprived him of effective assistance of counsel.

(30)

In the instant case,Mr.Tavares petitioner argues that his appellate counsel's failure to argue the trial counsel's ineffective assistance of counsel claims on appeal was itself ineffective .(TE.12-14). If this court finds ,that any of the actions of trial counsel were ineffective, then the appellate attorney's failure to raise these issues on direct appeal was also ineffective. See BREESE V.COMMONWEALTH 415 Mass.249,252,612 N.E.2d. 1170(1993): Appointed trial and appellate counsel appointed were grossly ineffective in violation of the Sixth and Fourteenth Amendment of the United States COnstitution"KIMMELMAN V.MORRISON 477,U.S.363 at 377,(1986):Quoting STRICKLAND V.WASHINGTON 466 U.S.668,at 685 (1984).Thus ,the right to counsel is the right to a effective assistance of counsel.STRICKLAND V.WASHINGTON SUPRA AT 686:KIMMELMAN V.MORRISON SUPRA 377:EVITTS V.LUCEY 469,U.S.387 at 401 (1985):And the State bears the risk of defective assistance of counsel,MURRAY V.CARRIER 106,S.CT.2639 at 2646,477 U.S.478 ,at 488 (1986):ACCORD KIMMELMAN SUPRA at 379.

In 1996,the Massachusetts Appeal Court reversed and set aside a conviction for possession of cocaine with intent to distribute.COMMONWEALTH V.CORMIER 41 Mass,App.ct.76,77-78,668 N.E. 1329,(1996).The court concluded that appellate counsel's failure to raise the issue of sufficiency of the evidence which was in fact insufficient to sustain a conviction constitutes ineffective assistance of counsel.Id.

(31)

Mr.Tavares petitioner contends that the issues already raised regarding his trial counsel's ineffective assistance of counsel indicate that appellate counsel's failed to not raise them rises to the level of serious incompetency,falling measurably below that which might be expected from an ordinary fallible lawyer and deprived Mr.Tavares of a defense and fair trial.See COMMONWEALTH V.SAFERIAN SUPRA . The appellate attorney failure also ineffective assistance of counsel on direct appeal,SEE BREESE V.COMMONWEALTH 415 Mass.249,252,612,N.E.2d 1170 (1993): Appointed trial counsel and appellate counsel were grossly ineffective assistance counsel in violation of the Sixth and Fourteenth Amendment of the United States Constitution,"KIMMELMAN V.MORRISON   477 U.S.363 at 377,(1986):Quoting STRICKLAND V. WASHINGTON 466,U.S.668 AT 685 (1984):Thus ,the right to counsel is the right to effective assistance of counsel.STRICKLAND V. WASHINGTON SUPRA at 686;KIMMELMAN V.MORRISON SUPRA 377:EVITTS V. LUCEY 469 U.S.387 at 401 (1985):And the state bear the risk of defect assistance of counsel,MURRAY V.CARRIER 106,S.CT.2639 at 2646,477 u.s.478 ,at 488 (1986):ACCORD KIMMELMAN SUPRA at 379.Thus Mr.Tavares petitioner is entitled to reversal of his conviction and he should be release under this Writ of Habeas Corpus should be granted,and freedom from state custody,so he is release from unlawful confinement of restraint.,Based  on the violation of Article XII of the Massachusetts Declaration of rights,and by the Sixth and Fourteenth Amendment of the United States Constitution.

(32)

C  **MR.TAVARES PETITIONER IS ENTITLED
TO HIS WRIT OF HABEAS CORPUS 28 .
U.S.C.A.§2254,BECAUSE THE INEFFECT-
ASSISTANCE OF HIS TRIAL COUNSEL AND
APPELLATE COUNSEL RESULTED IN A
SUBSTANTIAL MISCARRIAGE OF JUSTICE**

The petitioner Mr.Tavares should be granted has Writ

Habeas Corpus unlawful confinement or restraint,28 U.S.C.A.§2254

wherefore the denial of his motion for new trial should be reversed,

because Mr.Tavares was denied effective assistance of counsel which

he is guaranteed by the Sixth and Fourteenth Amendment of the United

States Constitution and Article XII of the Massachusetts Declaration

of rights,and the denial caused a substantial risk of a miscarriage

of justice. Based on the errors raised, serious doubt exists as to

whether Mr.Tavares petitioner' guilt was fairly adjudicated,there-

fore the denial of the motion for new trial should be reversed.

