UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDWARD TAVARES, JR., )<br>       Petitioner, )<br>vs. )<br>)<br>STEVEN O'BRIEN, )<br>       Respondent )<br>) | **CIVIL ACTION**<br>**NO. 04-40059-FDS** |

<u>ORDER</u>
March 11, 2005

**SWARTWOOD, C.M.J.**

<u>Nature Of The Proceeding</u>

By Order of Reference dated February 8, 2005, Respondent's Motion For Order To Petitioner To Amend Petition To Include Only Exhausted Claims (Docket No. 12) and Petitioner Motion To Amend His Petition To Include Only Exhausted Claims (Docket No. 15) were referred to me for disposition.[1]

<u>Nature Of The Case</u>

Petitioner has filed a Petition for Writ of Habeas Corpus by a person in state custody in accordance with 28 U.S.C. §2254. Petitioner seeks habeas relief on the grounds that his federal constitutional rights were violated as the result of:

   A.   <u>Ground One</u>: His having been denied effective assistance of counsel at trial;

---

[1] By Order of Reference that same date, this matter has also been referred to me for a determination of the merits of Mr. Tavares's petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. The merits of Mr. Tavares's Petition will be addressed in a separate Report and Recommendation.

    B.    <u>Ground Two</u>: Appellate counsel's failure to raise the issue of ineffectiveness of trial counsel; and

    C.    <u>Ground Three</u>: The trial judge's failure to recuse himself from the trial.

Respondent asserts that Mr. Tavares has failed to exhaust his state court remedies with respect to his third asserted ground for relief. Respondent further asserts that under the circumstances of this case, Mr. Tavares must delete the unexhausted claim. Mr. Tavares, who is proceeding *pro se*, has filed a motion to amend his Petition to delete any unexhausted claims. In that motion, Mr. Tavares indicates that because he has no formal legal training, he was not aware that Ground Three of his Petition was not exhausted and that he is amenable to delete that ground for relief, if necessary, in order to comply with the exhaustion doctrine.

<u>Facts</u>

1.    Petitioner was convicted of aggravated rape and assault with intent to kill. <u>Commonwealth v. Tavares</u>, 57 Mass.App.Ct. 1111, 784 N.E.2d 50 (2002)(unpublished opinion).

2.    Petitioner's appeal of his convictions was denied. Thereafter, Petitioner filed a motion for new trial in which he asserted that he received ineffective assistance from trial and appellate counsel and that the trial judge should have recused himself from the trial because he had previously represented Petitioner in a sexual assault case. Petitioner appealed the

2

denial of his motion for a new trial to the Massachusetts Appeals Court ("MAC").

3.  The MAC affirmed the denial of Petitioner's motion for new trial.  In doing so, the MAC ruled that Petitioner had waived the issue of whether the trial judge should have recused himself by not raising it in his direct appeal. Id.  The MAC then briefly addressed the merits of that claim and concluded that since the determination of recusal is left to the judge's discretion and since a review of the record did not hint at any unfair or prejudicial conduct by the trial judge to Mr. Tavares, the trial judge did not err in denying Petitioner's motion for new trial for failure to recuse himself. Id.

4.  Mr. Tavares then filed an Application For Leave To Obtain Further Appellate Review ("ALOFAR") with the Massachusetts Supreme Judicial Court ("SJC").  Among the claims for relief raised by Mr. Tavares was whether the MAC erroneously affirmed the trial judge's denial of his motion for new trial since the trial judge should have recused himself or at least issued specific findings of fact as to why recusal was unnecessary. See Resp's Supp. App. To Mot. To Order Pet. To Amend Petition To Include Only Exhausted Claims (Docket No. 14), Ex. 6 (ALOFAR), at p. 9.  In support of this claim, Mr. Tavares set forth the facts which warranted the judge's recusal and argued that as a result of the judge's failure to recuse himself, he "ha[d] been denied his rights [sic.] to a

fair trial and due process as secured by the Sixth and Fourteenth Amendments of the Constitution of the United States ..." Id., at p. 19.  Mr. Tavares did not address the fact that the MAC had determined that he had procedurally defaulted this claim.

