UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDWARD TAVARES,<br>　　　Petitioner,<br><br>v.<br><br>STEVEN O'BRIEN,<br>　　　Respondent. | )<br>)<br>)<br>)　　Civil Action No. 04-40059-FDS<br>)<br>)<br>)<br>) |

**ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS**

Pursuant to Rule 5 of the Rules Governing Section 2254 cases, the respondent, Steven O'Brien, by and through his counsel, the Attorney General of the Commonwealth of Massachusetts, hereby answers the Petition for Writ of Habeas Corpus (the "Petition") as follows:

　　1.　　The respondent admits the factual allegations contained in paragraph 1 of the Petition.

　　2.　　The respondent admits the factual allegation contained in paragraph 2 of the Petition.

　　3.　　The respondent denies the factual allegations contained in paragraph 3 of the Petition.  Further answering, the respondent states that the petitioner was sentenced to a committed eight to ten year state prison sentence for his conviction for assault with intent to kill, but states that he was sentenced to a term of imprisonment for his natural life for his aggravated rape conviction.  The respondent admits that the petitioner's conviction for assault and battery was filed.

4. The respondent admits the factual allegations contained in paragraph 4 of the Petition. Further answering, the respondent states that the petitioner was convicted for assault with intent to murder, *see* Mass. Gen. Laws ch. 265, § 15, as there is no crime of "Intent to Kill" in Massachusetts.

5. The respondent admits the factual allegations contained in paragraph 5 of the Petition.

6. The respondent admits the factual allegation contained in paragraph 6 of the petition.

7. The respondent admits, on information and belief, the factual allegations contained in paragraph 7 of the Petition.

8. The respondent admits the factual allegations contained in paragraph 8 of the Petition.

9(a)-(c). The respondent admits the factual allegations contained in subparagraphs 9(a)-(c) of the Petition. The respondent admits in part the factual allegation contained in subparagraph 9(d). Further answering, the respondent states that the petitioner, on direct appeal from his conviction, raised claims of prosecutorial misconduct in the Massachusetts Appeals Court. Further answering, the respondent states that the petitioner also claimed that there was insufficient evidence upon which to convict him.

9(e). The respondent is unable to answer the claim asserted in subparagraph 9(e) because it is unintelligible. Further answering, the respondent states that, based upon information and belief, the petitioner did not apply for further appellate review in the Supreme Judicial Court after the Massachusetts Appeals Court affirmed his conviction on direct review.

9(f). The respondent is without sufficient information to answer the factual assertion

contained in subparagraph 9(f).

10. The respondent denies the factual allegation contained in paragraph 10 of the petition. Further answering, and as the petitioner notes in subparagraph 11(a), the petitioner has filed a motion with respect to this judgment other than his direct appeal.

11(a)(1)-(2). The respondent admits the allegations contained in subparagraph 11(a)(1)-(2) of the Petition.

11(a)(3). The respondent admits the factual allegations contained in subparagraph 11(a)(3) of the Petition. Further answering, on information and belief, the petitioner raised additional claims not described in the Petition.

11(a)(4). This subparagraph was left blank by the petitioner and therefore requires no response.

11(a)(5). The respondent admits the factual allegations contained in subparagraph 11(a)(5).

11(a)(6). The petitioner is without sufficient information or belief upon which to answer the allegation contained in subparagraph 11(a)(6).

11(b)(1)-(6). The respondent is without sufficient information to answer the factual allegation contained in this subparagraph. Further answering, the respondent states that he was unable to locate the docket sheets of the case described in these subparagraphs, but lacks sufficient information to deny the allegation. Further answering, the respondent states, on information and belief, that the petitioner has filed several new trial motions in the Bristol Superior Court, including one on November 12, 1991, that was subsequently denied. The respondent states, on information and belief, that the Massachusetts Appeals Court affirmed the denial of this motion for a new trial on February 27, 2003; *Commonwealth v. Tavares*, 57 Mass.

