

**Com. v. Tavares**
57 Mass.App.Ct. 1111, 784 N.E.2d 50
Mass.App.Ct.,2003.
Feb 27, 2003 (Approx. 5 pages)

---

57 Mass.App.Ct. 1111, 784 N.E.2d 50 (Table), 2003 WL 554512 (Mass.App.Ct.)
**Unpublished Disposition**

**Briefs and Other Related Documents**

NOTICE: THIS IS AN UNPUBLISHED OPINION.

Appeals Court of Massachusetts.
COMMONWEALTH,
v.
Edward TAVARES, Jr.
No. 01-P-540.
Feb. 27, 2003.

Following appellate affirmance of his convictions of aggravated rape and assault with intent to kill, 541 N.E.2d 578, defendant filed motion for new trial. The motion court denied motion, and defendant appealed. The Appeals Court held that: (1) defendant did not receive ineffective assistance of counsel; (2) state's loss of rape kit did not warrant dismissal of indictment; and (3) trial judge's refusal to recuse himself was not abuse of discretion. Affirmed.

West Headnotes

[1] KeyCite Notes 

🗝110 Criminal Law
  🗝110XX Trial
    🗝110XX(B) Course and Conduct of Trial in General
      🗝110k641 Counsel for Accused
        🗝110k641.13 Adequacy of Representation
          🗝110k641.13(2) Particular Cases and Problems
            🗝110k641.13(6) k. Evidence; Procurement, Presentation and Objections. Most Cited Cases

Performance of defense counsel was not deficient, in prosecution for aggravated rape and assault with intent to kill, by reason of counsel's failure to put on alibi witnesses promised by him during opening statement, where counsel indicated to court at beginning of trial that he had been unable to locate principal alibi witness, and advised court prior to presentation of defense case that remaining alibi witnesses were unwilling to testify; failure to present witnesses was apparently decision forced upon counsel by events over which he had no control and could not anticipate. U.S.C.A. Const.Amends. 5, 6.

[2] KeyCite Notes 

🗝110 Criminal Law
  🗝110XX Trial
    🗝110XX(B) Course and Conduct of Trial in General
      🗝110k641 Counsel for Accused
        🗝110k641.13 Adequacy of Representation
          🗝110k641.13(2) Particular Cases and Problems
            🗝110k641.13(6) k. Evidence; Procurement, Presentation and Objections. Most Cited Cases

Any deficiency in defense counsel's failure to produce at trial alibi witnesses promised by him during opening statement, in prosecution for aggravated rape and assault with intent to kill, did not amount to ineffective assistance, where any prejudice to defendant resulting therefrom was cured by trial court's instruction to jury to "forget who didn't

come in and consider those that did." U.S.C.A. Const.Amend. 6.

[3] KeyCite Notes 

◦110 Criminal Law
  ◦110XXIV Review
    ◦110XXIV(Q) Harmless and Reversible Error
      ◦110k1169 Admission of Evidence
        ◦110k1169.2 Curing Error by Facts Established Otherwise
          ◦110k1169.2(8) k. Opinions and Conclusions. Most Cited Cases

Any error in admission, in prosecution for aggravated rape and assault with intent to kill, of testimony of physician who examined victim immediately after assault, to effect that sperm was present in victim's vagina, was harmless, where testimony was cumulative of hospital record which had been marked as exhibit and was not only evidence that a rape had occurred, and defense counsel obtained physician's admission on cross-examination that sperm could have been present in victim's vagina for up to one week. M.G.L.A. c. 233, § 79.

[4] KeyCite Notes 

◦110 Criminal Law
  ◦110XX Trial
    ◦110XX(B) Course and Conduct of Trial in General
      ◦110k641 Counsel for Accused
        ◦110k641.13 Adequacy of Representation
          ◦110k641.13(2) Particular Cases and Problems
            ◦110k641.13(6) k. Evidence; Procurement, Presentation and Objections. Most Cited Cases

Defense counsel's failure to conduct testing of rape victim's clothing and to conduct further tests on vaginal samples taken from victim was not manifestly unreasonable tactical decision and did not amount to ineffective assistance, where strength of evidence against defendant indicated strong possibility that further testing, results of which would also be turned over to state, would inculpate rather than exculpate defendant. U.S.C.A. Const.Amend. 6.

