3

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

U.S.DISTRICT COURT                    WORCESTER DIVISION
DISTRICT OF MASSACHUSETTS             U.S.NO.2004-CV-40059-FDS

---

EDWARD TAVARES JR
(PETITIONER)

    V.

STEVEN O'BRIEN
(RESPONDENT)

---

PETITIONER REPLY BRIEF FILED AGAINST
"RESPONDENT'S MEMORANDUM OF LAW IN OPPOSITION TO PETIT-
ION FOR WRIT OF HABEAS CORPUS:

The pro-se petitioner,Edward Tavares Jr.hereby files
a Reply Brief against the respondent's Steven O'Brien,and his counsel
the Attorney General of the Commonwealth of Massachusetts,who opposes
the petition for a Writ Of Habeas Corpus,that is subject of the
caption action. The pro-se petitioner state prisoner Edward Tavares
Jr.has demonstrated that the claims in his petition warrant the
extraordinary relief of a Writ of Habeas Corpus. On May 27/2005
respondent's Steven O'Brien files his memorandum of law in an
opposition stating that petition should be dismissed, The pro-se
petitioner states that his petition should be granted,as reasons
set forth in the following....

***** PRIOR PROCEEDING *****

The petitioner was appointed counsel for his motion for
new trial filed on November 12/1991[S.A.7,23,38].The petitioner was
appointed counsel Raymond O'Hara from C.P.C.S.This motion challenged
all three convictions as was denied on December 21/1992[S.A.7,23,

4

(2)

28,51]. The Clerk of Bristol County Superior Court docket the
petitioner filed notice of appeal from the decision in the Superior
Court on January 14/1993;Petitioner was also appointed C.P.C.S
appointed Jennifer Appleyard attorney who represented and requested
that the appeal be docket in the Appeals Court on April 20/2001[S.A.
7,23,38,51] On February 27/2003 Mass.Appeals court affirmed the
judgment denying  the new trial motion in an unpublished memorandum
and order issued pursuant to its rule 1;28;See Commonwealth V.Tavares
57 Mass.App.Ct.1111,784 N.E.2d 50(2003)2003 WL 554512[S.A.53-57].
Petitioner filed application for further appellate review in the
Supreme Judicial Court on March 18/2003[S.A.58-78,Petitioner pressed
several issues of ineffective assistance of trial counsel,one claim
of appellate appellate counsel,and one claim that the trial judge
should have recused himself.Specifically the petitioner claims that
trial counsel Robert Jeorge failed to ;1)satisfy his promise made
during opening statements to the jury,to present an alibi witnesses
and the Commonwealth enhanced the prejudice in their closing argument
which required a mistrial;2)The petitioner was denied his Constitutional
right to effective assistance of counsel,because his trial counsel not
only failed to object and exclude hearsay testimony regarding lost
evidence,but also stressed the inadmissible testimony during cross
examination;3)Defense counsel's failed to seek independent examination
and forsensic testing which may have contained exculpatory evidence
constitutes ineffective assistance of counsel;4)Defense counsel's
failure to exclude lost evidence testimony and his failure to file
any motions regarding the issue depriving the petitioner of effective
assistance of counsel;5)Appellate counsel failed to raise appellate
these issues in petitioner itself depriving Mr.Tavares petitioner
of effective assistance of counsel;D)The trial judge should have

(3)

recused himself,because he represent the petitioner Edward Tavares
Jr. in a case which resulted in a previous sexually assault,one
of which was his secretary daughter Barbar Tripp,and also the
petitioner conviction as resulted of the trial judge Sheehan's
prior involvement with all parties and petitioner. Justice Sheehan
has abused his discretion and powers and caused a substantial risk
of miscarriage of justice,under indictment of Bristol County no.13504;
D/2)Trial judge's denial of the motion for new trial itself without
detailed finding was insufficient to indicate he weighed the appropriate
factors involved in a potential conflict of issue Question,prior
to his appointment to the bench.[S.A.68-77].

