UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.2004-40059

EDWARD TAVARES JR
(PETITIONER)

V.

STEVEN O'BRIEN,SUPERINTENDENT
OF N.C.C.I.GARDNER
(RESPONDENT)

PETITIONER'S OBJECTIONS TO
MAGISTRATE'S REPORT AND RECOMMENDATION
ON PETITION FOR WRIT OF HABEAS CORPUS

PRO-SE

RESPECTFULLY SUBMITTED

MR.EDWARD TAVARES JR
N.C.C.I.GARDNER
P.O.BOX 466
500 COLONY RD.
GARDNER MASS.01440

MARCH  13  /2007

HILLMAN/M/JUDGE
U.S.C.A.no.2004-40059

(2)

## *****INTRODUCTION*****

1).         Petitioner was convicted of aggravated rape and
assault with intent to kill.Commonwealth V.Tavares no.01-P-540,
slip op.at (Mass.Ct.App.Feb.27,2003)(Unpublished),a copy which
is attached to alleged Judge Magistrate Hillman report for
recommendation,exhibit to Original Petition(Docket No.1)(Exs.to
Orig.pet),at pp.T.E.58-T.E.66(Tavares,slip op.).The pro-se petitioner
Tavares never received this exhibit as stated by Judge Magistrate
Hillman",(But)what was attached as an exhibit somebody else answer
to the defendants,town of Groton and the Groton Board of Selectmen
Case listed as John Rooney plaintiff V.Town of  Groton and the Groton
Board of Selectmen,this case is the exhibit sent by Judge Magistrate
Hillman,as his exhibit,the Case number is also C.A.no.2006-11717-
MLW.This exhibit has no business with this case ,and either the
Newly appointed Judge Magistrate Hillman was drunk when he made
this report and presented this exhibit,see attached case no.C.A.
no.2006-11717-MLW,or the Judge Magistrate has disregard all the
petitioner constitutional rights,that he present in his petition.
See EXH-A).

2)         Petitioner's direct appeal of his convictions was denied
See Commonwealth V.Tavares 25 Mass.App.Ct.637,541 N.E.2d, 578(1989) [2/]
Thereafter ,Petitioner filed a motion for new trial ,See Magistrate
Judge Hillman Exs.to Orig.Pet.at pp.T.E.68-T.E.81),which was denied
by endorsement and without specific finding .See J.Hillman Exs,
Tavares slip op.at 1).

3)         Petitioner's appealed the denial of his motion for a
New Trial (appeals Court)"MAC")In his appeal,Petitioner assrerted

(3)

the following claims:(1)he had received ineffective assistance
from his trial counsel as the result of a )Counsel's failure to
call alibi witnesses,as he told the jury he would in his opening
statement,b)counsel's failure to object to a physician's testimony
that sperm was found in the victim's vagina,c)counsel failure
to seek additional foresic testing of the victim's clothing and the
vaginal sample obtained from her,and d)counsel failure to seek
santions against the Commonwealth for losing evidence(the rape kit):
(2)he received ineffective assistance from appellate counsel as the
result of appellate counsel's failure to raise the issue of his trial
counsel performance in the direct appeal;and (3)his due process
rights to a fair trial was violated because the trial judge,who
had previously represented Petitioner in a sexual assault case,against
his own secretary daughter,should have recused himself.See generally
Tavares slip op.Also see petitioner petition).

4)          The MAC affirmed the denial of Petitioner's motion for
new trial.In doing so,the MAC ruled the Petitioner had not receive
ineffective assistance of counsel at trial.As to Petitioner's
claims that his counsel failed to call alibi witnesses as promised
in his opening statement,the MAC found that such failure was due
to circumstances beyond counsel's control and anticpation and ,in
any event .stated by Magistrate Judge Hillman,given the trial judge

2/note; by Judge Magistrate Hillman states"in petitioner direct
appeal,Petitioner asserted that:the integrity of the Grand Jury
proceedings was impaired by withholding of possibly exculpatory
evidence;the decision to charge him with aggravated rape after he
defaulted was vindictive;there was insufficient evidence to sustain
the conviction;and there was prosecutorial misconduct in closing
argument.Tavares 27.Mass.App.Ct.at 638 541 N.E.2d,at 579.None of
these ground for relief are raised in the petition".Judge Hillman
failed to take into consideration,these issue was abanded by appellate
counsel,at the stage of Further appellate review.

( 4 )

instructions to the jury to consider the testimony which was
elicited at trial and ignore any witnesses who was not present,
there was not prejudice to the Petitioner.Id at 2-3 .The MAC further
that the physician's testimony that sperm was found in the victim;s
vagina was cumulatiive of testimony already in the record and
therefore counsel was not ineffective for failing to object to such
evidence because he was able to neutralize the physician's testimony
and that there was other evidence in the record which established
the victim had been raped.Id at 3-4 as stated by Judge  Magistrate
Hillman."Further stated by Hillman ,With respect to counsel's failure
to conduct additional forensic testing,the MAC concluded that such
failure was a tactical decision which was not unreasonable since,
given the other evidence against the Petitioner as well as the
condition of the victim when she was found,it is unlikely that such
testing would have exculpated the Petitioner or excluded him from
being the perpetrator of the crime,stated by the Judge Magistrate
Hillman,Id at page 4 of his report,also see Magistrate,at 4-6,
citing on page 4.

