(31)

Whyte is substantially similar to the case at bar, because the only evidence that a rape may have occurred was the inadmissible hearsay evidence of Dr.Barbieri. Such prejudicial evidence may have affected the outcome of the trial,and like Whyte,"the consequence of such....[inaction] on the part of counsel ,in our judgment are such as to deprive the defendant of a fair trial."Id (quotations omitted).

In 1992 ,the Appeals Court reversed a conviction ,because of the trial attorney's failure to exclude a highly prejudicial statement which any "'ordinary fallible lawyer' would have sought to keep out."COMMONWEALTH V.GILLETTE 33 Mass.App.Ct.427,431,600 N.E.2d 1009,1011 (1992). The GILLETTE Court determined that an effort made by counsel would have been successful and would have made a difference,"not only would better work have succeeded in keeping the highly prejudicial statement out of the case,but better work would have accomplished something material for the defendant-petitioner.No reasonable trial strategy to justify the ommission has been suggested by the Commonwealth,nor can we imagine any."COMMONWEALTH V.GILLETTE 33 Mass.App.Ct.at 432,600,N.E.2d at 1012.

The reasoning in GILLETTE should be applied to the instant case. The prosecutor emphasized the prejudicial effect of the statement in opening argument. (Tr.Vol.2/44;Vol.5/65,71). The petitioner's trial attorney failed to make any effort to exclude the testimony and prejudiced his client by repeating the hearsay conclusion,which according to GILLETTE is not Justified by any

reasonable trial strategy.As in GILLETTE,Mr.Tavares petitioner' conviction should be reversed .

In 1999,the Supreme Judicial Court reversed the defendant's convictions and order a new trial,because he was deprived effective assistance of counsel.COMMONWEALTH V.PETERS,429 Mass.22,705 N.E. 2d 1118 (1999).The Court explained that an "'ordinary fallible lawyer' would have recognized that objections should have been made.. concerning the substance of her conversations....."COMMONWEALTH V. PETERS ,429,Mass.at 31-33,705 N.E.2d 1124-1125. Further,the cross-examination ,"by the defendant's trial counsel....was inept..."Id. Additionally,the Court explained that there should have been a motion to strike.Id. The PETERS Court concluded that as a result of the deficient performance of trial counsel,the defendant lost an available ground of defense,and reversed the case because"[W]here the case hinged on the issue of credibility,the deficient represent-ation provided by the defendant's trial counsel,and what flowed from it,cast doubt on the validity of the jury's verdict."Id.

In the instant case,Mr.Tavares petitioner' trial counsel failed to object to improper hearsay on direct,then stressed this point to the jury during cross-examination. As in PETERS, this case focused on the credibility of the complaining witness,thus these errors cast doubt on the validity of the verdicts. Therefore,as in PETERS,a new trial should be ordered.

The errors constitute a substantial risk of a miscarriage of justice,since this inadmissible statement by Dr.Barbeiri was the only testimony that a rape may have occurred,there is a genuine issue of guilt or innocence and the error is certainly significant

(33)

as evidenced by the fact that the judge's own statements after the doctor's testimony that the jury knew that sperm was present (Tr. Vol.3/83): nothing in the record demonstrates that the failure to object was a reasonable tactical decision,as emphasized by the sidebar conversation.COMMONWEALTH V.AMIRAULT,SUPRA.

Under the Sixth and Fourteenth Amendment of the United States Constitution and Article 12 of the Massachusetts Declaration of Rights. Petitioner was entitled to effective assistance of counsel at trial.His trial counsel's representation fell below an objective reasonable standard which resulted in insurmountable prejudice to petitioner for a Writ of Habeas Corpus should be granted,and he should be released from State custody.STRICKLAND V.WASHINGTON ,466 U.S.668,687-88 ,694-96 (1984):STATE V.BRADLEY 42 OHIO ST.3d 136 (1989), cert.denied ,497 U.S.1011 (1990).

These serious errors made by trial counsel affected the jury ,if the information had been adequately excluded,challenged, and not stressed,then the jury would not have been presented with any evidence regarding the presence of semen or possibility of rape. This conduct constitutes a substantial risk of a miscarriage of justice by depriving Mr.Tavares petitioner of effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendment to the Constitution of the United States and Article XII of the Massachusetts Declaration of Rights.

