## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

)
)
EDWARD TAVARES, JR.,                    )
      Petitioner,                )
vs.                                     )          **CIVIL ACTION**
                    )          **NO. 04-40059-FDS**
STEVEN O'BRIEN,                         )
      Respondent                 )
)
                           )

## REPORT AND RECOMMENDATION
## March 7, 2007

**HILLMAN, M.J.**

### Nature Of The Proceeding

This matter was referred to Chief Magistrate Judge Swartwood by Order of Reference

dated February 5, 2005, for findings and recommendations pursuant to 28 U.S.C. § 2254 on the

merits of Edward Tavares, Jr.'s Petition for Writ of Habeas Corpus, as amended (Docket No. 10)

and reassigned to me on February 16, 2006 (*see* Docket No. 25).

### Nature Of The Case

Petitioner has filed a Petition for Writ of Habeas Corpus (Docket No. 10)(Petition)[1] by a

person in state custody in accordance with 28 U.S.C. §2254. Petitioner seeks habeas relief on the

grounds that his federal constitutional rights were violated as the result of:

---

[1]Petitioner's original filing (Docket No. 1)(Original Petition) did not meet the requirements of the Rules
Governing Habeas Corpus Cases Under Section 2254 and he was ordered to re-file his pleading in the proper form.

a physician's testimony that sperm was found in the victim's vagina, c) counsel's failure to seek

additional forensic testing of the victim's clothing and the vaginal sample obtained from her, and

d) counsel's failure to seek sanctions against the Commonwealth for losing evidence (the rape

kit); (2) he received ineffective assistance from appellate counsel as the result of appellate

counsel's failure to raise the issue of his trial counsel's performance in his direct appeal; and (3)

his due process right to a fair trial was violated because the trial judge, who had previously

represented Petitioner in a sexual assault case, should have recused himself. *See generally*,

*Tavares*, slip op.

    4.      The MAC affirmed the denial of Petitioner's motion for new trial. In doing so,

the MAC ruled that Petitioner had not received ineffective assistance of counsel at trial. As to

Petitioner's claim that his counsel failed to call alibi witnesses as promised in his opening

statement, the MAC found that such failure was due to circumstances beyond counsel's control

and anticipation and, in any event, given the trial judge's instructions to the jury to consider the

testimony which was elicited at trial and ignore any witnesses who were not present, there was no

prejudice to the Petitioner. *Id.*, at 2-3. The MAC further found that the physician's testimony

that sperm was found in the victim's vagina was cumulative of testimony already in the record

and therefore, counsel did not err by failing to object to such evidence. Additionally, the MAC

found that counsel was not ineffective for failing to object to such evidence because he was able

to neutralize the physician's testimony and that there was other evidence in the record which

established the victim had been raped. *Id.*, at 3-4. With respect to counsel's failure to conduct

additional forensic testing, the MAC concluded that such failure was a tactical decision which

was not unreasonable since, given the other evidence against the Petitioner as well as the

3

8.     Mr. Tavares then filed an Application For Leave To Obtain Further Appellate

Review with the Massachusetts Supreme Judicial Court ("SJC"), which was denied. *See Exs. To*

*Orig. Pet.*, at p. T.E. 67.

## Discussion

### Standard of Review

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No., 104-132,

110 Stat. 1214 (1996) sets forth the standard of review to be applied by a federal court

considering a state prisoner's petition for habeas corpus relief. Under the AEDPA, a federal

court will grant such relief only if the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of
> clearly established Federal law, as determined by the Supreme Court of the United States;
> or (2) resulted in a decision that was based on an unreasonable determination of the facts
> in light of the evidence presented in the state court proceeding.