See COMMONWEALTH V.AMIRAULT 414 Mass.at 646-647,677 N.E.2d at

671. STRICKLAND V.WASHINGTON SUPRA at 686:KIMMELMAN V.MORRISON SUPRA.

377.... As a result of these claims,it has been clearly demonstrated

that the petitioner's trial and appellate counsel's conduct

fell below the ordinary standard of a reasonable trial counsel,

that the petitioner suffered prejudice,and that better work might

have resulted in something material for the defense.Mr.Tavares was

denied his rights under the Sixth and Fourteenth Amendment of the

United States Constitution as well as Article XII of the Massachusetts

Declaration of Rights.

(33)

upon ruling on the motion for a new trial ,Sheehan J. simply denied the motion. He failed to make any particular finding as to whether or not there were sufficient reasons enunciated in the motion for a new trial .See Commonwealth V.Gogan 389 Mass.255 259-260 ,449 N.E.2d 365,369 (1983):Lena V.Commonwealth Supra Judge Sheehan failed to make any findings on any of these issues. The general denial precluded Mr.Tavares from understanding or challenging the specifics of the denial.

Unfortunally,since no finding were ever made ,the reasons for this decision cannot be factually challenged.As a result Mr.Tavares petitioner has been denied his Constitutional rights "of every citizen to be tried and heard on all motion's by judges as free, impartial and independent as the lot of humanity will admit. Massachusetts Declaration of Rights Article XXIX.In addition he has been denied his rights to a fair trial and due process as secured by the Sixth and Fourteenth AMendment of the United States Constitution and Article XXII and XXIX of the Massachusetts Declaration of Rights.

### ******CONCLUSION******

Based on the foregoing arguments and authorities,and the record in this case,this honorable court is respectfully urged to grant the petitioner 28 U.S.C.A.2254 and release him from unlawful confinement/or/restraint,further petitioner life sentence under #13504 indictment should be vacated,and petitioner should be set free,under

28 U.S.C.A.2254 and 2255.

All  the above said is true and signed under the pains and penalties of perjury on this _30_ day of November 2004;The petitioner

(34)

specifically present the ineffective assistance of counsel under
the sixth and fourteenth Amendment of the United States Constitution
the by binding this court and all Federal Courts to the correct
Federal Test."Though may differ as to the precise content of the
Sixth and Fourteenth Amendment guaranty of effective assistance of
Counsel in criminal cases,There is only one Constitution guaranty
not fifty,"Cepulonis V.Ponte 699 F2d,573,at 575 (st cir)1983)".
"The content of that guaranty is a Federal Jurishidction Id.


C/C: Daniel I.Smulow,Esq,          RESPECTFULLY SUBMITTED
     E/T/Files;                     MR.EDWARD TAVARES JR PRO-SE
                                    P.O.BOX 466
                                    GARDNER MASS.01440

**ADDENDUM**

**UNITED STATES CONSTITUTION**

**SIXTH AMENDMENT**

In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed; which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defence.

**FOURTEENTH AMENDMENT**

**Section 1.** All persons born or naturalized in the United States and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside.  No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

I

## MASSACHUSETTS DECLARATION OF RIGHTS

### ARTICLE XII

No subject shall be held to answer for any crimes or offence, until the same is fully and plainly, substantially and formally, described to him; or be compelled to accuse, or furnish evidence against himself. And every subject shall have a right to produce all proofs, that may be favorable to him; to meet the witnesses against him face to face, and to be fully heard in his defence by himself, or his counsel, at his election. And no subject shall be arrested, imprisoned, despoiled, or deprived of his property, immunities, or privileges, put out of the protection of the law, exiled, or deprived of his life, liberty, or estate, but by the judgment of his peers, or the law of the land.

And the legislature shall not make any law, that shall subject any person to a capital or infamous punishment, excepting for the government of the army and navy, without trial by jury.

### ARTICLE XXIX

It is essential to the preservation of the rights of every individual, his life, liberty, property, and character, that there be an impartial interpretation of the laws, and administration of justice. It is the right of every citizen to be tried by judges as free, impartial and independent as the lot of humanity will admit. It is, therefore, not only the best policy, but for the security of the rights of the people, and of every citizen, that the judges of the supreme judicial court should hold their offices as long as they behave themselves well; and that they should have honorable salaries ascertained and established by standing laws.

II