 5. The SJC denied Petitioner's ALOFAR. Commonwealth v. Tavares, 57 Mass.App.Ct. 1111, 784 N.E.2d 50 (2003).

## Discussion

### The Exhaustion Doctrine

 A federal court may not consider an application for a writ of habeas corpus filed by a person in state custody, unless the petitioner has exhausted his/her state court remedies with respect to all claims raised in such application. See 28 U.S.C. § 2254 (b); see also Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198 (1982). In order to satisfy the exhaustion requirement, a petitioner must establish that the factual and legal bases of his federal claim were "fairly and recognizably presented to the state courts." Adelson v. DiPaola, 131 F.3d 259, 262 (1st Cir. 1997) (citing Picard v. Connor, 404 U.S. 270, 276-277 (1971)).  Thus, the petitioner's claims must have been "presented 'in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question,' for example, by 'specific constitutional language, constitutional citation, [or] appropriate federal precedent'." Fortini v. Murphy, 257 F.3d 39, 44 (1st Cir. 2001) (internal citations and citation to quoted case

4

omitted). However, a petitioner's "passing reference" to a federal constitutional issue is not sufficient to satisfy the fair presentment requirement. Id. It is the Petitioner's burden to demonstrate that all claims asserted in his petition are exhausted. Barresi v. Maloney, 296 F.3d 48, 51 (1st Cir. 2002)(petitioner bears "heavy burden" of demonstrating satisfaction of exhaustion requirement).

### Whether Ground Three Of The Petition Was Exhausted

In his ALOFAR, Petitioner asserted that the trial judge's failure to recuse himself resulted in his having been denied a right to a fair trial and due process in violation of the Sixth and Fourteenth Amendments to the Constitution. A protracted discussion of this issue is simply not warranted. The Petitioner's ALOFAR clearly alerted the SJC that he was raising a federal constitutional claim, albeit in as brief a discussion on the issue as can be said to satisfy the fair presentment requirement. Therefore, the Respondent's motion to order the Petitioner to delete Ground Three is denied.[2]

---

[2] Respondent filed a motion to order the Petitioner to delete his unexhausted claim rather than a motion to dismiss (although the Respondent did request that the Petition be dismissed should Mr. Tavares refuse to delete the allegedly unexhausted claim). Respondent's reason for following this course of action reflects the dilemma faced by some state prisoners who file mixed petitions in this Court as the result of the one year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Without going into great detail concerning this issue, Respondent should be aware that contrary to the position he takes in his memorandum, most, if not all, of the judges in this District have adopted the stay-and-abeyance procedure which would have permitted Mr. Tavares to return to state court and exhaust his remedies with respect to Ground Three without running afoul of the AEDPA's statute of limitations. See Gaskins v. Duval, 336 F.Supp.2d 66, 68 (D.Mass.

Petitioner has filed a motion requesting that his Petition be amended to include only those claims which are exhausted.  Since I have found that Petitioner has fully exhausted his Petition with respect to Ground Three, that motion is denied as moot.[3]

### Conclusion

1.   Respondent's Motion For Order To Petitioner To Amend Petition To Include Only Exhausted Claims (Docket No. 12) is <u>denied</u>; and

2.   Petitioner Motion To Amend His Petition To Include Only Exhausted Claims (Docket No. 15) is <u>denied</u>, as moot.

The Respondent has requested thirty days from the date of this Order to file an Answer.  Respondent shall file his answer to the Petition on or before April 15, 2005.  Any party who wishes to file any further submissions concerning the merits of the Petition shall do so on or before May 27, 2005.

/s/ Charles B. Swartwood<br>
CHARLES B. SWARTWOOD, III<br>
CHIEF MAGISTRATE JUDGE

---

2004)(First Circuit has approved stay-and-abeyance procedure)

[3] Given that the MAC determined that Mr. Tavares procedurally defaulted with respect to this claim, Mr. Tavares faces a substantial burden in establishing that he is entitled to federal habeas relief with respect to this claim.