App. Ct. 1111, 784 N.E.2d 50 (2003).

11(c).   The respondent lacks sufficient information to answer the allegations contained in this subparagraph.

11(d).   The respondent states that he lacks sufficient information to respond to the allegation contained in subparagraph 11(d).

12.   The respondent states that paragraph 12 of the Petition contains legal argument and conclusions to which no response is required.  To the extent that paragraph 12 contains allegations of fact that do not comport with the Massachusetts Appeals findings of fact, they are denied.

13.   Paragraph 13 was left blank by the petitioner and therefore requires no response.

14.   The respondent denies the factual allegations contained in paragraph 14.  Further answering, the respondent states that the while the petition indicates the petitioner has a civil action pending, a civil action cannot attack the underlying criminal conviction that is the subject of this action.

15(a)-(g).   The respondent admits, on information and belief, the factual allegations contained in subparagraphs 15(a)-(g).

16.   The respondent admits, on information and belief, the factual allegations contained in paragraph 16 of the Petition.

17.   The respondent is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the petition for writ of habeas corpus and calls upon the petitioner to prove same.

## First Affirmative Defense

The Petition should be denied because it fails to state a claim upon which habeas corpus

relief can be granted.

### Second Affirmative Defense

The Petition should be denied because the state-court adjudication of the petitioner's claims did not result in a decision that was contrary to, or involved an unreasonable application of, clearly-established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d)(1).

### Third Affirmative Defense

The Petition should be denied because the state-court adjudication of the petitioner's claims did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state-court proceedings. *See* 28 U.S.C. § 2254(d)(2).

### Fourth Affirmative Defense

The Petition should be denied because the petitioner cannot rebut the presumption of correctness accorded to the state court's factual determinations underlying his purportedly federal constitutional claims. *See* 28 U.S.C. § 2254(e)(1).

### Fifth Affirmative Defense

The Petition should be denied to the extent the petitioner's grounds for relief are premised solely on matters of state law.

### Sixth Affirmative Defense

The Petition should be denied if and to the extent that the relief sought would create or apply a new rule of constitutional law that cannot be applied retroactively on collateral review.

### Seventh Affirmative Defense

The Petition should be denied if and to the extent that the decision of the state court below rests on a state law ground that is both independent of the federal questions the petitioner

presents here and adequate to support the judgment.

### Eighth Affirmative Defense

The respondent respectfully reserves the right to amend or supplement this Answer in the future should the need arise.

### Supplemental Rule 5 Materials

In accordance with Rule 5 of the Habeas Rules, the respondent states that, based on his preliminary review, the Petition appears to be timely filed, 28 U.S.C. § 2244(d). Further, the petitioner appears to have sufficiently exhausted his state-court remedies before filing his petition. 28 U.S.C. § 2254(b). Further, the respondent gives notice that he intends to submit a memorandum concerning the merits of the Petitioner on or before May 27, 2005. A list of available transcripts is contained in an appendix to the Respondent's Supplemental Answer.

WHEREFORE, the respondent respectfully requests that the Petition for a Writ of Habeas Corpus be denied.

Respectfully submitted,

THOMAS F. RILEY
Attorney General

/s/ Daniel I. Smulow
Daniel I. Smulow, BBO No. 641668
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200 ext. 2949

Dated: April 15, 2005

## Certificate of Service

I, Daniel I. Smulow, hereby certify that on April 15, 2005, I served a true copy of this document by first class mail to: Edward Tavares, pro se, W-43443, N.C.C.I. - Gardner, P.O. Box 466, 500 Colony Road, Gardner, MA 01440.

/s/ Daniel I. Smulow

## Notice of Filing with Clerk's Office

Notice is hereby given that the Respondents' Supplemental Answer has been manually filed with the Court and is available in paper form only.

/s/ Daniel I. Smulow

Dated: April 15, 2005