[5] KeyCite Notes 

◦110 Criminal Law
  ◦110XX Trial
    ◦110XX(B) Course and Conduct of Trial in General
      ◦110k641 Counsel for Accused
        ◦110k641.13 Adequacy of Representation
          ◦110k641.13(2) Particular Cases and Problems
            ◦110k641.13(6) k. Evidence; Procurement, Presentation and Objections. Most Cited Cases

Any deficiency in defense counsel's failure to conduct testing of rape victim's clothing and to conduct further tests on vaginal samples taken from victim did not prejudice defendant and did not amount to ineffective assistance, where presence or absence of any trace elements from defendant on victim's clothing would not likely have aided fact finder in excluding defendant as perpetrator; it was uncontroverted that defendant and victim spent part of evening in each other's company, and when victim regained consciousness after being hit by defendant, she was lying in muddy water naked from waist down, her underpants missing and her jeans lying nearby in some water. U.S.C.A. Const.Amend. 6.

[6] KeyCite Notes

◦110 Criminal Law
  ◦110XX Trial
    ◦110XX(B) Course and Conduct of Trial in General
      ◦110k641 Counsel for Accused
        ◦110k641.13 Adequacy of

Representation
 110k641.13(2) Particular Cases and Problems
 110k641.13(2.1) k. In General. Most Cited Cases

110 Criminal Law KeyCite Notes 
 110XX Trial
 110XX(B) Course and Conduct of Trial in General
 110k641 Counsel for Accused
 110k641.13 Adequacy of Representation
 110k641.13(2) Particular Cases and Problems
 110k641.13(6) k. Evidence; Procurement, Presentation and Objections. Most Cited Cases

Any deficiency in defense counsel's failure to move to exclude all expert testimony concerning rape kit lost prior to trial prior to expert's testimony, or to move for dismissal of indictment, did not prejudice defendant and did not amount to ineffective assistance, where results of tests performed on second vaginal swabbing taken at same time swabbing was taken for rape kit were properly admitted into evidence, and results of tests performed on rape kit would merely have been duplicative. U.S.C.A. Const.Amend. 6.

[7] KeyCite Notes 

110 Criminal Law
 110XX Trial
 110XX(E) Arguments and Conduct of Counsel
 110k700 Rights and Duties of Prosecuting Attorney
 110k700(9) k. Loss or Destruction of Evidence. Most Cited Cases

Loss of rape kit prepared for Massachusetts Eye and Ear Infirmary's security detail to be transmitted to state crime laboratory for testing did not warrant dismissal of indictment charging defendant with aggravated rape and assault with intent to kill, absent any showing of egregious misconduct on part of state in loss of evidence or serious threat of prejudice.

[8] KeyCite Notes 

110 Criminal Law
 110XXIV Review
 110XXIV(E) Presentation and Reservation in Lower Court of Grounds of Review
 110XXIV(E)1 In General
 110k1035 Proceedings at Trial in General
 110k1035(1) k. In General. Most Cited Cases

Defendant charged with aggravated rape and assault with intent to kill waived appellate consideration of his contention that trial judge should have recused himself due to fact that he had represented defendant in sexual assault case 15 years earlier, by failing timely to raise such issue.

[9] KeyCite Notes 

227 Judges
 227IV Disqualification to Act
 227k45 k. Relationship to Party or Person Interested. Most Cited Cases

Trial judge's refusal to recuse himself from prosecution for aggravated rape and assault with intent to kill, based upon his representation of defendant in unrelated sexual assault case 15 years previously, was not abuse of discretion, absent any indication that such representation posed risk of prejudice, bias or ground for recusal, or any indication in record of any unfairness to defendant or any prejudice by judge against defendant.

MEMORANDUM AND ORDER PURSUANT TO RULE 1:28

***1** The defendant was convicted of aggravated rape and assault with intent to kill. After his convictions were affirmed on appeal, *Commonwealth v.*

*Tavares,* 27 Mass.App.Ct. 637, 541 N.E.2d 578 (1989), the defendant filed a motion for a new trial on the grounds that both his trial and appellate counsel were ineffective and the trial judge should have recused himself from the trial. The motion was denied by the trial judge, without a memorandum of decision. This appeal followed. We affirm the order denying the motion.

1. *Ineffective assistance claims.* The defendant claims that his trial counsel was ineffective for (a) mentioning the existence of alibi witnesses in his opening statement but not producing them at trial; (b) not objecting to the testimony of a physician at trial that sperm was found in the victim's vagina; (c) not requesting additional forensic testing of the victim's clothing and of the vaginal samples obtained from her; and (d) not seeking sanctions against the Commonwealth for the loss of the rape kit. The defendant also claims that his appellate counsel was ineffective for not raising his trial attorney's ineffectiveness. We address the defendant's claims.