On April 20/2003 ,See Commonwealth V.Tavares 439 Mass.
1105 N.E.2d 1059 (2003)[S.A.79]. Supreme Judicial Court denied the
petitioner application for further appellate review. The Petitioner
filed his timely Habeas Corpus petition in this court on April 26
2004. The respondent through counsel filed on April 15/2005 filed
their answer to petition,on last page with signature counsel for
the respondent,stated in supplemental Rule 5 Materials,as followig...

> In accordance with Rule 5 of the Habeas Rules,
> the respondent states that,based on his pre-
> liminary review,the petition appears to be
> timely filed,28 U.S.C.§2244(d).Further,the
> petitioner appears to have sufficiently exhaulted
> his state-court remedies before filing his petition.
> 28 U.S.C.§2254(b).""Further ,the respondent gives
> notice that he intends to submit a memorandum on
> concerning the merits of the petitioner on or
> before May 27/2005,Id at EXH-A attached.also see note;1/

I.<u>TAVARES IS ENTITLED TO DE NOVO REVIEW:</u>

> A.<u>THE STATE COURT'S DECISION DENYING TAVARES RELIEF
> ON CLAIMS INVOLVING THE INEFFECTIVE ASSISTANCE OF
> COUNSEL,CONFLICT OF INTEREST AND INCONSISTENT
> CONCLUSIONS,SHOULD BE REVIEWED DE NOVO BECAUSE
> THERE WAS NO ADJUDICATION ON THE MERITS OF CLEMENT'S
> FEDERAL CLAIMS.</u>

(4)

In order for the"Presumption of correctness" to apply, a state court decision must;

> (1) Be the product of a fair state court "adjudication "of the federal legal issue;
>
> (2) Be the product of a full state court adjudiciation in that it addresses not only the claim but also the issue of federal law; and
>
> (3) Have resulted in a decision.

The state court decision is not entitled to any presumption or consideration if the state's adjudiciation was distorted by mistake,or completely disregarding Supreme Court case law.See e.g.Hameen V.Delaware 2000,WL 631249,at 21-22(3d cir.May 17/2000) (state court's decision was not adjudiciation on merits because analysis was distorted by mistaken view that the Supreme Court had already rejected identical argument.)Hogan V.Gibson 197 F.3d 1297 1302 n.2.1305-6 (10th cir.1999)(Oklahoma State court's analysis of jury instruction claims under Beck V.Alabama 447 U.S.625 (1980), constituted such "Gross deviation from,and disregard for,the court's rule in Beck ,that it cannot constitute"Adjudiciation of Hogan's Beck claim on the merits."Sincer the state court did not decide the claims on its merits.,we review the district court's conclusion of law de novo and factualfinding,if any for clear error.").

As such,if the state court's decision is not fair" Adjudiciation"the federal court is free to review state court's legal decision de novo.Miller V.Johnson 200 F 3d.274,281,n.4,(5th cir.2000). The Supreme Court specifically addressed this issue,and held that the limitation of review in AEDPA cases pursuant to 28 U.S.C.sec. 2254(d.)(1)applies on to issues that have been "adjudicated on the merits in the state court and review is de novo when there has been

( 5 )

no clear adjudiciation on the merits."Id.

In the Fifth Circuit,the Miller,court set out three factors to consider when evaluating whether the state decision is a true "adjudiciation"on the merits of petitioners claim; (1)review what state courts have done in similar cases;(2)consider whether the case history suggests that the state court's recognized any ground for not resolving the case on the merits;and (3) consider whether the state court's opinion sugests reliance on procedural grounds rather than adjudication on the merits. The Supreme Court adopted the Miller factor Jackson V.Johnson,be denying a certiorara petition by the government after the federal court concluded,using the Miller factors that the state court decision was not an adjudicat-ion entitled to any deference pursuant to 28 U.S.C.sec.2254(d)(1). Jackson V.Johnson 194 F.3d,641,651,(5th cir.1999,cert.denied 120 S.Ct.1437 (2000).