5)        The MAC found that counsel's failure to seek dismissal
of the charges against him as the result of the Commonwealth's having
lost the rape kit was not error since such a motion would have
been denied given that there was no evidence that the rape kit
was lost due to egregious misconduct of the Commonwealth,stated by
the Magistrate Judge Hillman,and further in addition the Magistrate
Judge Hillman fraudulently stated,the MAC found that there was no
error because (1)after objection by counsel,certain evidence pertain-
ing too the rape kit was excluded,(2)part of the evidence which was
admitted,the vaginal swabbing,was not lost,which (2)is a false

statement by Judge Hillman,and is misrepresentation of the evidence in this case ,and further is an out right lie.Again either this Judge Magistrate is druck when making his report or is deliberately prejudice the Petitioner to his due process rights to his petition on the merit's,Magistrate Judge Hillman further commits fraudulent statements in (3)because the evidence which was lost would have been duplicative of other lab evidence which was properly admitted, Id at 6-7,Judge Magistrate Hillman page 4 pargraph 5,(3)is fraudulent- ly stated ,in a manner to prejudice the Petitioner,because it is impossible that the lost evidence would have been duplicative of other lab evidence,which was properly admitted,is a out right lie, because all evidence was lost and destroyed,prior to any testing,

6.       Since the MAC concluded that trial counsel's performance was not deficient,it concluded ,a  fortiori,his appellate counsel was not ineffective for failing to raise the issue of trial counsel's performance in Petitioner's direct appeal,see id at Hillman's 7-8 stated on page 4 of his report. Because of the Judge Magistrate fraudulently stating about lost evidence,and that Judge Hillman has erroneously misrepresented the Petitioner issues on the merits,by lie's,false statement and fraudulently misrepresented the evidence in this case, require's an investigation against this Newly appointed Judge.

7)       Judge Hillman report further states as to Petitioner's claims that the trial judge should have recused himself,the MAC found that Petitioner had waived this issue by not raising it in his direct appeal,and even if this claim were reviewed in the merits, the decision of whether to recuse himself was left to the discretion of the trial judge and his failure to do so under the circumstances

was not error,stated by judge magistrate Hillman in his report on
page 4 pargraph (7)he also cite Id at 8.He also additionally ,although
the court noted that it would have been preferable for the trial
judge to make detailed finding on this issue,it is assumed that by
denying the motion,the trial judge was satisfied that his represent-
ation of the Petitioner fifteen years earlier in an unrelated matter
did not pose any risk of prejudice,stated by Judge Magistrate Hillman
stated bias or ground for recusal and the court did not perceive
any error in the denial,Id at Hillman report page 4 pargraph 7.
Justice Hillman again has prejudice the Petitioner ,because he
failed to mention that the trial judge should recused himself when
the 15 year prior incident was a sexual assault against his own
secretary daughter,,which is and automatically an issue to recuse
himself,without discretion,never mind with discretion.See Hillman
report page 4 pargraph  (7).

8)            Judge Hillman ,stated Mr.Tavares filed an Application
for Leave to Obtain Further Appellate Review,with the Supreme  Judicial
court("SJC") which was denied,See Hillman Exs.to Orig.Pet.at p.T.E.
67.

            Each of these claims was considered by the Honorable
Timothy S.Hillman Magistrate Judge.Upon de novo review of the Due
Process claim,he found no constitutional violation.Reviewing the
ineffective assistance of counsel claims under the AEDPA's highly
deferential standards,he found no basis to overturn the lower court's
conclusion that trial counsel was not incompetent.Judge Hillman
 analysis was flawed,and fraudulently presented the COmmonwealth
evidence which was lost and destroyed by the Commonwealth of
Massachusetts.His cursory review of Due Process and ineffective

Assistance of Counsel Claims exhibit an unwarranted loyalty to the
lower court's decisions, when instead a careful review of the
glaring dissonance between those  decision was called for.Under
the latter standard,Tavares's conviction cannot stand,For reasons
set forth herein,the recommendation should be rejected  and the
petition granted.

          The Petitioner filed his Petition pro-se in a timely
manner on April 26/2004.He file it with honor respect,and with truth
under the pains and penalties of perjury,he also filed a reply to
the respondent answer,filed reply on June 7/2005.On March 7/2007
Newly appoint Judge Magistrate Hillman was appointed to petitioner
petition.It was over three (3) year later to receive a Magistrate
Hillman Report and recommendation,which now come a further delay
and further prejudice to the petitioner,based on Hillman J.report
was not independently review of the petitioner petition.The Petitioner
state since the filing of this petition ,he has had not knowingly
know that he has cancer. Just month a go,respondent's doctor told
the petitioner that he has nine months to live,based on their statistic
that the petitioner has lung cancer,bone cancer and pancreatic cancer.
It seem that Judge Magistrate Hillman erroneously report based not
on independent review but falsely written,about trial evidence of
the case,Tavares is entitled to De Novo Review independently review
on the merit's of his petition. The state court's decision denying
Tavares relief on claims involving the ineffective assistance of
counsel,conflict of interest and inconsistent conclusion,should be
reviewed De Novo ,because there was not adjudication on the merits
Federal Claims.

$b$

(8)

In order for the"Presumption of correctness" to apply,
a state court decision must;

> (1) Be the product of a fair state court
> "adjudication "of the federal legal issue;

> (2) Be the product of a full state court
> adjudiciation in that it addresses not only the
> claim but also the issue of federal law; and

> (3) Have resulted in a decision.

The state court decision is not entitled to any
presumption or consideration if the state's adjudiciation was distorted
by mistake,or completely disregarding Supreme Court case law.See
e.g.Hameen V.Delaware 2000,WL 631249,at 21-22(3d cir.May 17/2000)
(state court's decision was not adjudiciation on merits because
analysis was distorted by mistaken view that the Supreme Court had
already rejected identical argument.)Hogan V.Gibson 197 F.3d 1297
1302 n.2.1305-6 (10th cir.1999)(Oklahoma State court's analysis of
jury instruction claims under Beck V.Alabama 447 U.S.625 (1980),
constituted such "Gross deviation from,and disregard for,the court's
rule in Beck ,that it cannot constitute"Adjudiciation of Hogan's
Beck claim on the merits."Sincer the state court did not decide the
claims on its merits.,we review the district court's conclusion of
law de novo and factualfinding,if any for clear error.").