3.    DEFENSE COUNSEL"S FAILED TO SEEK
      INDEPENDENT EXAMINATIONS    AND
      FORENSIC TEWSTING WHICH MAY HAVE
      CONTAINED EXCULPATORY EVIDENCE
      CONSTITUTES INEFFECTIVE ASSISTANCE
      OF COUNSEL:

( 34)

In the case at bar, trial counsel failed to file any motions seeking independent examination of either the clothing of the alleged victim or the forensic sample obtained from the complaining witness.

Although trial counsel filed a number of motions prior to trial 'Motion for discovery of Medical evidence, Exculpatory evidence -prior Complaints of rape by alleged victim, Motion to have Victim Examined, Motion for Exculpatory evidence-out-of-court Identification, Motion for Exculpatory Evidence-Psychiatric History of alleged Victim, Motion for Preservation of notes and tapes, and a Motion for Alibi , he failed to file any motions addressing this critical issue. (TE 14-16).

"Clothing often contains forensic evidence which can be used to identify the attackers. Acid phosphatase and sperm secretions are frequently found in stains left in the clothing of rape victims after sexual assault.....the items that have a high probability of containing semen (e.g. bedding, clothing, upolstery) can be logically identified in many instances". Practical Aspects of Rape Investigation, Robert Hazelwood and Anne Wolbert Burgess, CRC Press, p.95, (1995). In addition, tests for semen can be performed if dried or removed from the surface and a forensic laboratory can determine that the unidentified substance recovered is semen if male reproductive cells are present, Id at 91-94.

In the case at bar, Mr.Tavares petitioner was substantially prejudiced by trial counsel's error in failing to seek any testing on the clothing. The clothing was the only evidence which was not lost by the Commonwealth which could have been tested. The clothing

may have revealed some forensic evidence which may have been excul-
patory to the petitioner.

Also ,trial counsel should have requested independent
and more detailed rape kit testing. A number of tests can be performed
on semen samples which could have excluded the petitioner such as;
Blood Group Substances [7] and D.N.A.testing.[8] However,in the
instant case ,the defense counsel's failure to seek any testing on
the clothing or an independent and more detailed,testing on the
rape kit evidence,resulted in the petitioner's inability to challenge
the conclusions of the semen test results which was the only evidence
although improperly admitted,which suggested rape. Thus ,Mr.Tavares
petitioner was substantially prejudiced by these errors.

Certainly ,failing to file a motion requesting

---

7/Blood group substances determines whether the perpetrator was a
secretor or non secretor;if the perpetrator is a secretor then the
blood type may be identified,80% of the population is a secretor;in
the event that the perpetrator is a non secretor then it is possible
to exclude the petitioner based on that conclusion.Practical Aspects
of rape Investigation,Robert Hazelwood and Anne Wolbert Burgess,CRC
Press,p.92(1995).

8/ D.N.A.is a linear molecule consisting of two strands of 4 nucleic
acides (adenosine ,thymidine,cytosine,guanosine)that are covalently
linked by phosphodiester bonds.).Testing allows for analysis of
polymorphic genetic markers encoded in the linear sequence of D.N.A.
which can be used for both exculpatory and inculpatory purposes.MCLE,
DNA and other Scientific evidence,How to Use It and Challenge It in
the Courtroom,The Development of DNA Typing Methods For Forensic
Analyses,David H.Bing,Harry L.Miles,Frederick R.Bieber,(1999),
PP.105-107.

(36)

testing is incompetent ,inefficient,and inattentive conduct which
is below that of an ordinary fallible lawyer.SEE COMMONWEALTH V.
SAFERIAN SUPRA. Further,such inattention deprived Mr.Tavares petitioner
of a substantial ground of a defense,since the evidence may have
been exculpatory,however that will not be known,since the forensic
specimens were never tested and are now lost.

        This omission constitutes a substantial risk of a
miscarriage of justice,since the evidence of guilt is not overwhelming,
if testing had been done the prejudicial evidence could have been
challenged,the complaining witness had no memory that Mr.Tavares
petitioner rape her. Further the failure to test is signifcant,
because the defense counsel could have challenged the testing
procedures,and presented evidence of the defendant-petitioner's
exclusion. The improperly admitted evidence regarding the semen is
the only evidence suggesting rape,testing the sample could have
rebutted that fact,and nothing indicates any tactical reasons for
this omission.SEE COMMONWEALTH V.AMIRAULT,SUPRA. As a result ,
Mr.Tavares was denied his Constitutional rights to effective
assistance of trial counsel which are guaranteed by the Six and
Fourteenth Amendment to the United States Constitution and
Article XII of the Massachusetts Declaration of Rights.