28 U.S.C. §2254(d).

"'Under the "contrary to" clause, a federal habeas court may grant the writ if the state

court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of

law or if the state court decides a case differently than [the Supreme] Court has on a set of

materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas

court may grant the writ if the state court identifies the correct governing legal principles from

[the Supreme] Court's decisions but unreasonably applies that principle to the facts of the

prisoner's case.'" *Dolinger v. Hall*, 302 F.3d 5, 9 (1st Cir. 2002)(quoting *Williams v. Taylor*, 529

U.S. 362, 412-13, 120 S.Ct. 1495, 1523 (2000))(alterations in original). The latter determination

"must be decided primarily on the basis of Supreme Court holdings that were clearly established

failure to seek independent examination and forensic testing, and (4) counsel's failure to object to the admission of lost evidence and testimony concerning such evidence.

### Counsel's Failure To Call Alibi Witnesses

Mr. Tavares argued to the MAC that he received ineffective assistance of counsel as the result of his trial lawyer failing to call alibi witnesses after having told the jury in his opening statement that he would produce one or more witnesses who would testify to Mr. Tavares's whereabouts at the time of the assault. Initially, I will address Petitioner's contention that the MAC failed to address the federal nature of his claim and, therefore, that this Court should review this claim *de novo*.

### Whether This Court Should Conduct A De Novo Review Of This Claim

Where a petitioner has asserted a claim in his habeas petition which he raised as a federal constitutional claim before the state court, but which was resolved by the court on state law grounds (without addressing the federal constitutional issue), this Court will review such claim *de novo. See Fortini v. Murphy*, 257 F.3d 39 (1st Cir. 2001)(where state court never addresses federal question, deferential standards required by AEDPA do not apply and federal court will address issue *de novo*). However, where the state court in making its determination cites to a state law case which itself cites to the federal constitution and Supreme Court precedent, then the state court has addressed the federal claim on the merits. *Cf. Teti v. Dennehy*, Civ. Act. No. 05-10234-RWZ, 2006 WL 2161882 (D.Mass. Aug. 1, 2006). For the reasons set forth below, I find that the MAC addressed the federal nature of this claim and therefore, that the AEDPA's deferential standard of review applies.

7

*Tavares,* slip op. at 2 (quoting the Trial Transcript, Vol. 2 at pp.54-55).[4]

In making its ruling, the MAC found that the failure of Petitioner's counsel to call any

alibi witnesses was not due to inadequate preparation, incompetency of counsel or inattention.

Rather, the MAC found that: counsel informed the trial judge at the start of the trial that he was

unable to locate Petitioner's girlfriend (who Petitioner claimed he was with at the time of the

alleged assault); and prior to presenting Petitioner's defense, Petitioner's counsel told the trial

judge that none of the alibi witnesses was willing to testify and that one witness would invoke his

Fifth Amendment Right not to testify. Under these circumstances, the MAC found that counsel's

failure to call any alibi witnesses at trial was "forced upon him by events over which he had no

control and could not anticipate" and did not constitute ineffective assistance. *Tavares,* slip op.,

at 2-3. In other words, the MAC found that Petitioner failed to satisfy the first prong of

*Strickland.* As to the second prong of *Strickland,* the MAC further found that the trial judge's

admonition to the jury to " 'forget who didn't come in and consider those that did'", mooted any

prejudice to the Petitioner. *Id.*, at 3.

The Supreme Court has never specifically addressed the circumstances under which

counsel's failure to fulfill a promise made in an opening statement to call alibi witnesses violates

the *Strickland* standard. Circuit courts that have addressed this issue have reached different

results. *See Williams v. Bowersox,* 340 F.3d 667, 671-672 (8th Cir. 2003) and cases cited therein.

---

[4]Given the vagueness of counsel's comments as to Petitioner's whereabouts (*i.e.*, the fact that he did not
provide any specifics concerning an alibi) and the fact that Petitioner admits that he was with the victim for a portion
of the evening, one could argue that counsel's opening statement did not expressly promise that the Petitioner would
call witnesses whose testimony would establish that he could not have committed the crime. Nevertheless, for
purposes of this discussion, I will assume that counsel in his opening statement promised that the Petitioner would
produce alibi witnesses and then failed to do so.

on the whole and determine whether counsel's error was prejudicial, *i.e.*, likely affected the outcome of the trial. *Id.*, at 32-33. The First Circuit agreed with the district court that the state court's determination to the contrary was objectively unreasonable. *Id.*, at 34.