[1] (a) *Opening statement.* In his opening statement, defense counsel told the jury:

"The defendant is going to call people to the witness stand that are going to tell you where he was at approximately 11, 10 to 11 P.M.; and basically the facts in this case, up to a certain point, you're going to hear from all the witnesses are the same. Things change when we get to a certain point in time, and the defendant is going to call witnesses for you that will indicate for you and tell you where he was at that point in time and where people went and what people did." (Tr.II:54-55)

At the beginning of the trial, defense counsel informed the judge that he was unable to locate the defendant's girlfriend, with whom the defendant alleged he was at the time the victim was assaulted. Before presenting the defendant's case, defense counsel advised the judge that his alibi witnesses were unwilling to testify and one claimed that he would take the Fifth Amendment if called to testify. There is no other explanation on the record to account for defense counsel's initial belief that those witnesses were available and his subsequent failure to produce those witnesses. No affidavit was filed by defense counsel and the defendant does not address this discrepancy other than to argue that defense counsel was ineffective in making an opening statement in which he promised to produce them. However, there is nothing in this record that suggests that defense counsel's statement in his opening statement was the product of inattention, inadequate preparation, or incompetency. Rather, his failure to present those witnesses was apparently a decision forced upon him by events over which he had no control and could not anticipate. In those circumstances, there was no ineffective assistance of counsel. *Commonwealth v. Nardone,* 406 Mass. 123, 127, 546 N.E.2d 359 (1989). Cf. *Commonwealth v. Duran,* 435 Mass. 97, 109-111, 755 N.E.2d 260 (2001) (where defendant did not testify after his counsel had promised in opening statement that he would testify as to exculpatory version of events, counsel not ruled ineffective where no explanation in record for counsel's initial belief that the defendant would testify and no prejudice accrued to the defendant).

***2** [2] Further, any prejudice to the defendant was mooted by the judge's instructions to the jury to "forget who didn't come in and consider those that did." (Tr.VI:9) See *Commonwealth v. Tavares,* 27 Mass.App.Ct. at 643 n. 3, 541 N.E.2d 578.

[3] (b) *Physician's testimony as to presence of sperm.* Without objection, the physician who examined the complainant immediately after the incident testified that sperm was present in her vagina. The defendant argues that counsel should have objected to this testimony because this was the only evidence that amounted

to proof that a rape had occurred. Counsel did not err in failing to do so because this evidence was part of the hospital record which had been marked as an exhibit and, thus, was simply cumulative of otherwise admissible evidence. See *Commonwealth v. Franks,* 359 Mass. 577, 578-580, 270 N.E.2d 837 (1971) (laboratory test of sperm in the vaginal smear admissible as part of the hospital record under G.L. c. 233, § 79). Further, this was not the only evidence that a rape had occurred. The victim had testified that when she resisted the defendant's sexual overtures, the defendant began to hit her. While she had no memory of sexual intercourse, she testified that when she regained consciousness, she had no underpants on and her blouse and bra had been torn apart, which was indicative of a sexual assault. In addition, counsel was effective in neutralizing the physician's testimony by the witness's acknowledgment that the sperm could have been present for up to a week in the victim's vagina. There was no error.

[4] (c) *Failure to conduct additional testing.* The defendant argues that his trial counsel was ineffective in failing to conduct testing of the victim's clothing and to conduct further tests on the vaginal samples taken from the victim. However, tactical judgments do not lead to a finding of ineffective assistance of counsel unless they are manifestly unreasonable. *Commonwealth v. Adams,* 374 Mass. 722, 728-729, 375 N.E.2d 681 (1978). We agree with the Commonwealth that the failure to conduct those tests was not manifestly unreasonable. Given the fact that, contrary to the defendant's assertion, two witnesses acknowledged that the victim left the bar with the defendant; the victim identified the defendant as her attacker; and the defendant was found hiding from the police at the time of his arrest, defense counsel was apprised that there was a strong possibility that further testing (the results of which he would be required to turn over to the Commonwealth) would inculpate rather than exculpate the defendant. Cf. *Commonwealth v. McMaster,* 21 Mass.App.Ct. 722, 735-736, 490 N.E.2d 464 (1986) (counsel not ineffective for failing to call alibi witness whose truthfulness was in doubt and who might reinforce Commonwealth's case rather than aid the defendant's case). See also *Trigones v. Hall,* 115 F.Supp.2d 158, 170 (D.Mass.2000) (counsel's decision to delay search for murder weapon "was a perfectly reasonable one" and not ineffective where defendant gave conflicting accounts and "counsel therefore was concerned that locating the weapon would obligate its disclosure to the Commonwealth, and perhaps further implicate [the defendant]"). As a result, it was not unreasonable for the defendant to rely on a strategy that would attack the deficiencies in the Commonwealth's investigation and focus on the fact that the only testing done by the Commonwealth did not necessarily link the defendant to the crime. The fact that this strategy failed does not make defendant's trial counsel ineffective.