Here,because the state court failed to address Tavares's federal claims of constitutional violation regarding,conflict of interest claims against the trial judge,ineffective assistance of counsel of trial counsel and appellate counsel and the trial judge's unsupported finding on his motion for a new trial,there was no adjuducation on the merits of this claim as defined by 18 U.S.C. sec.2254(d)(1).As such ,this court should review these legal claims de novo

GROUND ONE: TAVARES'S RIGHTS PURSUANT TO THE SIXTH AND  FOURTEENTH AMENDMENTS TO THE  UNITED STATES CONSTITUTION WERE VIOLATED WHERE HE WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL IN HIS CRIMINAL CASE.

The Sixth Amendment guarantees a criminal defendant "the assistance of counsel for his defense.U.S.Constitution Amendment VI.

(6)

The Supreme Court has repeatedly recognized that'[t]he right of an accused to counsel is beyond question a fundamental right."Kimmelman V.Morrison ,477 U.S.365,377 (1986).Lawyers are essential to person's accused of crimes"because they are the means through which the other rights of the person on trial are secured." United States V.Cronic 466,U.S.648,63,(1984).The Supreme Court has often emphasized the significance of counsel to criminal defendants. More the 65 years ago,the Supreme Court declared;

> "Even the intelligent and educated lawman has small and
> sometimes no skill in the science of law. If charged
> with a crime,he is incapable,generally of determining
> for himself whether the indictment is good or bad.He
> is unfamiliar with the rules of evidence.Left without
> the aid of counsel,he may be put on ·trial without a
> proper charge,and convicted upon incompetent evidence,
> or evidence irrelevent to the issue or otherwise inad-
> missible. He lacks both the skill and knowledge adequately
> to prepare his defense,even though he had a perfect one.
> He requires a guiding hand of counsel at every step in
> the proceedings against him.Without it.Though he be not
> guilty,he faces the danger of conviction because he does
> not know how to establish his innocence. If that be
> true of men of intelliterate or those of feeble intellect.
> "Powell V.Alabama 278 U.S.45,69,(1932).

The Sixth Amendment does not merely guarantee counsel to persons charged with serious crimes,it requires the effective assistance of counsel.In Strickland V.Washington 466 U.S.668,(1984) the Supreme Court resolved an extended judicial debate over the proper standard for determine whether a defendant's counsel provided effective assistance. The Supreme Court established a precise two part requirement.First"the defendant must show that counsel's representation fell below and objective standard or reasonableness." Id at 688.Second,the defendant "must show that there is reasonable probability that but for counsel's unprofessional errors,the result of the proceedings would have been different A reasonable probaiility is a probability sifficient to undermine confidence in the out come."

(7)

Id at 694.Since Strickland,the Supreme Court has repeatedly applies
its two-part standard in determine ineffectiveness claims.See e.g.
Kimmelman V.Morrison 477 U.S.365 (1986):Darden V.Wainwright 477 U
S. 168(1986):Hill V.Lockhart 474 U.S.52 (1985).

        Some Courts since Strickland have misapplied its prejudice
standard by condoning patently inexcusable failures by defense
counsel to investigate and prepare defenses on the ground that there
is no "reasonable probability"that the evidence would have affected
the jury's decision. This misapplied standard is exactly what happened
here.            *****(C O N C L U S I O N)*****

        The petitioner states that his petition for Writ of Habeas
Corpus must be granted,based on the merits as stated in his petition,
and that the above citation clear and automaticly governs claims
of ineffective assistance of counsel. The Respondent in this case
at bar argues at great length that U.S.District Court should apply
Massachusetts'test for ineffectiveness of counsel in judging the
federal constitutional adequacy of the assistance rendered by petit-
ioner's  counsel in this case..It should be known though courts may
differ as to the precise content of the Sixth and Fourteenth Amendment
guaranty of effective assistance of counsel in criminal cases,,there
is only one constitution guaranty,not fifty. The content of that
guaranty is a federal question,,"Cepulonis V.Ponte 699 F.2d.573(1983).
U.S.District Court is the jurisdiction to enforce the guaranty the
understand it . Therefore this court should conclude that the standard
of United States V.Bosch.584 F.2d.1113,1119,(1st cir 1978)governs
claims of ineffective assistance of counsel in all habeas corpus
petitions in this circuit,whether the underlying convictions are
state or federal...