As such,if the state court's decision is not fair"
Adjudiciation"the federal court is free to review state court's legal
decision de novo.Miller V.Johnson 200 F 3d.274,281,n.4,(5th cir.2000).
The Supreme Court specifically addressed this issue,and held that
the limitation of review in AEDPA cases pursuant to 28 U.S.C.sec.
2254(d.)(1)applies on to issues that have been "adjudicated on the
merits in the state court and review is de novo when there has been

no clear adjudiciation on the merits."Id.

In the Fifth Circuit,the Miller,court set out three factors to consider when evaluating whether the state decision is a true "adjudiciation"on the merits of petitioners claim; (1)review what state courts have done in similar cases;(2)consider whether the case history suggests that the state court's recognized any ground for not resolving the case on the merits;and (3) consider whether the state court's opinion sugests reliance on procedural grounds rather than adjudication on the merits. The Supreme Court adopted the Miller factor Jackson V.Johnson,be denying a certiorara petition by the government after the federal court concluded,using the Miller factors that the state court decision was not an adjudicat-ion entitled to any deference pursuant to 28 U.S.C.sec.2254(d)(1). Jackson V.Johnson 194 F.3d,641,651,(5th cir.1999,cert.denied 120 S.Ct.1437 (2000).

Here,because the state court failed to address Tavares's federal claims of constitutional violation regarding,conflict of interest claims against the trial judge,ineffective assistance of counsel of trial counsel and appellate counsel and the trial judge's unsupported finding on his motion for a new trial,there was no adjuducation on the merits of this claim as defined by 18 U.S.C. sec.2254(d)(1).As such ,this court should review these legal claims de novo

GROUND ONE: TAVARES'S RIGHTS PURSUANT TO THE SIXTH AND  FOURTEENTH AMENDMENTS TO THE  UNITED STATES CONSTITUTION WERE VIOLATED WHERE HE WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL IN HIS CRIMINAL CASE.

The Sixth Amendment guarantees a criminal defendant "the assistance of counsel for his defense.U.S.Constitution Amendment VI.

The Supreme Court has repeatedly recognized that'[t]he right of an accused to counsel is beyond question a fundamental right."Kimmelman V.Morrison ,477 U.S.365,377 (1986).Lawyers are essential to person's accused of crimes"because they are the means through which the other rights of the person on trial are secured." United States V.Cronic 466,U.S.648,63,(1984).The Supreme Court has often emphasized the significance of counsel to criminal defendants. More the 65 years ago,the Supreme Court declared;

> "Even the intelligent and educated lawman has small and
> sometimes no skill in the science of law. If charged
> with a crime,he is incapable,generally of determining
> for himself whether the indictment is good or bad.He
> is unfamiliar with the rules of evidence.Left without
> the aid of counsel,he may be put on trial without a
> proper charge,and convicted upon incompetent evidence,
> or evidence irrelevent to the issue or otherwise inad-
> missible. He lacks both the skill and knowledge adequately
> to prepare his defense,even though he had a perfect one.
> He requires a guiding hand of counsel at every step in
> the proceedings against him.Without it.Though he be not
> guilty,he faces the danger of conviction because he does
> not know how to establish his innocence. If that be
> true of men of intelliterate or those of feeble intellect.
> "Powell V.Alabama 278 U.S.45,69,(1932).

The Sixth Amendment does not merely guarantee counsel to persons charged with serious crimes,it requires the effective assistance of counsel.In Strickland V.Washington 466 U.S.668,(1984) the Supreme Court resolved an extended judicial debate over the proper standard for determine whether a defendant's counsel provided effective assistance. The Supreme Court established a precise two part requirement.First"the defendant must show that counsel's representation fell below and objective standard or reasonableness." Id at 688.Second,the defendant "must show that there is reasonable probability that but for counsel's unprofessional errors,the result of the proceedings would have been different A reasonable probabiility is a probability sifficient to undermine confidence in the out come."

id at 694. Since Strickland,the Supreme Court has repeatly applies
its two-part standard in determine ineffectiveness claims.See e.g.
Kimmelman V.Morrison 477 U.S.365 (1986):Darden V.Wainwright 477
U.S.168 (1886):Hill V.Lockhart 474 U.S.(1985).

Some Courts since Strickland misapplies its prejudice
standard by condoning patently inexcusable falire by defense counsel
to investigate and prepare defenses on the ground that there is no
"reasonable probability"that the evidence would have affected the
jury's decision.This misapplied standard is exactly what happened
here.

The petitioner states that his petition for Writ of
Habeas Corpus  must be granted,based on the merits as stated in his
petition,and that the above citation and below clearly and automaticly
governs claims of ineffective assistance of counsel.The magistrate
Judge:Hillman in this case at bar argues at great length that U.S.
should apply Massachusetts 'test for ineffectiveness of counsel in
judging the federal constitutional adequacy of the assistance rendered
by the petitioner's counsel in this case.....It should be known
though the courts may differ as to the precise content of the Sixth
and Fourteenth Amendment guaranty of effective assistance of counsel
in criminal cases,there is only one Constitution guaranty ,"not fifty".
The content of that guaranty is a Federal Question,"Cepulonis V.Ponte
699 F.2d.573 (1983).U.S.District COurt is the Jurisdiction to enforce
the guaranty the understand it.Therefore this court should conclude
that the standard of United States V.Bosch 584,F.2d.1113,1119,(1st
cir 1978)governs claims of ineffective assistance of counsel in all
Habeas Corpus petition in this circuit,whether the underlying  con-
victions State or Federal.