        4.    DEFENSE COUNSEL'S FAILURE TO EXCLUDE
              LOST EVIDENCE TESTIMONY AND HIS
              FAILURE TO FILE ANY MOTIONS REGARDING
              THE ISSUE DEPRIVED THE PETITIONER OF
              EFFECTIVE ASSISTANCE OF COUNSEL:

(37)

In the case at bar,the trial counsel also failed to file any motions precluding the introduction of testimony or evidence arising out of lost evidence. Although trial counsel filed a number of motions prior to trial,he failed to file any motions in limine or motions seeking sanctions against the Commonwealth on this particular subject. [9/] (TE 10-53). The Commonwealth lost the forensic evidence of the complaining witness.(Tr.Vol.3/82-83; Vol.4/130). No testimony regarding this evidence should have been admitted,in addition,counsel's inattention and incompetency was demonstrated by his failure to object and exclude hearsay conclusions of testing and/the sperm certificate . At a minimum ,trial counsel should have sought to exclude findings from the lost evidence,since the evidence was lost,the defense could not challenge those conclusions or conduct any independent testing.

"[T]he Commonwealth has a duty to not destroy exculpatory evidence; rather ,it must preserve such evidence for the petitioner to inspect,examine,or perform tests on,if he so chooses....This obligation grows out of the Commonwealth's duty to disclose'evidence favorable to an accused upon request....where the evidence is material either to guilt or punishment.'"COMMONWEALTH V.SASVILLE

35 Mass.App.Ct.15,19,616 N.E.2d 476,479 (1993)(citations omitted).
9/ Motion for Discovery of Medicial Evidence,Exculpatory evidence-prior complaints of rape by alleged victim,Motion to have victim examined,Motion for exculpatory evidence -out-of-court,Identification; Motion for Exculpatory evidence-Psychiatric history of alleged victim; Motion for preservation of notes and tapes;Motion for Alibi.(TE 10-46,55).

(38)

Further,"'the loss [or destruction] of evidence which
is material and potentially exculpatory poses special problems for
the petitioner because he is put in a position where he is unable
to establish the exculpatory nature if the lost evidence'. COMMONWEALTH
V.SASVILLE 35 Mass.app.ct.at 20 ,616 N.E.2d at 480,citing COMMONWEALTH
V.OLSZEWSKI,401 Mass.749,753-754,519 N.E.2d 587,590 (1988). The
petitioner need not show conclusively the exculpatory nature
of the destroyed evidence,but rather ,must establish.a reasonably
possibility .....that access to the [destroyed material] would
have produced evidence favorable to his cause."COMMONWEALTH V.
SASVILLE,35 Mass.App.Ct.at 20,616 N.E.2d at 480 ,citing COMMONWEALTH
V.NEAL 392 Mass.1,12,465 N.E.2d 1356,1364 (1984).

In the case at bar ,the Commonwealth either destroyed
and/or lost the forensic sample collected from the complaining
witness while she was admitted at Massachusetts Eye and Ear before
the petitioner had an opportunity to inspect,examine,or perform
any independent examinations, During the trial ,Dr.Barbeiri
testified that he obtained evidence for a rape kit while examining
the alleged victim,he placed the sample in a box,and he gave one
set to the Massachusetts Eye and Ear security and another to the
pathology lab at Massachusetts General Hospital.(Tr.Vol.3/66-68).

Defense counsel waited under after Dr.Bareiri's testimony
when the jury was not longer present to discuss the fact that the
rape kit had been lost while in the custody and control of the
Commonwealth .(Tr.Vol.3/82-83;Vol.4/130). At that time ,the trial
judge determined that the Commonwealth would not be able to present
any other witnesses on this subject,because the evidence had been
lost and/or destroyed.(Tr.Vol.82-83;Vol .4/130). Unfortunately for

Mr.Tavares petitioner ,his attorney failed raise this argument prior
to Dr,Barbeiri's testimony. Dr,Barbeiri testified to hearsay
statements which indicated that semen test concluded that semen was
present without any objection .(Tr.Vol.3/69,76,78).In addition ,the
defense attorney repeated this highly prejudicial hearsay statement
during cross-examination.$^{10}$(Tr.Vol..3/76).Since the defense attorney
failed to file any motions regarding the lost or destroyed evidence
issue and failed to bring this issue to the attention of the jury,
he fell below the standard of a reasonably ordinary fallible attorney.
See COMMONWEALTH V.SAFERIAN ,SUPRA ,At a minimum,the issue should
have been addressed,since it is well established that when the
petitioner demonstrates that the Commonwealth destroyed potentially
exculpatory ,then the judge must entertain a balancing test to
determine the appropriateness and extent of action.COMMONWEALTH V.
SASVILLE 35 Mass.App.Ct.at 21-22,616,N.E.2d at 480.The trial judge
must weigh the culpability of the Commonwealth,the materiality of
the evidence,and the potential prejudice to the petitioner .Id.