In *Anderson v. Butler*, 858 F.2d 16 (1st Cir. 1988), the First Circuit, applying the *Strickland* standard *de novo*[5] held that a state court prisoner was entitled to habeas corpus relief where his counsel, after telling the jury in his opening statement that they would testify, failed to call two expert witnesses, a psychologist and a psychiatrist, who would have opined as to petitioner's mental state at the time of the offenses. The court pointed out that counsel's error was magnified by the following factors: although he failed to call the expert witnesses, counsel continued to assert his client's mental condition as his principle defense; it was only a two day trial and so the promise was broken soon after it was made; during voir dire, the jurors had been asked about their thoughts on psychiatric testimony; and in his closing argument, counsel further highlighted the issue by stating his reasons for not having called the promised experts to testify. The Court emphasized that it was not required to give any deference to the state court's findings.

The First Circuit has emphasized that "cases that premise a habeas writ on an unfulfilled promise during opening argument generally require [a degree of] specificity in the promise and [a degree of] contemporaneousness between the promise and jury deliberations."
*Phoenix v. Matesanz*, 233 F.3d 77, 84 (1st Cir. 2000). In this case, Petitioner's counsel in his opening alluded to the fact that the defense would call witness who would testify as to where Petitioner was at certain times and what he did. Counsel did not specify the names of individuals

---

[5]This case pre-dated the enactment of the AEDPA and therefore, the federal court's review was *de novo* rather then the deferential standard required by the AEDPA.

11

occurred. The MAC found that counsel had not erred by failing to object to Dr. Barbieri's

testimony because the evidence that sperm was present in the victim's vagina had come in as part

of the victim's hospital record (as permitted by state law[6]) and therefore, the testimony "was

simply cumulative of otherwise admissible evidence". *Tavares*, slip op., at 3-4. The MAC also

found that there was other evidence that a rape had occurred (the victim's testimony) and that his

lawyer had effectively neutralized Dr. Barbieri's testimony by getting him to admit that the sperm

could have been present in the victim for up to a week. *Id.*

The Supreme Court has held that a defendant's Sixth Amendment right to confront the

witnesses against him prohibits the prosecution from using "testimonial hearsay" evidence at

trial, however, "[h]earsay evidence that is nontestimonial is not subject to the Confrontation

Clause". *United States v. Ellis*, 460 F.3d 920, 923 (7th Cir. 2006)(citing *Davis v. Washington*, ---

U.S. — , 126 S.Ct. 2266 (2006)). Hospital records such as those introduced at Petitioner's trial

are nontestimonial and therefore, if they otherwise comply with the rules of evidence, may be

admitted at trial. *Id.*, at 923-26. Therefore, the MAC's finding that Petitioner's counsel was not

ineffective for failing to object to Dr. Barbieri's testimony concerning the presence of sperm in

the victim's vagina because that evidence had already been properly admitted and, second, that in

any event, there was no prejudice (since the evidence was cumulative), was not an unreasonable

application of *Strickland*.

---

[6]The Massachusetts Supreme Judicial Court has held that under Mass.Gen.L. c. 233, § 79, a victim's hospital records, which indicate that sperm was present in her vagina, are admissible at a criminal rape trial. *Commonwealth v Franks,* 359 Mass. 577, 270 N.E. 2d 837 (1971).