***3** [5] Further, the defendant has made no showing that better work might have accomplished something material for the defendant. Given the fact that it was uncontroverted that the defendant and the victim spent part of the evening in each other's company and given the fact that when the victim regained consciousness, she was lying in muddy water naked from the waist down, her underpants missing and her jeans lying nearby in some water, it was unlikely that the presence or absence of any trace elements from the defendant on the victim's clothing would have aided the fact finder in excluding the defendant as the perpetrator of the crime.

[6] [7] (d) *Failure to seek sanctions for loss of rape kit.* The defendant argues that his counsel was ineffective for failing to seek a dismissal of the rape indictment

because of the loss of the rape kit. While the defendant did not seek a dismissal of the indictment until after the return of the verdict, the defendant did seek the exclusion of evidence pertaining to the rape kit, in particular the report of the State laboratory findings. The judge allowed that motion. The defendant argues that this relief was untimely because the request for exclusion came after the examining physician had already testified that the results of the vaginal swabbing sent to the laboratories showed sperm. This testimony was preceded by the physician's testimony that he prepared a rape kit for the Massachusetts Eye and Ear Infirmary's security detail and as part of this procedure he made a vaginal swabbing. The physician also testified that he prepared a vaginal swabbing for testing by the laboratory at the Massachusetts General Hospital. The Commonwealth represented that the rape kit that was prepared for the Massachusetts Eye and Ear Infirmary's security detail to be transmitted to the State crime laboratory for testing was lost after the test results were reported. There is nothing in the record to indicate, however, that the vaginal swabbing sent to the laboratory at Massachusetts General was lost. Because the test results from the laboratory at the Massachusetts General Hospital could be and were properly admitted in evidence, and the test results at the State crime laboratory would simply be duplicative of those, we do not conclude that the defendant was prejudiced by counsel's failure to move to exclude all testimony about the rape kit by the physician prior to his testimony or to move for a dismissal of the indictment. Dismissal in any event would not have been warranted because in the circumstances presented there was no showing of egregious misconduct on the part of the Commonwealth in the loss of this evidence or a serious threat of prejudice. *Commonwealth v. Woodward,* 427 Mass. 659, 680-681, 694 N.E.2d 1277 (1998).

(e) *Ineffective assistance of appellate counsel.* Having found that trial counsel was not ineffective, we reject the defendant's claim that appellate counsel was ineffective for failing to assert this as a ground in the defendant's direct appeal. *Breese v. Commonwealth,* 415 Mass. 249, 252, 612 N.E.2d 1170 (1993).

***4** [8] 2. *Recusal of trial judge.* The defendant argues that the trial judge should have recused himself as the trial judge because he had acted as the defendant's attorney in a sexual assault case fifteen years earlier. The defendant raises this argument for the first time in his motion for a new trial. Because the trial judge simply denied the motion without decision, we do not know whether the trial judge remembered the defendant or the basis for his denial of the motion. In any event, because the defendant could have raised this issue in his direct appeal, we consider the issue waived. *Commonwealth v. Amirault,* 424 Mass. 618, 639-641, 677 N.E.2d 652 (1997).

[9] Further, the question of recusal is left to the discretion of the judge. *Commonwealth v. Gogan,* 389 Mass. 255, 259, 449 N.E.2d 365 (1983). It is to be assumed that, by denying the motion, the judge was satisfied that his representation of the defendant fifteen years earlier in an unrelated proceeding posed no risk of prejudice, bias or ground for recusal. *Id.* at 259-260, 449 N.E.2d 365. In addition, the record before us does not hint of any unfairness to the defendant or any prejudice by the judge against the defendant. (The judge excluded the findings from the rape kit and assisted defense counsel in obtaining the presence of two defense witnesses.) Although it would have been helpful if the judge had cited his reasons for the denial, we perceive no error in any event in the denial of the motion on this ground.

*Order denying motion for new trial affirmed.*

Mass.App.Ct.,2003.

Com. v. Tavares
57 Mass.App.Ct. 1111, 784 N.E.2d 50
(Table), 2003 WL 554512
(Mass.App.Ct.) Unpublished Disposition

**Briefs and Other Related Documents (Back to top)**

• 2001 WL 34721416 (Appellate Brief) Commonwealth's Brief and Supplemental Record Appendix (Oct. 01, 2001)
• 2001 WL 34721422 (Appellate Brief) Brief and Appendix for the Appellant Edward Tavares, Jr. (May. 11, 2001)
• 2001-P-0540 (Docket) (Apr. 20, 2001)
END OF DOCUMENT

(C) 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.