(8)

Based on the petitioner petition before the court and the above stated reasons,this court should allow Tavares's petition.

C/C:MARTIN CASTLES,CLERK
     DANIEL I.SMULOW,A.A.G.
     E/T/Files;

                              RESPECTFULLY SUBMITTED
                        PRO-SE *[signature]*
                              MR.EDWARD TAVARES JR
                              P.O.BOX 466
                              500 COLONY RD.
                              GARDNER MASS.01440


                    CERTIFICATE OF SERVICE

     I Edward Tavares Jr.certify that I have served the above said attached herewith,upon the respondent Steven O'Brien attorney Daniel I.Smulow A.A.G.at one Ashburton Place,Boston Mass. 02108,sent by first class mail postage prepaid on this 7 day of June 2005;Signed under the pains and penalties of perjury;

                    *[signature]*
                    MR.EDWARD TAVARES JR
                    P.O.BOX 466
                    500 COLONY RD.
                    GARDNER MASS.01440

---

Note 1/.Chief Magistrate Judge of the United States district court Charles B.Swartwood,III,Deemed that the petitioner Edward Tavares Jr.has exhaulted,fully all issues in the state court's under his petition,SEE attached Order. of March 11/2005. EXH-B

presents here and adequate to support the judgment.

*EXh - A*

### Eighth Affirmative Defense

The respondent respectfully reserves the right to amend or supplement this Answer in the future should the need arise.

### Supplemental Rule 5 Materials

In accordance with Rule 5 of the Habeas Rules, the respondent states that, based on his preliminary review, the Petition appears to be timely filed, 28 U.S.C. § 2244(d). Further, the petitioner appears to have sufficiently exhausted his state-court remedies before filing his petition. 28 U.S.C. § 2254(b). Further, the respondent gives notice that he intends to submit a memorandum concerning the merits of the Petitioner on or before May 27, 2005. A list of available transcripts is contained in an appendix to the Respondent's Supplemental Answer.

WHEREFORE, the respondent respectfully requests that the Petition for a Writ of Habeas Corpus be denied.

Respectfully submitted,

THOMAS F. RILEY
Attorney General

/s/ Daniel I. Smulow
Daniel I. Smulow, BBO No. 641668
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200 ext. 2949

Dated: April 15, 2005

*12.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

```
                                    )
EDWARD TAVARES, JR.,                )
              Petitioner,           )
                                    )        CIVIL ACTION
vs.                                 )        NO. 04-40059-FDS
                                    )
STEVEN O'BRIEN,                     )
              Respondent            )
                                    )
```

*EXh - B*

### ORDER
### March 11, 2005

**SWARTWOOD, C.M.J.**

### Nature Of The Proceeding

By Order of Reference dated February 8, 2005, Respondent's Motion For Order To Petitioner To Amend Petition To Include Only Exhausted Claims (Docket No. 12) and Petitioner Motion To Amend His Petition To Include Only Exhausted Claims (Docket No. 15) were referred to me for disposition.[1]

### Nature Of The Case

Petitioner has filed a Petition for Writ of Habeas Corpus by a person in state custody in accordance with 28 U.S.C. §2254. Petitioner seeks habeas relief on the grounds that his federal constitutional rights were violated as the result of:

A.    Ground One: His having been denied effective assistance of  counsel at trial;

---

[1] By Order of Reference that same date, this matter has also been referred to me for a determination of the merits of Mr. Tavares's petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. The merits of Mr. Tavares's Petition will be addressed in a separate Report and Recommendation.

$1^3$.