(12)

## *****TABLE OF CONTENTS*****

INTRODUCTION................................PAGE_____

TABLE OF CONTENT...........................PAGE_12_____

TATEMENT OF THE CASE.......................PAGE_____

I. NATURE OF THE CASE AND COURSE OF
PRIOR PROCEEDING...........................PAGE_____

II.SUMMARY OF FACTS RELEVANT TO THE ISSUE
PRESENTEND FOR REVIEW......................PAGE_____

        1.)THE DEFENSE COUNSEL'S APPOINTED
           BROKEN PROMISE TO THE TRIAL JURY
           IN HIS OPENING STATEMENT THAT HE
           WOULD PRODUCE ALIBI WITNESSES
           WHICH HE FAILED TO PRODUCE AT
           TRIAL.CONSTITUTE INEFFECTIVE OF
           ASISTANCE OF COUNSEL...........PAGE_____

        2.)PETITIONER WAS DNEID HIS CONSTIT-
           ITIONAL RIGHT TO EFFECTIVE ASSISTANCE
           OF COUNSEL,BECAUSE HIS TRIAL COUNSEL
           NOT ONLY FAILED TO OBJECT AND EXCLUDE
           HEARSAY TESTIMONY REGARDING LOST
           EVIDENCE,BUT ALSO STRESSED THE
           INADMISSIBLE TESTIMONY DURING CROSS-
           EXAMINATION....................PAGE_____

        3.)DEFENSE COUNSEL'S FAILED TO SEEK
           INDEPENDENT EXAMINATION AND FORENSIC
           TESTING WHICH MAY HAVE CONTAINED
           EXCULPATORY EVIDENCE CONSTITUTES
           INEFFECTIVE ASSISTANCE OF COUNSEL
           ..............................PAGE_____

        4.)DEFENSE COUNSEL'S FAILURE TO EXCLUDE
           LOST EVIDENCE TESTIMONY AND HIS
           FAILURE TO FILE ANY MOTIONS REGARDING
           THE ISSUE DEPRIVED THE PETITIONER OF
           EFFECTIVE ASSISTANCE OF COUNSEL.PAGE_____

5.)APPELLATE COUNSEL ,FAILED TO RAISE
APPELLATE ISSUE AND THESE ISSUES
DEPRIVED MR.TAVARES PETITIONER OF
EFFECTIVE ASSISTANCE OF COUNSEL
...............................PAGE_____

STANDARD OF REVIEW OF MAGISTRATE RECOMMENDATION.....PAGE_____

III.    THE INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM.PAGE_____

A.)OVERREVIEW OF APPLICABLE SIXTH
AMENDMENT PRINCLES.................PAGE_____

B.)STARDARD OF REVIEW UNDER AEDPA......PAGE_____

C.)THE MAGISTRATE JUDGE'S REVIEW
OF PETITIONER'S ENEFFECTIVE
ASSISTANCE OF COUNSEL CLAIM
WAS CURSORY,AT BEST,AND THE
RESULTING CONCLUSION IS
CRITICALLY FLAWED.................PAGE_____

CONCLUSION.......................................PAGE_____

***** ARGUMENT *****

### IV.    STANDARD OF REVIEW OF MAGISTRATE'S RECOMMENDATION.

Under 28 U.S.C.§636(b)(1)(B),a District judge is authorized
to designate a magistrate judge to review a habeas corpus petition
and to compose recommended findings and rulings.Where a party
objects to the recommendations of a  magistrate judge,the district
judge to whom the case is assigned"shall make a de novo deter-
mination of those portions of the report or specified proposed
findings or recommendations to which objection is made."28 U.S.
C.§636(b)(1).The judge "may accept,reject,or modify,in whole or
in part,the findings or recommendations made by the magistrate
judge "Id."The judge also receive further evidence or recommit
the matter to the magistrate judge with instructions."Id The

(14)

District judge is compelled to make a bona fide"determination"
of the issues;it is impermissible for the judge to merely"accept,
uncritically,recommendations of magistrates.",Matthews V.Weber 423
U.S.261 274 (1976):United States V.Raddatz 447 U.S.687 (1980.)

The Petitioner directs this court attention to the
following foregoing arguments and authorities,which is based on
the lower court records in this case at bar.This honorable court
is respectfully urged to grant the petitioner 28 U.S.C.§2254 and
further release him from unlawful restraint,and further petitioner
natural life sentence under #13504 indictment should be vacated,
because is unlawful imposed,and petitioner should be set free,under
28 U.S.C.2254§2255.The exhibit's cited in this objection is the
same exhibit's cited in the original Writ of Habeas Corpus,and the
following pages 15 thru 46 are true copy of the exact words used
in the petition,and the reasons is,because the petitioner has only
ten(10)days to file his objection and also the petitioner is taking
chemo treatments and pain medication .The petitioner further states
his amended Writ of Habeas Corpus and exhibit's cited are true and
further signed under the pains and penalties of perjury,and to
compare the petitioner argument of the issues on the merit it is
clear,that the petitioner was denied a fair trial based on ineffective
assistance of counse,and that the Magistrate Judge Hillman has not
independently read the petitioner case by his recommendation are
based on MAC ruling. The petitioner request that the District Court
will consider the issues on the merits without any further delay
wherefore the petitioner based on Respondent Doctor's the petitioner
has nine months to life,because of his lung cancer,bone cancer,and
pancreatic cancer,according to their statistic.

‹ 3 ›

### STATEMENT OF THE CASE

On June 27/1983,a grand jury of Bristol county returned two indictment against the pro-se petitioner Mr,Tavares,charging him with assault and battery and assault with intent to murder.(TE 1-6)[1]. Several months later,on November 15/1983,the petitioner defaulted his trial date,then less than two weeks later,the same grand jury returned an indictment against Mr.Tavares petitioner,charging him was rape which was alleged to have occurred on the same night with the same complaining witness as the previous indictment(TE 7-9).

Trial commenced on March 25/1987,before Justice Sheehan, (TE 16).During trial Judge Sheehan denied a number of the petitioner motions:Motion for dismissal of the indictment,Motion for a Required finding of not guilty,and Motion for reconsideration of the petitioner's motion to dismiss.(TE 14-17).