In the instant case,trial counsel failed seek any
remedy or sanctions;he merely mentioned it to the court.(Tr.Vol.3 /83;
Vol..4 /130). In addition ,the trial judge did not consider the
balancing test,although he precluded further testimony on the rape
kit,he did not strike the prejudicial hearsay conclusion that sperm
was present .(Tr.Vol.3/78,83;Vol.4/130). This error by the defense
attorney resulted in his failure to adequately protect Mr.Tavares
petitioner'constitutional right to due process and a fair trial.

10/ Defense attorney asked Dr.Barbeiri ,"And you sent it out to
some labs,and it came back that there was sperm present?"(Tr.Vol.3/76).

(.10.)

In Massachusetts ,the Supreme Judicial Court has
"repeatedly stressed the need for prosecutors and police to do
their utmost to preserve and present 'exculpatory evidence which
is available to the prosecution.'"(Emphasis supplied). COMMONWEALTH
V.OLSZEWSKI 401 mass.at 754,519,N.E.2d at 590. Furthermore,the
court in OLSZEWSKI explained the circular problem with addressing
the lost and/or destroyed evidence issue;

> [b]ecause [if]the [evidence has] been destroyed,
> it is no longer possible to determine whether
> the petitioner would have obtained any evidence
> of an exculpatory nature had [it] been made
> available to him for inspection or examination.
> to require the petitioner at this stage to prove
> that the[evidence was] in fact exculpatory would
> however convert the disclosure duty established
> in BRADY,and its progeny into an empty promise.
> COMMONWEALTH V.OLSZWESKI ,401 Mass.at 754,519
> N.E.2d at 590.

In the instant case ,Mr.Tavares faces this exact
problem; the forensic evidence was lost,no longer is possible for
him to test,inspect,or examine the evidence,and he is unable to
prove the exculpatory nature of it. As a result,the Commonwealth's
culpability should be assessed,and the materiality of the evidence
should be weighed,which in this case undisputed,since the testimony
and findings were the only evidence presented that even remotely
indicated a rape may have occurred and that cannot be challeneged,
because it was lost. Finally ,Mr.Tavares petitioner suffered
tremendous prejudice from the admission of this evidence ,as
evidenced by the judge's statement.(Tr.Vol.3/83).

Since this evidence is likely to have been a factor
in the jury's deliberations,and if the evidence had been improperly
tested and/or found to contain exculpatory evidence,that the petitioner
was certainly prejudiced and possibly deprived of a defense.Clearly,

( 41 )

trial counsel's failure to file any motions regarding the subject

of the lost/destroyed evidence was conduct falling measurably

below an ordinary attorney; better work would have resulted from

the exclusion of such evidence,since the jury would not have been

presented with any evidence regarding the semen. Because the

evidence of guilt was not overwhelming,the errors and ommissions

were significant in the context of the entire trial,and the record

fails to demonstrate any tactical reasons for such errors,the

ineffective assistance of Mr.Tavares petitioner 'trial counsel

constitutes a substantial miscarriage of justice.SEE COMMONWEALTH

V.AMIRAULT,SUPRA. Mr.Tavares petitioner is entitled to a reversal

of his conviction based on the violation of Constitutional rights

as guatanteed by the Sixth and Fourteenth Amendment to the

Constitution of the United States and Article XII of the Massachusetts

Declaration of rights. Petitioner was entitled to effective

assistance of Counsel at trial.His trial counsel's presentation

fell below an objective reasonable standard which resulted in

insurmountable prejudice to petitioner for a Writ of Habeas Corpus

should be granted,and he should be release from State custody.

STRICKLAND V.WASHINGTON 466,U.S.668,687-88,694-96 (1984):STATE V.

BRADLEY 42 OHIO ST 3d 136 (1989),Cert.denied ,497 U.S.1011(1990).