13

It is presumed that counsel's performance falls within a reasonable range of professional judgment. *See Knight v. Spencer,* 447 F.3d 6, 15 (1st Cir. 2006)(citing *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052). In this case, counsel chose to attack the veracity of the Commonwealth's tests, which were not conclusive, rather than to conduct independent tests. The MAC found that counsel's failure to conduct further testing was a tactical decision which was not manifestly unreasonable and therefore, did not constitute ineffective assistance of counsel. Under the circumstances, the SJC's conclusion that Petitioner's counsel made a reasonable tactical decision is not an unreasonable application of *Strickland.* The MAC also determined that given the state of the victim's clothing and the fact that her underpants were missing, any further testing was unlikely to aid the jury in excluding Petitioner as the rapist. The MAC's finding that Petitioner was not prejudiced was not an unreasonable application of the second prong of *Strickland.*

<u>Counsel's Failure To Seek Sanctions For Loss Of The Rape Kit</u>

Petitioner argues that his counsel was ineffective because: (1) he failed to file a motion seeking sanctions against the Commonwealth as a result of the rape kit having been lost; and (2) failed to object to testimony concerning the presence of sperm, testing and the sperm certificate. The MAC denied Petitioner's claim. The MAC firsts addressed counsel's performance and noted that although counsel had not sought dismissal of the case because of the loss of the rape kit, he did seek to exclude evidence pertaining to the rape kit, including the report of the State Laboratory findings, and those findings were in fact excluded. *Tavares,* slip op., at 6. The MAC also found that dismissal of the indictment would not have been warranted because Petitioner failed to show that loss of the rape kit was due to egregious misconduct on the part of the Commonwealth. As to counsel's failure to object to Dr. Barbieri's testimony concerning the

15

Since I have already determined that Petitioner's claims of ineffective assistance of trial

counsel are without merit, appellate counsel's failure to raise them on direct appeal was neither

unreasonable or prejudicial. Therefore, this claim should be denied.

## Whether Mr. Tavares Is Entitled To Habeas Relief With Respect To Ground Three of His Petition: Trial Judge's Failure To Recuse

Petitioner asserts that the trial judge erred in denying his motion for new trial on the

grounds that the trial judge should have recused himself because when he was a practicing

attorney, he had represented Petitioner in a prior case which resulted in Petitioner being

convicted of sexual assault.[7] The representation took place fifteen years prior to Petitioner's trial

and Petitioner was a juvenile at the time (although the case was transferred to adult court).

Petitioner argues that his right to a fair trial was violated as a result of the trial judge's failing to

recuse himself because during the trial, there were many instances when the trial judge exercised

his discretion contrary to the Petitioner's interests and he may have done so because of his

knowledge of the prior case against Petitioner. Although Petitioner refers to numerous rulings

made against him by the trial judge, the only specific example which he addresses in his

memorandum in support of his Petition is the trial judge's discretion decision to impose a life

sentence on the rape charge. Petitioner also asserts that the trial judge's denial of his motion for

---

[7]In his submissions to this Court, including his Petition, Petitioner at times makes reference to two prior cases involving the trial judge. It is unclear whether he is alleging the trial judge represented him in two prior case involving a sexual assault and assault with intent to rape, one prior case involving two charges (sexual assault and assault with intent to rape) or one prior case of sexual assault while being aware of a second case (in which Petitioner assaulted the daughter of the trial judge's legal secretary). However, both the motion for new trial filed in the state court and the Petitioner's brief to the MAC on appeal alleged only that the trial judge had represented Petitioner in one case in which he was convicted of a sexual assault. Because Petitioner's submissions are unclear on this matter, I will assume he is asserting the same factual and legal claims presented to the state court, *i.e.,* that the trial judge represented him in one prior case in which he was convicted of sexual assault.

17

## Whether Petitioner Has Procedurally Defaulted This Claim

" 'In all cases in which a state prisoner has defaulted his federal claims in state court

pursuant to an independent and adequate state procedural rule, federal habeas review of the

claims is barred' ... The default may be excused, and the bar to federal habeas review removed,

only in certain circumstances: where 'the prisoner can demonstrate cause for the default and

actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to

consider the claims will result in a fundamental miscarriage of justice' ". *Obershaw v. Lanman*,

453 F.3d 56, 67-68 (1st Cir. 2006)(quoting *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct.

2546 (1991)). Furthermore, the MAC's finding that Petitioner waived this claim constitutes an

independent and adequate state ground only if Massachusetts courts consistently and regularly

apply the waiver rule in such circumstances. *See Gunter v. Maloney*, 291 F.3d 74, 79 (D.Mass.