B.    Ground Two: Appellate counsel's failure to raise the
      issue of ineffectiveness of trial counsel; and

C.    Ground Three: The trial judge's failure to recuse himself
      from the trial.

Respondent asserts that Mr. Tavares has failed to exhaust his
state court remedies with respect to his third asserted ground for
relief. Respondent further asserts that under the circumstances of
this case, Mr. Tavares must delete the unexhausted claim.   Mr.
Tavares, who is proceeding *pro se*, has filed a motion to amend his
Petition to delete any unexhausted claims.   In that motion, Mr.
Tavares indicates that because he has no formal legal training, he
was not aware that Ground Three of his Petition was not exhausted
and that he is amenable to delete that ground for relief, if
necessary, in order to comply with the exhaustion doctrine.

Facts

1.    Petitioner was convicted of aggravated rape and assault
with intent to kill. Commonwealth v. Tavares, 57 Mass.App.Ct. 1111,
784 N.E.2d 50 (2002)(unpublished opinion).

2.    Petitioner's appeal of his convictions was denied.
Thereafter, Petitioner filed a motion for new trial in which he
asserted that he received ineffective assistance from trial and
appellate counsel and that the trial judge should have recused
himself from the trial because he had previously represented
Petitioner in a sexual assault case.   Petitioner appealed the

2

*14.*

denial of his motion for a new trial to the Massachusetts Appeals Court ("MAC").

3.   The MAC affirmed the denial of Petitioner's motion for new trial. In doing so, the MAC ruled that Petitioner had waived the issue of whether the trial judge should have recused himself by not raising it in his direct appeal. Id. The MAC then briefly addressed the merits of that claim and concluded that since the determination of recusal is left to the judge's discretion and since a review of the record did not hint at any unfair or prejudicial conduct by the trial judge to Mr. Tavares, the trial judge did not err in denying Petitioner's motion for new trial for failure to recuse himself. Id.

4.   Mr. Tavares then filed an  Application For Leave To Obtain Further Appellate Review ("ALOFAR") with the Massachusetts Supreme Judicial Court ("SJC"). Among the claims for relief raised by Mr. Tavares was whether the MAC erroneously affirmed the trial judge's denial of his motion for new trial since the trial judge should have recused himself or at least issued specific findings of fact as to why recusal was unnecessary. See Resp's Supp. App. To Mot. To Order Pet. To Amend Petition To Include Only Exhausted Claims (Docket No. 14), Ex. 6 (ALOFAR), at p. 9. In support of this claim, Mr. Tavares set forth the facts which warranted the judge's recusal and argued that as a result of the judge's failure to recuse himself, he "ha[d] been denied his rights [sic.] to a

3

fair trial and due process as secured by the Sixth and Fourteenth Amendments of the Constitution of the United States ..." Id., at p. 19.   Mr. Tavares did not address the fact that the MAC had determined that he had procedurally defaulted this claim.

5.   The SJC denied Petitioner's ALOFAR. Commonwealth v. Tavares, 57 Mass.App.Ct. 1111, 784 N.E.2d 50 (2003).

## Discussion

### The Exhaustion Doctrine

A federal court may not consider an application for a writ of habeas corpus filed by a person in state custody, unless the petitioner has exhausted his/her state court remedies with respect to all claims raised in such application. See 28 U.S.C. § 2254 (b); see also Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198 (1982). In order to satisfy the exhaustion requirement, a petitioner must establish that the factual and legal bases of his federal claim were "fairly and recognizably presented to the state courts." Adelson v. DiPaola, 131 F.3d 259, 262 (1st Cir. 1997) (citing Picard v. Connor, 404 U.S. 270, 276-277 (1971)).   Thus, the petitioner's claims must have been "presented 'in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question,' for example, by 'specific constitutional language, constitutional citation, [or] appropriate federal precedent'." Fortini v. Murphy, 257 F.3d 39, 44 (1st Cir. 2001) (internal citations and citation to quoted case

4

*lt*

omitted). However, a petitioner's "passing reference" to a federal
constitutional issue is not sufficient to satisfy the fair
presentment requirement. Id. It is the Petitioner's burden to
demonstrate that all claims asserted in his petition are exhausted.
Barresi v. Maloney, 296 F.3d 48, 51 (1ˢᵗ Cir. 2002)(petitioner bears
"heavy burden" of demonstrating satisfaction of exhaustion
requirement).