On March 31/1987,the jury returned a verdict of guilty for assault with intent to kill,rape and assault and battery. (TE 17,28,41).Mr. Tavares pro-se petitioner was sentence to life for the rape charge,and not more than ten nor less than eight years at M.C.I. Cedar Junction ,for the assault with intent to kill charge,

---

[1] The petitioner record exhibits will be indicated (TE. trial transcripts will be indicated by (Tr.)The Motion for a New Trial will be indicated by (MNT).

which was to be served concurrently with the life sentence.
Further ,the assault and battery conviction was place on
filed .(TE 17,28,41).

A timely notice of appeal was filed on March 31/1987.
(TE 17,28,41). The Appeal Court affirmed the lower court's decision
on August 1/1989.(COMMONWEALTH V.TAVARES ,27 Mass.App.Ct.637
(1989).

Mr.Tavares petitioner filed a motion for a new trial
pro-se in March 1990.Then on March 18/1991,Court appointed,C.P.C.S.
in which appointed Raymond O'Hara filed his notice of appearance
for the defendant-petitioner.(TE 30,43).On November 12/1991,a
Motion for a New Trial was filed.(TE 17,20,43).Ahearing was held
before the trial judge Sheehan J,.On September 14/1992,and the
Commonwealth opposed this motiom September 17/1992,and the defendant
petitioner replied to the opposition on September 28/1992(TE 17,
30,43).

The Motion for new trial was denied on December 21/1992.
(TE 17,30,43). A timely notice of appeal of the denial of the
motion for new trial was filed.(TE 54).

On May 11,2001,the petitioner by and through counsel
appointed by C.P.C.S.Jennifer Appleyard,filed petitioner appeals
brief before the appeals court.On January 15/2003,the Appeals Court
heard oral argument. Then ,on February 27/2003,the Appeals Court
issued an opinion affirming the convictions.COMMONWEALTH V.EDWARD
TAVARES JR.,Memorandum and order Pursuant to Rule 1;28(February
27/2003,(hereto attached).(TE/57-66).

(17)

On March 18/2003 petitioner filed application for further appellate review,of his Mass.Appeal Court decision affirming his conviction order on February 27/2003 Attached hereto.

On April 30/2003 petitioner attorney and petitioner was sent denial(FAR) Application denied,(TE .67    ) Further Appellate Review. DOCKET NO.FAR-13310.

## STATEMENT OF FACTS

### Introduction

On June 27/1983,a Grand Jury returned indictments against Mr.Tavares Petitioner for assault and battery and assault with intent to murder. (MNT 1). On November 15/1983,Mr.Tavares defaulted at trial,then thirteen days later,the same Grand Jury reconvened and returned another indictment charging Mr,Tavares with rape. (MNT  1). (TE./68-81).

Prior to trial,defense counsel failed to file a number of motions which would have protected his client's Constitutional rights.[2] As a result,trial counsel's inattention substantially prejudice Mr.Tavares Petitioner.

In March 1987,at a jury trial Commonwealth alleged that on May 25/1983,Daine Aubuchon(formerly Daine Macedo)(hereinafter referred to as "Ms.Aubchon"),was severely beaten and raped by Edward Tavares Jr.petitioner (Tr.Volume 2/42-51).

---

[2] Specifically ;a motion requesting an independent examination of the victim's clothing ,a motion to inspect the forensic samples,a motion to suppress any and all testimony regarding the testing and/ or conclusions regarding the lost samples,and a motion to suppress the findings with regard to the sperm sample.Defense counsel's failure to request any deoxyribonucleic acid(hereinafter referred to as"D.N.A.")testing is evidenced by his failure to file a motion for funds to retain a D.N.A.or forensic expert.(TE 1-53).

## FACTS PRESENTED AT TRIAL

The Commonwealth's essential witness ,Ms.Aubuchon,the alleged victim,testified on May 25/1983,she had made plans to dine with Edward Tavares Jr.(Tr. Vol.3/12). That evening ,Mr. Tavares petitioner arrived at her apartment and informed her that he would be unable to keep the date because he had to work. (Tr. Vol.3/14).As an alternative,Ms.Aubuchon asked him for a ride to Captain J'S(a local tavern where she worked): Mr.Tavares agreed, then the two of them sat at the bar at Captain J's and had several cocktails.(Tr.Vol.3/15-17, Vol.4/17).After a few drinks ,Mr.Tavares informed her he was unable to go back to work,so they proceeded to a cafe for dinner where M/s.Aubuchon drank several Bacardi and cokes and had two shots of spearmint schnapps.(Tr.Vol.3/15-17, Vol.4/17).

At this point,they decided to go to a dance club,Mr. Tavares petitioner took M/s.Aubuchon to his brother's apartment while he showered and changed;during this time,M/s.Aubuchon consumed a beer.(Tr.Vol.3/20-22,Vol.4/24).When they arrived at the dance club,it was very crowded,and after a bit ,they returned to Captain J's for another drink between 11;00 and 11;30 p.m.(Tr.Vol.2/58,71; Vol 3/25;Vol.4/35).According to the manager of Captain J's,they both seemed very drunk when they left the bar.(Tr.VOl.2/58)..M/S.Aubuchon confirmed this by her testimony which indicated that she was definitely"feeling the drinks".(Tr.Vol.4/70).

After leaving Captain J's,M/s.Aubuchon testified that Mr.Tavares Petitioner drove her,during the drive she asked where they were;at that point,she alleged he began to hit her.(Tr.Vol.3/28). Then ,she alleged he began to choke her;she stated that she could

neither understand what he said to her,nor did she have any idea how long this occurred.(Tr.4/45-46).M/s.Aubuchon provided testimony which indicated that after this recollection,the next thing she remembered was waking up outside near a swamp.(Tr.Vol.3/30). She recalled seeing a truck driving down the road,and getting herself to the road,but had no memory of getting into the truck.(Tr.Vol. 3/30-31,Vol.4/55).

Next ,M/s.Aubuchon testified that she remembered voices,but was unable to remember the words or any conversations; additionally,she could not recall being transported to the hospital.(Tr.Vol.3/33). Finally ,she testified that she did not know whether she had been raped,because she had blacked out and had no memory,(Tr.Vol.4/58,59 67).