5.    **APPELLATE COUNSEL FAILED TO RAISE**
      **APPELLATE ISSUE AND THESE ISSUES**
      **DEPRIVING MR.TAVARES PETITIONER OF**
      **EFFECTIVE ASSISTANCE OF COUNSEL:**

Mr.Tavares petitioner'contends that his appellate counsel

on direct appeal deprived him of effective assistance of counsel.

( 42 )

In the instant case,Mr.Tavares petitioner argues
that his appellate counsel's failure to argue the trial counsel's
ineffective assistance of counsel claims on appeal was itself
ineffective .(TE.12-14). If this court finds ,that any of the actions
of trial counsel were ineffective, then the appellate attorney's
failure to raise these issues on direct appeal was also ineffective.
See BREESE V.COMMONWEALTH 415 Mass.249,252,612 N.E.2d. 1170(1993):
Appointed trial and appellate counsel appointed were grossly
ineffective in violation of the Sixth and Fourteenth Amendment of
the United States COnstitution"KIMMELMAN V.MORRISON 477,U.S.363
at 377,(1986):Quoting STRICKLAND V.WASHINGTON 466 U.S.668,at 685
(1984).Thus ,the right to counsel is the right to a effective
assistance of counsel.STRICKLAND V.WASHINGTON SUPRA AT 686:KIMMELMAN
V.MORRISON SUPRA 377:EVITTS V.LUCEY 469,U.S.387 at 401 (1985):And
the State bears the risk of defective assistance of counsel,MURRAY
V.CARRIER 106,S.CT.2639 at 2646,477 U.S.478 ,at 488 (1986):ACCORD
KIMMELMAN SUPRA at 379.

In 1996,the Massachusetts Appeal Court reversed and
set aside a conviction for possession of cocaine with intent to
distribute.COMMONWEALTH V.CORMIER 41 Mass,App.ct.76,77-78,668 N.E.
1329,(1996).The court concluded that appellate counsel's failure
to raise the issue of sufficiency of the evidence which was in fact
insufficient to sustain a conviction constitutes ineffective
assistance of counsel.Id.

Mr.Tavares petitioner contends that the issues already
raised regarding his trial counsel's ineffective assistance of
counsel indicate that appellate counsel's failed to not raise
them rises to the level of serious incompetency,falling measurably
below that which might be expected from an ordinary fallible
lawyer and deprived Mr.Tavares of a defense and fair trial.See
COMMONWEALTH V.SAFERIAN SUPRA . The appellate attorney failure
also ineffective assistance of counsel on direct appeal,SEE
BREESE V.COMMONWEALTH 415 Mass.249,252,612,N.E.2d 1170 (1993):
Appointed trial counsel and appellate counsel were grossly
ineffective assistance counsel in violation of the Sixth and
Fourteenth Amendment of the United States Constitution,"KIMMELMAN
V.MORRISON  477 U.S.363 at 377,(1986):Quoting STRICKLAND V.
WASHINGTON 466,U.S.668 AT 685 (1984):Thus ,the right to counsel
is the right to effective assistance of counsel.STRICKLAND V.
WASHINGTON SUPRA at 686;KIMMELMAN V.MORRISON SUPRA 377:EVITTS V.
LUCEY 469 U.S.387 at 401 (1985):And the state bear the risk of
defect assistance of counsel,MURRAY V.CARRIER 106,S.CT.2639 at
2646,477 u.s.478 ,at 488 (1986):ACCORD KIMMELMAN SUPRA at 379.Thus
Mr.Tavares petitioner is entitled to reversal of his conviction
and he should be release under this Writ of Habeas Corpus should
be granted,and freedom from state custody,so he is release from
unlawful confinement of restraint.,Based  on the violation
of Article XII of the Massachusetts Declaration of rights,and by
the Sixth and Fourteenth Amendment of the United States Constitution.

( 44)

C   **MR.TAVARES PETITIONER IS ENTITLED**
**TO HIS WRIT OF HABEAS CORPUS 28 .**
**U.S.C.A. [2254, BECAUSE THE INEFFECT-**
**ASSISTANCE OF HIS TRIAL COUNSEL AND**
**APPELLATE COUNSEL RESULTED IN A**
**SUBSTANTIAL MISCARRIAGE OF JUSTICE**

      The petitioner Mr.Tavares should be granted has Writ

Habeas Corpus unlawful confinement or restraint,28 U.S.C.A.[2254

wherefore the denial of his motion for new trial should be reversed,

because Mr.Tavares was denied effective assistance of counsel which

he is guaranteed by the Sixth and Fourteenth Amendment of the United

States Constitution and Article XII of the Massachusetts Declaration

of rights,and the denial caused a substantial risk of a miscarriage

of justice. Based on the errors raised, serious doubt exists as to

whether Mr.Tavares petitioner' guilt was fairly adjudicated,there-

fore the denial of the motion for new trial should be reversed.