2002).

I agree with Respondent that the MAC found that Petitioner had procedurally defaulted

this claim by not raising it in his direct appeal. Furthermore, the SJC regularly enforces the rule

that a claim which is not raised at the first opportunity is waived and, generally will be reviewed

only to determine whether the alleged error creates a substantial risk of a miscarriage of justice.

*See Commonwealth v. Randolph*, 438 Mass. 290, 780 N.E.2d 58 (2002). At the same time, the

MAC addressed the merits of Petitioner's claim under the more lenient standard of review

normally applicable to such claims rather than the substantial miscarriage of justice standard.

Where the state court addresses the merits of the defendant's federal constitutional claim, its

decision arguably does not rest on independent and adequate state grounds; under such

circumstances, the state court may be deemed to have excused the waiver and federal habeas

19

fundamental miscarriage of justice of justice would occur in the habeas context, 'petitioner must establish actual innocence' ... To do this, 'petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt'". *Id.* (internal citation and citation to quoted cases omitted).   For the following reasons, I find that Petitioner has failed to make such a showing.

Petitioner repeatedly asserts in his Petition and other submissions to the Court that the trial judge's failure to recuse himself and/or to make detailed findings when denying his motion for new trial on this issue constituted a "substantial miscarriage of justice".  However, there is nothing in the Petitioner's submissions to suggest that his use of the phrase "substantial miscarriage of justice" equates to the "fundamental miscarriage of justice standard" which applies in federal habeas proceedings.  On the contrary, from the context in which he uses the phrase, it is clear that he is referring to the Massachusetts state law "miscarriage of justice" determination rather than the federal habeas "fundamental miscarriage of justice" standard.  I so find because nowhere in his submissions does Petitioner argue or otherwise attempt to establish that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt.  Furthermore, after reviewing the record before me, while I can agree the case against the Petitioner was not airtight, it is unlikely that Petitioner could make this showing.

Because Petitioner has failed to establish actual innocence, failure to address this claim would not result in a fundamental miscarriage of justice.  Therefore, for the reasons set forth above, I find that there is an independent and adequate state ground for denying this claim, and that it should be dismissed.

21

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 06-11717-MLW

JOHN ROONEY,

     Plaintiff.

v.

TOWN OF GROTON AND THE GROTON
BOARD OF SELECTMEN,

     Defendants.

ANSWER OF THE DEFENDANTS,
TOWN OF GROTON AND THE
GROTON BOARD OF SELECTMEN

Now come the Defendants, Town of Groton and the Groton Board of Selectmen,

(hereinafter "the Defendants"), and hereby responds to the correspondingly numbered

paragraphs in the Complaint as follows:

## Introduction

In response to the Plaintiff's introductory paragraph, the Defendants categorically deny

the allegations as set forth.

## Jurisdiction and Venue

This paragraph of the Complaint contains only a conclusion of law to which no response

is required. To the extent any factual allegations are made, they are admitted.

## Parties

1. The Defendants are without sufficient knowledge to either admit or deny the allegations
   contained in Paragraph one (1) of the Complaint and therefore deny the same.

2. Paragraph two (2) of the Complaint contains only a conclusion of law to which no
   response is required. To the extent any factual allegations are made, they are denied.

3.    Paragraph three (3) of the Complaint contains only a conclusion of law to which no

response is required.  To the extent any factual allegations are made, they are admitted.

4.    Paragraph four (4) of the Complaint contains only conclusions of law to which no

response is required.  To the extent any factual allegations are made, they are admitted.

## Exhaustion of Administrative Remedies

5.    The Defendants are without sufficient knowledge to either admit or deny the

allegations contained in Paragraph five (5) of the Complaint and therefore deny the

same.