<u>Whether Ground Three Of The Petition Was Exhausted</u>

In his ALOFAR, Petitioner asserted that the trial judge's
failure to recuse himself resulted in his having been denied a
right to a fair trial and due process in violation of the Sixth and
Fourteenth Amendments to the Constitution. A protracted discussion
of this issue is simply not warranted. The Petitioner's ALOFAR
clearly alerted the SJC that he was raising a federal
constitutional claim, albeit in as brief a discussion on the issue
as can be said to satisfy the fair presentment requirement.
Therefore, the Respondent's motion to order the Petitioner to
delete Ground Three is denied.[2]

---

[2]Respondent filed a motion to order the Petitioner to delete his
unexhausted claim rather than a motion to dismiss (although the Respondent did
request that the Petition be dismissed should Mr. Tavares refuse to delete the
allegedly unexhausted claim). Respondent's reason for following this course of
action reflects the dilemma faced by some state prisoners who file mixed
petitions in this Court as the result of the one year statute of limitations
imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").
Without going into great detail concerning this issue, Respondent should be aware
that contrary to the position he takes in his memorandum, most, if not all, of
the judges in this District have adopted the stay-and-abeyance procedure which
would have permitted Mr. Tavares to return to state court and exhaust his
remedies with respect to Ground Three without running afoul of the AEDPA's
statute of limitations. See Gaskins v. Duval, 336 F.Supp.2d 66, 68 (D.Mass.

5

Petitioner has filed a motion requesting that his Petition be amended to include only those claims which are exhausted. Since I have found that Petitioner has fully exhausted his Petition with respect to Ground Three, that motion is denied as moot.[3]

### Conclusion

1.  Respondent's Motion For Order To Petitioner To Amend Petition To Include Only Exhausted Claims (Docket No. 12) is denied; and

2.  Petitioner Motion To Amend His Petition To Include Only Exhausted Claims (Docket No. 15) is denied, as moot.

The Respondent has requested thirty days from the date of this Order to file an Answer. Respondent shall file his answer to the Petition on or before April 15, 2005. Any party who wishes to file any further submissions concerning the merits of the Petition shall do so on or before May 27, 2005.

/s/ Charles B. Swartwood
CHARLES B. SWARTWOOD, III
CHIEF MAGISTRATE JUDGE

---

2004)(First Circuit has approved stay-and-abeyance procedure)

[3]Given that the MAC determined that Mr. Tavares procedurally defaulted with respect to this claim, Mr. Tavares faces a substantial burden in establishing that he is entitled to federal habeas relief with respect to this claim.

6

2.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

U.S.DISTRICT COURT                         WORCESTER DIVISION
                                    U.S.NO.2004-CV-40059-FDS

_____

EDWARD TAVARES JR
(PETITIONER)

        V.

STEVEN O'BRIEN
(RESPONDENT)

_____


                    CERTIFICATE OF SERVICE

        I Edward Tavares Jr.pro-se petitioner certify that I have
served upon the Clerk of the United States District Court in
Worcester Division of Massachusetts.sent to Mr.Martin Castles at
595 Main St.Fifth FLoor,Worcester Mass.01608,sent by first class
mail postage prepaid by petitioner,Petitioner Reply Brief,against
the respondent memorandum of law opposition to petitioner writ of
habeas corpus filed on May 27/2005."Reply Brief filed on this
___7___ day of June 2005:Signed under the pains and penalties of perjury;

                          RESPECTFULLY SUBMITTED
                    PRO-SE *Edward Tavares*,
                          MR.EDWARD TAVARES JR
                          P.O.BOX 466
                          GARDNER MASS.01440