Aside from the alleged victim's testimony,the Commonwealth presented testimony from several police officers who were involved in this matter,the bartender and manager at Captain J's,the truck who found M/S.Aubuchon ,and two doctors who examined M/S.Aubuchon (Tr.Vol.2/33,69,85,103,113;Vol.3/41,61). During the testimony of Dr.Barbeiri,the gynecologist who examined M/s, Aubuchon at Massachusetts Eye and Ear,he explained that he obtained evidence for a rape kit.(Tr.Vol.3/66). He provided detailed testimony that he combed out small pieces of dirt from her pubic hair, collected hairs for future analysis,inspected her vulva which appeared normal,found items as a twig and small pieces of stone and dirt.then obtained samples for acid phosphatase analysis (semen measurement). (Tr.Vol.3/66-67). He stated that he placed the samples in a box and signed it to the Massachusetts Eye and

(20)

Ear security; in addition,he sent samples to the pathology lab at Massachusetts General Hospital. (Tr.Vol.3/68,77). Then without any objection from defense counsel ,Dr.Barbeiri testified that the testing results indicated semen was present.(Tr.Vol.3/69). Defense counsel reemphasized this during cross-examination,when he stressed the hearsay conclusion of the test by asking,"[a]nd you sent it out to some labs,and it came back that there was sperm present?" (Tr.Vol.3/76).

After Dr.Barbeiri's testimony ,the prosecution informed the court that the next witness would be the police officer who took the rape kit from Massachusetts General Hospital to the police lab and perhaps a chemist;at this time ,after allowing the conclus- ions of the forensic testing during Dr.Barbeiri's testimony,defense counsel objected to any testimony regarding the issue of the rape kit,arguing it was inadmissible because it was lost.(Tr.Vol.3/82-83). However,it is important to note that the defense attorney never filed any motions in regard to the lost evidence,sought any sanct- ions against the Commonwealth,or objected to the doctor's testimony which was based upon potentially exculpatory evidence which had been lost. The Court refused to allow into evidence testimony regarding the rape kit .(Tr.Vol.3/82-83;Vol,4/130).

Judge Sheehan was aware of the prejudice involved in the situation when he stated to the attorneys,"[G]entlemen,there is no question that this jury at this point is going to be satisfied there is sperm in this girl's vagina,whether it was there for a week or for an hour."(Tr.Vol.3/83). In addition ,the defense counsel agreed to this,as evidenced by his statement,"you're right,Judge."

(21)

(Tr.Vol.3/38). The defense counsel failed to exclude the testimony and conclusions regarding the lost samples,failed to seek any sanctions against the Commonwealth for the lost evidence,and failed to present evidence to the jury that the misplacement of this evidence substantially prejudice Mr.Tavares petitioner.

The defendant-petitioner's case consisted of two witnesses During the trial ,the defense attorney claimed he was unable to locate the witnesses earlier in the case.(Tr.Vol.3/84). As a result the court issued bench warrants for both witnesses,both appeared the next day.(Tr.Vol.4/155,161). Mr.Jeffrey ,an Emergency Medical Technician,was the first witness;he testified that he heard M/s. Aubuchon and Mr.Ashworth,the other Emergency Medical Technician, speaking in the back of the ambulance but was unable to understand the conversation.(Tr.Vol.4/155,160). Mr.Ashworth,the final defense witness,testified that M/s.Aubuchon informed him that she had been hitchhiking home,when an unidentified male picked her up and drove her somewhere.(Tr.Vol.4/166-167). He further testified that she informed him that the individual kept hitting her and she was raped.(Tr.Vol.4/168). Mr.Ashworth informed the police of her statement,when she was admitted to St.Luke's hospital; he testified that the police never followed up on this issue.(Tr.Vol.4/171). Mr.Ashworth's testimony concluded the defense's case.

The defense attorney failed to call any alibi witnesses which he had promised to do in the opening statement.[3/] Finally, the prosecution emphasized the defense counsel's failure to call any of these witnesses when he informed the jury in closing argument that the defense counsel,"Told you in his opening that he was going

to produce witnesses to tell you where the petitioner was when the
incident ..happened... he presented no evidence,no person that he
could find after four years to tell you where he was if he wasn't
with her....."(Tr.Vol.5 /77-78).After closing arguments and jury
instructions, the jury deliberated and returned verdicts of guilty
on all counts..

## MOTION FOR A NEW TRIAL

On November 12/1991,a motion for a new trial was filed
by pro-se Mr.Tavares petitioner'new attorney.(MNT TE 17,30,43).The
petitioner alleged that he did not receive effective assistance of
counsel based on a number of errors.

Specifically,the petitioner argued before the trial judge
that the following constituted ineffective assistance of counsel.
First, the defense attorney broken his promise to the jury when he
failed to call an alibi witness whom he had assured he would produce
in his opening statement : Next the defense attorney failed to exclude

---

[3/] "The defendant-petitioner is going to call people to the stand
that are going to tell you where he was at approximately 11,10 to
11 P.M.and basically the facts in this case,up to a certain point
you're going to hear from all the witnesses are the same. Things,
change when we get at that certain point in time,and the defendant
petitioner is going to call witnesses for you that will indicate
for you and tell you where he was at that point in time and where
people.went and what people did.
I submit to youthat you're going to find ,based on the
defendant's as petitioner,witnesses and based on the witnesses who
take the witness stand for the Commonwealth,that the Commonwealth
can not prove their case(Tr.Vol.2/54-55)".

(23)

testimony regarding the conclusions of the rape kit testing and improperly stressed the conclusions during cross-examination; Next the defense attorney failed to request any testing ,either blood grouping or DNA :Further the defense attorney failed to request for independent examination of the clothing of the complaining witness;Additionally defendant attorney failed to seek proper sanctions against the Commonwealth,since the rape kit and sample were lost:Also defense attroeny failed to emphasize or present to the court any arguments regarding the prejudice suffered by the petitioner based upon the potential exculpatory evidence which was lost,and finally, the failure of his initial appellate attorney to raise a number of issues on his direct appeal.(MNT 1-4).