See COMMONWEALTH V.AMIRAULT 414 Mass.at 646-647,677 N.E.2d at

671. STRICKLAND V.WASHINGTON SUPRA at 686:KIMMELMAN V.MORRISON SUPRA.

377.... As a result of these claims,it has been clearly demonstrated

that the petitioner's trial and appellate counsel's conduct

fell below the ordinary standard of a reasonable trial counsel,

that the petitioner suffered prejudice,and that better work might

have resulted in something material for the defense.Mr.Tavares was

denied his rights under the Sixth and Fourteenth Amendment of the

United States Constitution as well as Article XII of the Massachusetts

Declaration of Rights.

(45)

Upon ruling on the motion for a new trial ,Sheehan J.
simply denied the motion .He failed to make any particular finding
as to whether or not there were sufficient reasons enunciated in
the motion for a new trial.See Commonwelaht V.Gogan 389 Mass.255
259-260,449 N.E.2d,365,369 (1983):Lena C.Commonwealth Supra Judge
Sheehan failed to make any finding on any of these issues.The
general denial precluded Mr.Tavares from understanding or challenging
the specifics of the denial.

Unfortunally,since no finding were ever made,the reasons
for this decision cannot be factually challenged.As a result Mr.
Tavares petitioner has been denied his Constitutional rights "of
every citizen to be tried and heard on all motion's by judges as
free,impartial and independent as the lot of humanity will admit.
Massachusetts Declaration of right Article XXIX.In addition he has
been denied his rights to a fair trial and due process as secured
by the Sixth and Fourteenth Amendment of the United States Constit-
ition and Article XII and XXIX of the Massachusetts Declaration of
Rights.

*****CONCLUSIONS*****

Based on the foregoing arguments and authorities,and
the record in this court,this honorable court is respectfully urged
to grant the petitioner 28 U.S.C.2254  and release him from unlawful
confinement/or/restraint,further petitioner unlawful natural life
sentence under #13504 indictment should be vacated ,and the petitioner
should be set free,under 28 U.S.C.2254 and 2255.

The petitioner specifically presented the ineffective
assistance of counsel under the Sixth and Fourteenth Amendment of

(46)

of the United States Constitution by binding this court and all
Federal Courts to the correct Federal Test."Though may differ as
to the precise content of the Sixth and Fourteenth Amendment guaranty
of effective assistance of Counsel in criminal cases.There is only
one Constitution guaranty not fifty,"Cepulonis V.Ponte 699 F.2d,
at 575 (1st cir 1983)".The Content of that guaranty is a Federal
Jurisdiction Id",and addressed on the merits,and Magistrate Judge
Hillman recommendation is inconsistent conclusion,should be reviewed
de novo,because there was not adjudication on the merits of Federal
Claims.


        All the above said is true and further signed under
the pains and penalties of perjury on this /3 day of March 2007


                    RESPECTFULLY SUBMITTED
            PRO-SE
                    MR.EDWARD TAVARES JR
                    N.C.C.I.GARDNER
                    P.O.BOX 466
                    500 COLONY RD.
                    GARDNER MASS.01440

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WORCESTER DIVISION                    U.S.C.A.NO.2004-40025-TSH


_____

EDWARD TAVARES JR
(PETITIONER)

        V.

STEVEN O'BRIEN
(RESPONDENT)

_____


### CERTIFICATE OF SERVICE

        I Edward Tavares Jr.certify that I have served upon
the clerk of the United States District Court ,for Worcester
DIvision to,Lisa Roland at 595 Main Street,Worcester Mass.01608
sent by first class mail postage prepaid by the petitioner,"
Petitioner Objection to Magistrate Judge Hillman Report and
Recommendation,to Petitioner for Writ of Habeas Corpus 28 U.S.C.
2254,has been sent by first class mail postage prepaid by the
petitioner on this ___ day of March 2007:Signed under the pains
and penalties of perjury;


                    RESPECTFULLY SUBMITTED
                Pro-se

                    MR.EDWARD TAVARES JR
                    N.C.C.I GARDNER
                    P.O.BOX 466
                    500 COLONY RD.
                    GARDNER MASS.01440