6.    Paragraph six (6) of the Complaint contains only a conclusion of law to which no

response is required.  To the extent any factual allegations are made, they are denied.

## Factual Allegations

7.    Admitted.

8.    Paragraph eight (8) of the Complaint contains only a conclusion of law to which no

response is required.  To the extent any factual allegations are made, they are

admitted.

9.    Paragraph nine (9) of the Complaint contains only a conclusion of law to which no

response is required.  To the extent any factual allegations are made, they are denied.

10.    Admitted.

11.    Admitted.

12.    The Defendants are without sufficient information to either admit or deny the

allegations contained in Paragraph twelve (12) of the Complaint and therefore deny

the same.

13.    The Defendants are without sufficient information to either admit or deny the
       allegations contained in Paragraph thirteen (13) of the Complaint and therefore deny
       the same.

14.    The Defendants are without sufficient information to either admit or deny the
       allegations contained in Paragraph fourteen (14) of the Complaint and therefore deny
       the same.

15.    Admitted. Further answering, the Plaintiff is involved in the administrative
       processing of the search warrants.

16.    Admitted.

17.    Admitted.

18.    Admitted. Further answering, the Defendants state that the Plaintiff has stopped six
       (6) vehicles since his promotion to Lieutenant in September 2002.

19.    Denied.

20.    Denied.

21.    Denied.

22.    Admitted.

23.    Denied.

24.    Denied.

25.    Denied.

26.    The Defendants are without sufficient information to either admit or deny the
       allegations contained in Paragraph twenty-six (26) of the Complaint and therefore
       deny the same.

3

27. The Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph twenty-seven (27) of the Complaint and therefore deny the same.

28. The Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph twenty-eight (28) of the Complaint and therefore deny the same.

29. The Defendants state that the Code of the Town of Groton speaks for itself and that no further response to the allegations set forth in Paragraph twenty-nine (29) is required.

30. The Defendants state that the Code of the Town of Groton speaks for itself and that no further response to the allegations set forth in Paragraph thirty (30) is required.

31. Paragraph thirty-one (31) of the Complaint contains only a conclusion of law to which no response is required.

32. Paragraph thirty-two (32) of the Complaint contains only a conclusion of law to which no response is required.

33. Paragraph thirty-three (33) of the Complaint contains only a conclusion of law to which no response is required.

34. Paragraph thirty-four (34) of the Complaint contains only a conclusion of law to which no response is required. To the extent any factual allegations are made, they are denied.

35. Paragraph thirty-five (35) of the Complaint contains only a conclusion of law to which no response is required. To the extent any factual allegations are made, they are denied.

4

36.    Paragraph thirty-six (36) of the Complaint contains only a conclusion of law to which
        no response is required. To the extent any factual allegations are made, they are
        denied.

37.    Paragraph thirty-seven (37) of the Complaint contains only a conclusion of law to
        which no response is required. To the extent any factual allegations are made, they
        are denied.

38.    Paragraph thirty-eight (38) of the Complaint contains only a conclusion of law to
        which no response is required. To the extent any factual allegations are made, they
        are denied.

39.    Admitted.

40.    Admitted.

41.    Denied.

42.    Admitted.

43.    Admitted.

44.    Admitted.

45.    Admitted.

46.    Admitted.

47.    The Defendants state that the collective bargaining agreement speaks for itself and
        that no further response to the allegations set forth in Paragraph forty-seven (47) is
        required.

48.    Admitted.

49.    Admitted. Further answering, the Plaintiff accepted the promotion with notice that
        the position worked a 5x2 schedule and never requested that he work a 4x2 schedule.

50.    The Defendants agree that the Plaintiff has worked 17 extra days a year but denies
       that the Plaintiff has not received additional compensation.

51.    Paragraph fifty-one (51) of the Complaint contains only a conclusion of law to which
       no response is required.