## SUMMARY OF ARGUMENT

The trial judge committed reversible error by denying Mr.Tavares his motion for a new trial,because the decision was manifestly unjust and was ineffective with Constitutional errors. Mr.Tavares petitioner are argues that he received ineffective assistance of both trial and appellate counsel.

(24)

Mr.Tavares petitioner contends he received ineffective assistance of counsel based on the trial counsel's failure to fulfill his promise to the jury in opening statement,failure to exclude hearsay,failure to seek an independent examination of forensic evidence,and failure to exclude testimony of lost evidence. Further his appellate counsel was ineffective because of the failure to raise these issues on direct appeal. These errors deprived Mr. Tavares of his right to effective assistance of counsel as guaranteed by Article 12 of the Massachusetts Declaration of Rights and under the Sixth and Fourteenth Amendment of the United States Constitution; Petitioner was entitled to effective assistance of counsel at trial and appeal. Trial counsel's and appellate's representation fell below an objective reasonable standard whcih resulted in insurmountable prejudice to petitioner. Thus pursuant to 28 U.S.C.A.§ 2254 and 2255 petitioner's petition for Writ of Habeas Corpus should be granted and he should be released from state custody. Strickland V.Washington 466 U.S.668,687-688,694-96 (1984):State V.Bradley 42 Ohio st.3d, 136 (1989),cert denied ,497 U.S.1011,(1990).and constitute a substantial miscarriage of justice (Pp.15-43).

(25)

1)THE DEFENSE COUNSEL"S APPOINTED BROKEN PROMISE
TO THE TRIAL JURY IN HIS OPENING STATEMENT THAT
HE WOULD PRODUCE ALIBI WITNESSES WHICH HE FAIL-
ED TO PRODUCE AT TRIAL,CONSTITUTES INEFFECTIVE
OF COUNSEL.

Mr.Tavares petitioner'attorney at trial promised to the

jury in his opening statement;

> "The defendant is going to call people to the
> witness stand that are going to tell you where
> he was at approximately 11,10 to 11 p.m.;  and
> basically the facts in this case,up to a cert-
> ain point,you're going to hear from all the
> witnesses are the same.""Things change when we
> get to a certain point in time,and the defend-
> ant is going to call witnesses for you that
> will indicate for you and tell you where he was
> at that point in time and where people went and
> what people did.'
> "I submit to you that you're going to find,based
> on the defendant's witnesses and based on the
> witnesses who take the witness stand for the
> Commonwealth ,that the Commonwealth cannot prove
> their case " (Tt. Vol.2/54-55).

The defense attorney failed to deliver his promise to the jury,

noting indicates that he made any attempt,such as a subpoena,to

mandate the alibi witnesses to be present. $^{4/}$ Only two witnesses,

the Emergency Medical Techicians,who transported the complaining

witness,were called to testify during the defendant-petitioner's

case-in-chief.(Tr.Vol.4/155,161). The unfulfilled promise was

emphasized by the prosecution during closing argumrnt when he

reminded the jury that the defense counsel,"Told you in his opening

that he was going to produce witnesses to tell you where the

defendant was when the incident happened....he presented no evidence

no person that they could find after four years to tell you where

he was if he wasn't with her....."(Tr.Vol.5/77-78).

Mr Tavares petitioner contends such an unfulfilled promise

(26)

by his defense counsel constitutes ineffective...................
assistance of counsel which substantially prejudiced him and
mandates reversal. Writ of Habeas Corpus 28 U.S.C.A.2254-2255;

    In 1988, the First Circuit Court of Appeals concluded the
defendant was denied effective assistance of counsel,because his
trial counsel had promised the jury in the opening statement that
he would produce certain expert witnesses who the defense attorney
then failed to produce;The First Circuit reversed the case because
the error went to the heart of the defense and was prejudicial.
ANDERSON V.BUTLER,858 F.2d 16,18-19(1st Cir.1988).In Anderson,the
defense counsel promised that he would produce a psychiatrist and
psychologist to testify about the defendant's condition,however,
during the case he merely called lay witnesses,and then rested.[5/]
ANDERSON V.BUTLER,858 F.2d at 16. The First Circuit reasoned that
because trial counsel's prejudicial error went to the vitals of
the defense and that no juror would ignore it,prejudice resulted
requiring reversal.ANDERSON V.BUTLER 858 F.2d.at 18-19:See also
UNITED STATES V.HONORIA GONZALEZ-MALDONADO,115 F.3d 9,(1st Cir.1997)
(convictions vacated and case was remanded because the defense
attorney was unable to produce certain witnesses at trial which he
had promised the jury in the opening statement because of a subsequent
court ruling; but see COMMONWEALTH V.CARNEY,34 Mass.App.Ct.922,
610 N.E.2d 975,976 (1993).

    Anderson is substantially similar,since in the
instant case the defense counsel also promised the jury that he
would call certain witnesses who"are going to tell you where he

[4/]It is important to note that a notice of alibi was filed on
November 20/1986.(TE. 55).

(the defendant-petitioner) was at approximately 11,10 to 11 p.m.. and the defendant-petitioner is going to call witnesses for you that will indicate for you and tell you where he was at that point in time and where people went and what people did."(Tr.Vol.2/54- 55). As in Anderson ,trial counsel failed to call such witnesses, which "was a very bad decision......[and] was inexcusable......." Id at 18. The failure to call the alibi witnesses certainly went to the vitals of the defense in the case at bar,since the defense was that Mr.Tavares petitioner did not commit the charges against him; the promise and then failure to produce the witnesses was prejudicial,because the defense attorney's recital of such powerful evidence during his opening ,then failure to produce it, cannot be disregarded as harmless.Id at 19. Such an error mandates reversal.