52.    The Defendants state that the regulations speak for themselves and that no further
       response to the allegations set forth in Paragraph fifty-two (52) is required.

53.    The Defendants state that the Code of the Town of Groton speaks for itself and that
       no further response to the allegations set forth in Paragraph fifty-three (53) is
       required.

54.    Paragraph fifty-four (54) of the Complaint contains only a conclusion of law to which
       no response is required. To the extent any factual allegations are made, they are
       denied.

55.    The Defendants are without sufficient information to either admit or deny the
       allegations contained in Paragraph fifty-five (55) of the Complaint and therefore deny
       the same.

56.    The Defendants are without sufficient information to either admit or deny the
       allegations contained in Paragraph fifty-six (56) of the Complaint and therefore deny
       the same.

57.    The Defendants are without sufficient information to either admit or deny the
       allegations contained in Paragraph fifty-seven (57) of the Complaint and therefore
       deny the same.

58.    Denied.

6

59.  Paragraph fifty-nine (59) of the Complaint contains only a conclusion of law to which no response is required. To the extent any factual allegations are made, they are denied.

60.  Denied.

61.  Denied.

62.  Admitted.

63.  Paragraph sixty-three (63) of the Complaint contains only a conclusion of law to which no response is required. To the extent any factual allegations are made, they are denied.

64.  The Defendants state that G.L. c. 147, § 17B and G.L .c. 41, § 97 speak for themselves and that no further response to the allegations set forth in Paragraph sixty-four (64) is required. By way of further answer, the Town admits that it adopted G.L. c. 41, § 97 in 1938. To the extent any additional factual allegations are made, they are denied.

65.  Paragraph sixty-five (65) of the Complaint contains only a conclusion of law to which no response is required. To the extent any factual allegations are made, they are denied.

66.  Paragraph sixty-six (66) of the Complaint contains only a conclusion of law to which no response is required.

67.  The Defendants state that the collective bargaining agreement speaks for itself and that no further response to the allegations set forth in Paragraph sixty-seven (67) is required.

68.    Admitted.  By way of further answer, police officers who are assigned to an
       administrative position work a five days a week schedule.

69.    Denied.

70.    Admitted.

71.    Denied.

### COUNT ONE – FEDERAL LAW VIOLATION

72.    The Defendants restate and incorporates by reference their responses to Paragraphs 1-
       71.

73.    Paragraph seventy-three (73) of the Complaint contains only a conclusion of law to
       which no response is required.  To the extent any factual allegations are made, they
       are denied.

74.    Paragraph seventy-four (74) of the Complaint contains only a conclusion of law to
       which no response is required.  To the extent any factual allegations are made, they
       are denied.

### COUNT TWO – FEDERAL LAW VIOLATION

75.    The Defendants restate and incorporates by reference their responses to Paragraphs 1-
       74.

76.    Paragraph seventy-six (76) of the Complaint contains only a conclusion of law to
       which no response is required.  To the extent any factual allegations are made, they
       are denied.

77.    Paragraph seventy-seven (77) of the Complaint contains only a conclusion of law to
       which no response is required.  To the extent any factual allegations are made, they
       are denied.

8

## COUNT THREE – STATE LAW VIOLATION

78.    The Defendants restate and incorporates by reference their responses to Paragraphs 1-77.

79.    Paragraph seventy-nine (79) of the Complaint contains only a conclusion of law to which no response is required.  To the extent any factual allegations are made, they are denied.

80.    Paragraph eighty (80) of the Complaint contains only a conclusion of law to which no response is required.  To the extent any factual allegations are made, they are denied.

## COUNT FOUR – STATE LAW VIOLATION

81.    The Defendants restate and incorporates by reference their responses to Paragraphs 1-80.

82.    Paragraph eighty-two (82) of the Complaint contains only a conclusion of law to which no response is required.  To the extent any factual allegations are made, they are denied.

83.    Paragraph eighty-three (83) of the Complaint contains only a conclusion of law to which no response is required.  To the extent any factual allegations are made, they are denied.