In 1986,the Supreme Judicial Court held when the defense counsel leaves a client "denuded of a defense"ineffective assistance of counsel occurs.COMMONWEALTH V.TRIPLETT,398 Mass.561,569,500 N. E.2d 262,267 (1986). In the instant case ,Mr.Tavares petitioner was denuded of a defense,"Since the defense counsel failed to call any alibi witnesses,after he had promised the jury that he would present them. As in TRIPLETT,Mr Tavares was denied effective assistance of trial court counsel.

---

5/The defense rested the day after he had given his opening statement ANDERSON V.BUTLER 858 F.2d at 16.

Defense counsel's broken promise constitutes behavior which falls measurably below that expected from an ordinary attorney since "it was inexcusable to have given the matter so little thought at the outset as to have made the opening promise."ANDERSON V. BUTLER ,858 F.2d at 18;SEE also COMMONWEALTH V.SAFERIAN ,366,Mass at 96,315 N.E.2d at 882-883. Further,better work certainly would have resulted for Mr.Tavares petitioner' defense had the alibi witnesses been presented as trial counsel promised. In addition, such an error constitutes a substantial risk of a miscarriage of justice. First,the evidence of guilt was not overwhelming,the petitioner had verbally denied his guilt at the time of arrest; the evidence shows the alleged complaining witness consumed a substantial amount of alcohol,and her statement to Scott Ashworth indicated that she was hitchhiking before she was beaten up and was rape,further she failed to mention Mr.Tavares petitioner' name to Mr.Ashworth.(Tr.Vol.2/96;Vol.4/109,167).Next ,the broken promise was significant in the context of the trial,since the defense counsel stressed to the jury at the begining of the trial that these alibi witnesses would provide an explanation of the petitioner's whereabouts at the time of the allegd incident;additionally,the prosecution emphasized the ommission in his closing argument.(Tr.Vol.5/77-78). Finally ,nothing from the record indicates that this was a tactical decision; defense counsel raised expectations of the jury in the opening statement,then left them speculating at the close of the case,prudent counsel would not have made any promises in an opening statement which he could not present to the jury. Such an error constitutes a substantial risk of a miscarriage of justice; Thus,

trial counsel's performance deprived Mr.Tavares petitioner of
effective assistance of counsel guaranteed by the Sixth and the
Fourteenth Amendment of the United States Constitution and Article
XII of the Massachusetts Declaration of Rights.

> 2 **THE DEFENDANT AS THE PETITIONER WAS DENIED**
> **HIS CONSTITUTIONAL RIGHT TO EFFECTIVE**
> **ASSISTANCE OF COUNSEL BECAUSE HIS TRIAL**
> **COUNSEL NOT ONLY FAILED TO OBJECT AND EX-**
> **CLUDE HEARSAY TESTIMONY REGARDING LOST**
> **EVIDENCE,BUT ALSO STRESSED THE INADMISSIBLE**
> **TESTIMONY DURING CROSS-EXAMINATION:**

In the instant case,Dr.Barbieri,the gynecologist who obtained
evidence for the rape kit from Ms.Aubuchon,testified at the trial.
(Tr. Vol.4/66).Not only did he provide detailed testimony based
upon first hand knowledge but he also erroneously testified to the
semen testing results which he had no first hand knowledge of on
first hand knowledge of on direct examination,which the petitioner's
trial counsel should have ,at minimum, objected to,then his trial
counsel again stressed this inadmissible evidence on cross-examination.
(Tr.Vol.3/69,76,78).Following this testimony,at a sidebar conference,
the defense attorney objected to any testimony regarding the issue
of rape kit,since it was lost.(Tr.Vol.3/82-83;Vol 4/130). At a
minimum,prior to sidebar,Mr.Tavares petitioner trial counsel should
have objected to the prejudicial hearsay comment of Dr.Barbeiri
who testified to the conclusions of the medical test which he did
not conduct that indicated semen was present.(Tr.Vol.3/78). Certainly,
if the prejudicial hearsay has been excluded from evidence better
work might have accomplished something material for the defense.
Such an error suggests incompetency and inattention of counsel
falling measurably below an ordinary fallible attorney,since this

hearsay statement was the only testimony suggesting that a rape

may have occurred.SEE COMMONWEALTH V.SAFERIAN,366 Mass.at 90,315

N.E.2d at 883. Unfortunately,the defense counsel failed to object,

then inappropriately stressed this harmful error on cross-examination.

(Tr.Vol.3/76. The trial judge recognized the prejudicial effect of

doctor's testimony ;also ,the defense attorney acknowledge this harm

by his statements to the trial judge during a side bar discussion

which conceded that the jury was certainly aware that semen was

present from this testimony.[6/] (Tr.Vol.3/83). Based on this error,

a substantial risk of a miscarriage of justice occurred,because other

than Dr.Barbieri's hearsay testimony,there was no testimony presented

of possibility of a rape; Ms.Aubuchon testified that she had no

knowledge as to whether she had been raped,because she had blacked out

and had no memory.(Tr.Vol.4/58,59,67). Thus ,the inadmissible hearsay

comments substantially prejudiced Mr.Tavares .

In 1997,the Appeals Court set aside a conviction because

the Commonwealth failed to present any direct evidence that the

defendant committed the crime. COMMONWEALTH V.WHYTE 43 Mass.App.Ct

920,921,684,N.E.2d 625,656 (1997).The Court found the Commonwealth's

evidence was insufficient,"[b]ut for the ' substantive,probative

force' of inadmissible hearsay evidence..... "COMMONWEALTH V.WHYTE,

SUPRA ,citing COMMONWEALTH V.FRISINO 21.Mass.App.Ct.551,553,N.E.

2d 51,53 (1986).

---

6/ The trial judge stated "Gentlemen ,there is no question that this
jury at this point is going to be satisfied there is sperm in this
girl's vagina,whether it was there for a week or any hour."(Tr.
Vol.3/83).