## COUNT FIVE – STATE LAW VIOLATION

84.    The Defendants restate and incorporates by reference their responses to Paragraphs 1-83.

85.  Paragraph eighty-five (85) of the Complaint contains only a conclusion of law to
     which no response is required.  To the extent any factual allegations are made, they
     are denied.

86.  Paragraph eighty-six (86) of the Complaint contains only a conclusion of law to
     which no response is required.  To the extent any factual allegations are made, they
     are denied.

**COUNT SIX – STATE LAW VIOLATION**

87.  The Defendants restate and incorporates by reference their responses to Paragraphs 1-
     86.

88.  Paragraph eighty-eight (88) of the Complaint contains only a conclusion of law to
     which no response is required.  To the extent any factual allegations are made, they
     are denied.

89.  Paragraph eighty-nine (89) of the Complaint contains only a conclusion of law to
     which no response is required.  To the extent any factual allegations are made, they
     are denied.

**COUNT SEVEN – STATE LAW VIOLATION**

90.  The Defendants restate and incorporates by reference their responses to Paragraphs 1-
     89.

91.  Paragraph ninety-one (91) of the Complaint contains only a conclusion of law to
     which no response is required.  To the extent any factual allegations are made, they
     are denied.

92.    Paragraph ninety-two (92) of the Complaint contains only a conclusion of law to
       which no response is required. To the extent any factual allegations are made, they
       are denied.

## COUNT EIGHT – STATE LAW VIOLATION

93.    The Defendants restate and incorporates by reference their responses to Paragraphs 1-
       92.

94.    Paragraph ninety-four (94) of the Complaint contains only a conclusion of law to
       which no response is required. To the extent any factual allegations are made, they
       are denied.

95.    Paragraph ninety-five (95) of the Complaint contains only a conclusion of law to
       which no response is required. To the extent any factual allegations are made, they
       are denied.

## COUNT NINE – VIOLATION OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

96.    The Defendants restate and incorporates by reference their responses to Paragraphs 1-
       95.

97.    Paragraph ninety-seven (97) of the Complaint contains only a conclusion of law to
       which no response is required. To the extent any factual allegations are made, they
       are denied.

98.    Paragraph ninety-eight (98) of the Complaint contains only a conclusion of law to
       which no response is required. To the extent any factual allegations are made, they
       are denied.

11

## DEFENSES

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted against the defendant.

## SECOND DEFENSE

The Complaint is barred by the applicable statute of limitations.

## THIRD DEFENSE

The Complaint should be dismissed for improper service of process.

## FOURTH DEFENSE

The Defendants state that all or substantially all of the claims made by the Plaintiff against the Defendants are wholly insubstantial, frivolous and not advanced in good faith and, as a result, the Defendants are entitled to reasonable counsel fees, as well as other costs and expenses, incurred in defending against such claims pursuant to G.L. c.231, §6F.

## FIFTH DEFENSE

The Plaintiff failed to exhaust his administrative remedies.

## SIXTH DEFENSE

The Complaint should be dismissed for insufficiency of process.

## SEVENTH DEFENSE

Plaintiff is not entitled to recover attorney's fees or legal expenses.

12

## EIGHTH DEFENSE

The Defendants state that at all times it acted in good faith and within the scope of its

authority and that any actions taken by the Defendant were justified.

## BENCH TRIAL CLAIM

The Defendants demand trial before a judge sitting without a jury.

                              DEFENDANT,
                              TOWN OF GROTON AND THE GROTON
                              BOARD OF SELECTMEN,
                              By its attorney,

                              s/ Darren R. Klein
                              Darren R. Klein (BBO# 567354)
                              Brian M. Maser (BBO# 655667)
                              Kopelman and Paige, P.C.
                               Town Counsel
                              101 Arch Street
                              12th Floor
                              Boston, MA 02110-1109
                              (617) 556-0007

Date:   October 2, 2006
294310/GROT/0070